IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2006 JUN 21 P 3: 14

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06cv555-VPM |
| ) | |
| RONSHABUS GRIFFIN; SOUL INN, INC.; ) | |
| and HPC ENTERTAINMENT GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff Colony Insurance Company (hereinafter "Colony"), by and through the undersigned counsel, and pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, presents this Complaint for Declaratory Relief, and in support thereof, would show unto this Court as follows:

### PARTIES

1. Plaintiff Colony is a company organized in the State of Virginia, with its principal place of business in Virginia.

2. Defendant Soul Inn, Inc., is a corporation organized under the laws of the State of Alabama and whose primary place of business is Macon County, Alabama. (Exhibit 1). Based on Colony's best information and belief, Soul Inn, Inc., is a defendant in a state court case styled *Griffin v. Soul Inn, Inc.*, Macon County (Ala.) Circuit Court no. CV-06-77 (hereinafter "underlying lawsuit").

3. Defendant HPC Entertainment Group, Inc., is a corporation organized under the laws of the State of Alabama and whose primary place of business is Macon County, Alabama. (Exhibit 2). Based on Colony's best information and belief, HPC Entertainment Group, Inc. purchased an insurance policy from Colony as "HPC Entertainment, Inc. d/b/a Soul Inn Social Club," Colony policy no. MP3418338 on October 13, 2005. A copy of Colony policy no. MP3418338's declarations page and policy are attached hereto as Exhibit 3.

4. Defendant Ronshabus Griffin is a resident of the State of Alabama, and is the plaintiff in the underlying lawsuit. (Exhibit 4).

## JURISDICTION

5. Jurisdiction is predicated upon 28 U.S.C. §2201 and 28 U.S.C. §1332.

6. In all cases arising under the federal Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists. *Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Colony seeks to have this Court interpret the insurance policy attached hereto as Exhibit 3, and this action stems from the underlying lawsuit. Therefore, the question of whether Colony is required to defend and/or indemnify the policyholder Defendants herein in the underlying action is an "actual controversy" upon which substantial material rights depend, and 28 U.S.C. §2201 allows this Court to assume jurisdiction thereover. See, e.g., *Employers Mutual Casualty Co. v. Evans*, 76 F.Supp.2d 1257, 1261-62 (N.D. Ala. 1999), citing *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989) (finding the federal court had jurisdiction over an insurer's declaratory action filed over the insurer's duty to defend and indemnify the policyholder in an underlying

state court complaint).

7.   28 U.S.C. §1332's diversity requirements are met, in that there is complete diversity among the parties. Colony is a citizen of Virginia, whereas Soul Inn, Inc., and HPC Entertainment Group, Inc., are citizens of Alabama. (Exhibits 1 and 2). A corporation is deemed to be a citizen of any state in which it was incorporated, and also of any state where it has its principal place of business. 28 U.S.C. §1332(c)(1); *Black-Gammons v. Zurich American Insurance Co.*, 2006 U.S. Dist. Lexis 1942, *1 (M.D. Ala. 2006). Griffin is a resident of Alabama. (Exhibit 4, ¶1). Thus, there is complete diversity among the parties.

8.   28 U.S.C. §1332's amount-in-controversy requirements are met, in that the value of this litigation exceeds $75,000, exclusive of interests and costs. In a declaratory judgment action, the amount in controversy is the monetary value of the object of litigation from the plaintiff's perspective. *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003), quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). See also *Employers Mutual Casualty Co. v. All Seasons Window & Door Manufacturing*, 387 F.Supp.2d 1205 (S.D. Ala. 2005) ("When a plaintiff seeks injunctive or declaratory relief the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective"). Thus, the value of the object of this litigation, from Colony's perspective, is the value of a declaration that it does not have to defend or indemnify the policyholders with respect to Griffin's claims against them in the underlying lawsuit. In order to determine the value of this declaratory action from Colony's perspective, then, this Court must examine the value of the underlying lawsuit.

9. Although the complaint in the underlying case does not request a specific amount of damages, it is clear that, due to the venue and the nature of Griffin's claims, the amount in controversy is met. Griffin alleges that he has suffered medical expenses, loss of earnings, impairment of ability to earn, physical pain and suffering, mental anguish, permanent injuries, disability, and disfigurement, stemming from a gunshot wound sustained at The Soul Inn in Tuskegee. (Exhibit 4, ¶27). Griffin raises negligence- and wantonness-based claims in his five-count complaint, and seeks punitive damages. (Exhibit 4). Where a complaint does not state a demand for a specific amount of damages, a party seeking to invoke federal jurisdiction must demonstrate only by a preponderance of the evidence that the minimum sum necessary to confer federal jurisdiction is "more likely than not" at issue in the case. *Tapscott v. MS Dealer Services Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (overruled on other grounds by *Cohen, supra*). See also *Bolling v. Union National Life Insurance Co.*, 900 F.Supp. 400, 405 (M.D. Ala. 1995) (stating that the preponderance of the evidence standard is the appropriate test). *Tapscott* and *Bolling* involve removal from state court to federal court, rather than a declaratory action initially filed in the federal court. However, federal courts in federal declaratory actions stemming from underlying state court actions use the *Tapscott* "preponderance of the evidence" standard to determine the amount in controversy. *Employers Mutual Casualty Co. v. Evans*, 76 F.Supp.2d at 1259, citing *Davis v. Franklin Life Insurance Co.*, 71 F.Supp. 2d 1197 (M.D. Ala. 1999), citing *Tapscott* in turn. To determine whether the jurisdictional level is met, the court may look for guidance to decisions rendered in other cases in the same jurisdiction, including awards of punitive damages. *Ryan v. State Farm*

4

*Mutual Automobile Insurance Co.*, 934 F.2d 276, 277 (11th Cir. 1991); *Bolling*, 900 F.Supp. at 404-05; see also *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered"). As aforesaid, the underlying lawsuit arose in Macon County, Alabama. Alabama's Supreme Court has routinely upheld Macon County state court judgments exceeding $75,000, with or without bodily injuries. See, e.g., *Orkin Exterminating Co. v. Jeter*, 832 So.2d 25 (Ala. 2001) ($800,000 in compensatory damages and $80 million in punitive damages, remitted on appeal to $300,000 in compensatory damages and $2 million in punitive damages, for property-damage case involving no bodily injury); *Wal-Mart Stores, Inc. v. Goodman*, 789 So.2d 166 (Ala. 2000) ($200,00 in compensatory damages and $3 million in punitive damages, punitive damages remitted on appeal to $600,000, for case involving no bodily injury); *Daniels v. East Alabama Paving, Inc.*, 740 So.2d 1033 (Ala. 1999) (wrongful-death suit against asphalt manufacturer; $5 million in punitive damages and $3.154 million compensatory damages, remitted by the trial court to $2 million in punitive damages and $389,367 in compensatory damages; the Alabama Supreme Court reinstated the original awards); and *Torsch v. McLeod*, 665 So.2d 934 (Ala. 1995) (bench award of $3 million in compensatory damages for medical malpractice involving cataract surgery, reduced to $2 million on appeal). The amount in controversy here, as measured by the potential jury award in the underlying lawsuit, easily exceeds this Court's $75,000 jurisdictional threshold. This does not even factor in the cost of defending the policyholder in the underlying lawsuit.

10. The acts complained of in paragraph 13 occurred in the territorial jurisdiction of the Middle District of Alabama, and the insurance policy made the basis of this action was delivered to defendants Soul Inn, Inc., and HPC Entertainment Group, Inc., in the territorial jurisdiction of the Middle District of Alabama.

## COLONY'S ENTITLEMENT TO RELIEF

11. Colony reavers the assertions made in paragraphs 1 – 10 as if fully set forth here *in extenso*.

12. Colony policy no. MP3418338 covered "HPC Entertainment, Inc. d/b/a Soul Inn Social Club," with commercial general liability coverage, including liquor liability, at the time of the events described in paragraph 13 below. The policy also contained an Assault and Battery exclusion, form U0006 (7-02), which states, in pertinent part:

> **Assault and Battery**
>
> This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:
>
> **(1)** Assault and Battery committed by any person;
>
> **(2)** The failure to suppress or prevent assault and battery by any person;
>
> **(3)** The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;
>
> **(4)** The negligent hiring, supervision, or training of any person;
>
> **(5)** The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

(Exhibit 3). The Colony policy, including the exclusions recited above, was in effect at the time of the events described in paragraph 13 below.

13. Griffin filed suit against the Soul Inn, Inc., et al., on March 31, 2006, alleging that on or about November 6, 2005 he was an invitee at the Soul Inn, Inc., and was injured when an unidentified patron of the Soul Inn, Inc. discharged a firearm at the premises. Griffin alleges that he suffered serious injuries and damages as a result of the incident. (Exhibit 4, ¶¶8-9). Griffin's underlying lawsuit brings claims for (1) Assault and Battery; (2) Negligence/Premises Liability; (3) Negligent and Wanton Acts of fictitious defendants D, E, F, H, I & J; (4) Negligence/Vicarious Liability; and (5) Negligent Hiring, Training, and Supervision. *Griffin v. Soul Inn, Inc.*, Macon County (Ala.) Circuit Court no. CV-06-77. (Exhibit 5).

14. There is an actual controversy between Plaintiff Colony and Defendants herein upon which substantial property rights depend.

15. Colony contends that each claim raised by Griffin in his complaint in the underlying lawsuit (Exhibit 4) stems from an unknown patron's alleged assault and battery toward or against Griffin; and/or Soul Inn, Inc.'s alleged failure to suppress or prevent the assault and battery against Griffin; and/or Soul Inn, Inc's alleged failure to provide an environment safe from assault and battery; and/or the Soul Inn, Inc.'s alleged breach of duty to properly hire, train and supervise its employees. Colony further contends that each claim raised by Griffin in the underlying lawsuit is excluded from coverage under Colony policy no.

7

MP3418338's assault and battery exclusion.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Colony Insurance Company prays that this Court will assume jurisdiction over the matters alleged in this Complaint for Declaratory Relief; and that upon final hearing, this Court will issue a final order declaring that Colony is not required to defend and/or indemnify "HPC Entertainment, Inc. d/b/a Soul Inn Social Club" (or any other policyholder Defendant herein) for the acts or omissions alleged in the underlying lawsuit; and that this Court will issue a final order declaring the rights, status and responsibilities of the parties towards one another under Colony policy no. MP3418338. Colony further prays for such other, further, or different relief to which it may be equitably entitled, whether specifically prayed for herein or not, plus the costs of this action.

Respectfully submitted this the 21st day of June, 2006.

_____
ALGERT S. AGRICOLA (ALA. ID AGR001)
JASON J. BAIRD (ALA. ID BAI035)
ATTORNEYS FOR PLAINTIFF
COLONY INSURANCE COMPANY

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

The foregoing **COMPLAINT FOR DECLARATORY JUDGMENT** will be served by certified mail upon:

**SOUL INN, INC.**
C/o Anita Janigan, Registered Agent
P.O. Box 267
Tuskegee, AL 36083

**HPC ENTERTAINMENT GROUP, INC.,**
C/o Howard P. Carter, II, Registered Agent
1315 South Church Street
Tuskegee, AL 36083

**RONSHABUS GRIFFIN**
110 Wallahatchee Drive
Tallassee, AL 36078-3768

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\ComplaintDeclaratoryRelief.wpd

9