IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff | ) CASE NO. 3:06 cv 555-VPM |
| | ) |
| v. | ) |
| | ) |
| RONSHABUS GRIFFIN; SOUL INN, | ) |
| INC.; and HPC ENTERTAINMENT | ) |
| GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF RONSHABUS GRIFFIN

COMES NOW Ronshabus Griffin and in answer to the Complaint of Colony Insurance Company says as follows:

### RESPONSE TO SPECIFIC ALLEGATIONS

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant admits that the cited code sections may potentially confer jurisdiction upon this Court, however, this Defendant denies that under the specific facts of this case, this Court should assume jurisdiction of the matter.

6. This Defendant denies that a justiciable controversy exists between him and the Plaintiff. Defendant admits the other contentions and allegations of paragraph 6.

7. Admitted.

8. Defendant admits that the amount in controversy in the underlying lawsuit exceeds $75,000.00.

9. Defendant admits that the amount in controversy in the underlying lawsuit exceeds $75,000.00.

10. Defendant admits that the acts complained of in paragraph 13 of the Complaint occurred within the territorial jurisdiction of the Middle District of Alabama. This Defendant has no knowledge as to where the Plaintiff delivered its insurance policy to Defendants Soul Inn, Inc., and HPC Entertainment Group, Inc., and therefore denies the allegations concerning delivery of the policy.

11. Defendant adopts its responses to paragraphs 1 through 10 above.

12. Defendant does not have enough information at this time to respond to the allegations of paragraph 12 and therefore denies the allegations.

13. Admitted.

14. Denied.

15. Defendant admits that some of the claims asserted in his state court action are founded upon assault and battery, but denies that all claims made in this Complaint are assault and battery claims. Some of the claims asserted by this Defendant in the state court action are based upon the negligent failure of the business proprietor to prevent this Defendant from being injured. It is not necessarily the case that this Defendant's injury, on which the state court action is based, was the result of an assault and battery. Such injury could have occurred due to the negligent discharge of a firearm by another patron. Defendant denies that all claims raised in his state court action are excluded from coverage under the cited portion of the Plaintiff's insurance policy.

## SPECIFIC DEFENSES

16. A declaratory judgment action seeking to establish an insurer's liability under an insurance policy will not lie until a judgment against the insured comes into being. Until such time, the liabilities are contingent and may never materialize. This action, therefore, is not ripe for declaratory judgment.

17. This Court, in the exercise of the discretion granted it in declaratory judgment cases, should decline to exercise jurisdiction over this action until such time as the state court case has been resolved.

18. The Plaintiff in this case has an appropriate remedy in state court, that being permissive intervention under the procedure outlined in *Universal Underwriters Insurance Company v. East Central Alabama Ford-Mercury, Inc.*, 574 So.2d 716 (Ala. 1991). Given that the Plaintiff has an adequate state court alternative of intervening in the state court action to determine its rights and obligations with respect to its insured, this Court should apply its discretion and not entertain this declaratory judgment action at this time.

_____
JOHN I. COTTLE III (COT004)
Attorney for Defendant Ronshabus Griffin

OF COUNSEL:
Bowles & Cottle
Attorneys at Law
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) BowlesandCottle@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on Algert S. Agricola and Jason J. Baird, SLATEN & O'CONNOR, P.C., Winter Loeb Building, 105 Tallapoosa Street, Suite 101, Montgomery, Alabama 36104, attorney for Plaintiffs, by mailing a copy thereof, postage prepaid, to them at their proper mailing address on this the 14th day of July 2006.

_____
Of Counsel