IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:06 cv 555-MEF |
| v. ) | |
| ) | |
| RONSHABUS GRIFFIN; SOUL INN, ) | |
| INC.; and HPC ENTERTAINMENT ) | |
| GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF HPC ENTERTAINMENT GROUP, INC.

Comes now the Defendant in the above styled cause, HPC Entertainment Group, Inc., an Alabama Corporation, hereinafter referred to as HPC, by and through its undersigned counsel, Albert C. Bulls III, and for answer to Plaintiff's Complaint states as follows:

1. Admitted

2. Denied

3. Admitted

4. Admitted.

5. HPC admits that the cited code sections may potentially confer jurisdiction upon this Court, but HPC denies that under the specific facts of this case, this Court should assume jurisdiction.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. HPC adopts its responses to paragraphs 1 through 10 above.

12. Admitted.

13. Admitted.

14. Admitted.

15. HPC denies that all of the claims raised in Defendant, Ronshabus Griffin's State Court Complaint filed in the Circuit Court of Macon County, Alabama – Case No. CV 06-77, are excluded from coverage under the cited portion of HPC's insurance policy with Plaintiff.

## SPECIFIC DEFENSES

16. A declaratory judgment action seeking to establish an insurer's liability under an insurance policy will not lie until a judgment against the insured comes into being. Until such time, the liabilities are contingent and may never materialize. This action, therefore, is not ripe for declaratory judgment.

17. This Court, in the exercise of discretion granted it in declaratory judgment cases, should decline to exercise jurisdiction over this action until such time as the state court case has been resolved.

18. The Plaintiff in this case has an appropriate remedy in state court. This remedy is the permissive intervention under the procedure outlined in

*Universal Underwriters Insurance Company v. East Central Alabama Ford-Mercury, Inc.*, 574 So.2d 716 (Ala. 1991). Given that the Plaintiff has an adequate state court alternative of intervening in the state court action to determine its rights and obligations with respect to its insured, this Court should apply its discretion and not entertain this declaratory judgment action at this time.

Respectfully submitted on this 5th day of October, 2006.

_____
ALBERT C. BULLS III, (ALA. ID BUL009)
Attorney for HPC Entertainment Group, Inc.

P. O. Box 1233
Tuskegee, AL 36087
Telephone: 334.727.1074
Fax: 334.727.1639
Email: acbulls@charter.net

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon the below named counsels of record, by depositing a copy of same, properly addressed and postage prepaid to them on this 5th day of October 2006.

Mr. John I. Cottle III
Attorney at Law
P. O. Box 780397
Tallassee, AL 36078

Mr. Jason J. Baird
Attorney at Law
P. O. Box 1110
Montgomery, AL 36104

_____
ALBERT C. BULLS III