IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 3:06 cv 555-VPM** |
| | ) | |
| v. | ) | |
| | ) | |
| **RONSHABUS GRIFFIN and HPC ENTERTAINMENT GROUP, INC.,** | ) ) | |
| | ) | |
| Defendants. | ) | |

### COUNTERCLAIM OF RONSHABUS GRIFFIN AGAINST COLONY INSURANCE COMPANY

COMES NOW Ronshabus Griffin, having answered the Complaint of Colony Insurance Company in this case, and asserts the following Counterclaim:

### ALLEGATIONS REGARDING PARTIES AND JURISDICTION

1.      Defendant Ronshabus Griffin is a resident citizen of Tallassee, Elmore County, Alabama.  Plaintiff Colony Insurance Company (hereinafter "Colony") is a company organized in the State of Virginia with its principal place of business in Virginia.

2.      The claim asserted by Defendant Griffin against Plaintiff Colony sounds in contract.  The claim of Griffin against Colony forms a part of the same case or controversy raised in Plaintiff Colony's Complaint.  This Court has jurisdiction to entertain this Counterclaim under 28 USC Section 1367.

1

PDF created with pdfFactory trial version www.pdffactory.com

**FACTUAL ALLEGATIONS**

3. Plaintiff Colony entered into a contract of insurance with Defendant HPC Entertainment Group, Inc., (hereinafter "HPC"), to provide commercial general liability coverage to Defendant HPC. A copy of said contract is attached to the Plaintiff's Complaint in this case.

4. Section I (C) of said insurance contract provides as follows:

    a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

        (1) On premises you own or rent;
        (2) On ways next to premises you own or rent; or
        (3) Because of your operations; provided that;

            (1) The accident takes place in the "coverage territory" and during the policy period;
            (2) The expenses are incurred and reported to us within one year of the date of the accident; and
            (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

    b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

        (1) First aid administered at the time of an accident;
        (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and
        (3) Necessary ambulance, hospital, professional nursing and funeral services.

5. According to the Declarations page of the aforesaid insurance contract, the liability limits under Coverage C of the policy (Medical Payments) is $5,000.00.

6. It is the expressed and/or implied intent of the said insurance contract to primarily and directly benefit the patrons of all clubs owned and managed by HPC. The

2

PDF created with pdfFactory trial version www.pdffactory.com

contract clearly intends to provide a benefit for patrons of HPC's clubs who sustain "bodily injury" due to an accident which occurs on club premises, regardless of fault.

7.  On or about November 6, 2005, while the aforesaid contract of insurance was in full force and effect, Defendant Ronshabus Griffin was an invitee at the Soul Inn in Tuskegee, Alabama, a club owned and operated by HPC. At the aforesaid time and place, agents, employees, and/or subcontractors of HPC and/or the Soul Inn, were searching and patting down patrons for weapons before allowing them to enter the club. Said agents, employees or subcontractors negligently and/or wantonly allowed one or more persons to enter the Soul Inn with a firearm. Subsequent to the entry of such person bearing a firearm, the said firearm discharged either because of the negligent, wanton, or intentional act of a third party, and Griffin was thereby injured.

8.  As a direct and proximate cause of such injury, Griffin incurred medical expenses in excess of $60,000.00.

9.  Griffin is a third party beneficiary of the aforesaid insurance contract between Colony and HPC. As a third party beneficiary of said contract, Griffin is entitled to avail himself of the benefits of said insurance contract insofar as said contract provides medical payments for "bodily injury" caused to him by accident while on the premises of the Soul Inn.

10. Plaintiff Colony, with full awareness and knowledge of Griffin's injuries and medical expenses, has failed and refused to pay Griffin benefits under the policy as provided for in the policy language set forth in paragraph 4 above.

PDF created with pdfFactory trial version www.pdffactory.com

11. Plaintiff Colony has breached the contract with HPC by failing and refusing to pay the medical bill of Defendant Griffin, a third party beneficiary of the aforesaid insurance contract, to the extent of the liability limits.

WHEREFORE, Griffin demands judgment against Colony in the amount of $5,000.00, or the policy limits of the aforesaid insurance contract as they apply to medical payments, plus the costs of this action.

/s/John I. Cottle III
JOHN I. COTTLE III (COT004)
Attorney for Defendant Ronshabus Griffin

OF COUNSEL:
Bowles & Cottle
Attorneys at Law
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) BowlesandCottle@aol.com

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 20, 2006, I electronically filed the forgoing with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following:

Algert S. Agricola, Esq.
Jason J. Baird, Esq.
 SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

Albert C. Bulls III
Attorney at Law
P. O. Box 1233
Tuskegee Institute, Alabama  36087

               /s/John I. Cottle III
               Of Counsel

PDF created with pdfFactory trial version www.pdffactory.com