IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 3:06cv00555-MEF |
| ) | |
| **RONSHABUS GRIFFIN; SOUL INN, INC.;** ) | |
| **and HPC ENTERTAINMENT GROUP, INC.,**) | |
| ) | |
| **Defendants.** ) | |

### COLONY INSURANCE COMPANY'S ANSWER
### TO RONSHABUS GRIFFIN'S COUNTERCLAIM

Comes now Plaintiff/counterclaim Defendant Colony Insurance Company (hereinafter "Colony"), by and through the undersigned counsel, and in response to Ronshabus Griffin's counterclaim, states and answers as follows:

1. Colony admits that it is a company organized in Virginia with its principal place of business in Virginia. Based on best information and belief, Colony admits that Griffin is a resident of Elmore County, Alabama.

2. Colony denies that Griffin's counterclaim arises from the same case or controversy as the substance of the declaratory action. Colony admits the remaining averments of this paragraph.

3. Colony admits the averments of this paragraph.

4. The insurance contract is a document which speaks for itself. To the extent that the averments of this paragraph are intended to establish liability or contractual obligation on

Colony's part, Colony denies the averments of this paragraph and demands strict proof thereof.

5. The insurance contract is a document which speaks for itself. To the extent that the averments of this paragraph are intended to establish liability or contractual obligation on Colony's part, Colony denies the averments of this paragraph and demands strict proof thereof.

6. Colony denies the averments of this paragraph and demands strict proof thereof.

7. Colony admits that the events giving rise to the lawsuit in *Griffin v. Soul Inn, Inc.*, Macon County (Ala.) Circuit Court no. CV-06-77 ("underlying lawsuit") occurred on or about November 6, 2005, and that the Colony policy with HPC Entertainment Group, Inc., was in effect at the time of said events. Colony is without sufficient information to admit or deny the remaining averments of this paragraph, and so denies the same and demands strict proof thereof.

8. Colony is without sufficient information to admit or deny the averments of this paragraph, and so denies the same and demands strict proof thereof.

9. Colony denies the averments of this paragraph and demands strict proof thereof.

10. Colony denies the averments of this paragraph and demands strict proof thereof.

11. Colony denies the averments of this paragraph and demands strict proof thereof.

Furthermore, Colony denies that Griffin is entitled to the relief sought in the *ad damnum* clause of his counter-claim, and demands strict proof thereof.

### **AFFIRMATIVE DEFENSES**

Alternatively, and without waiving the foregoing, Colony states and answers as follows:

### FIRST DEFENSE

Colony denies the material allegations of Griffin's counterclaim and demands strict proof thereof.

### SECOND DEFENSE

The counterclaim fails to state a claim for which relief can be granted.

### THIRD DEFENSE

Griffin lacks standing and/or privity to assert the counterclaim.

### FOURTH DEFENSE

Griffin's claims are barred by the Statute of Frauds.

### FIFTH DEFENSE

Griffin's claims are barred by the Parol Evidence Rule.

### SIXTH DEFENSE

Griffin's claims are barred by the doctrines of res judicata, waiver, estoppel, accord and satisfaction, and release.

### SEVENTH DEFENSE

Griffin's claims are barred by the doctrine of laches.

### EIGHTH DEFENSE

Griffin's claims are barred by the doctrine of voluntary payment.

### NINTH DEFENSE

Griffin does not come into this action with "clean hands."

## TENTH DEFENSE

Colony pleads failure of consideration.

## ELEVENTH DEFENSE

Colony pleads license and payment.

## TWELFTH DEFENSE

Colony is entitled to a "set off" for any amounts paid by any other insurer or party herein.

## THIRTEENTH DEFENSE

Colony pleads lack of notice, lack of cooperation, and lack of good faith from Griffin with respect to the events made the basis of this lawsuit.

## FOURTEENTH DEFENSE

Colony asserts that payments for the medical-payment provisions at issue in Griffin's counterclaim are barred by the exclusions in the Colony policy.

## FIFTEENTH DEFENSE

Colony asserts that Griffin has not been damaged by the alleged failure to pay Griffin's medical expenses up to $5,000.00.

## SIXTEENTH DEFENSE

Colony pleads that not all conditions precedent have been performed or have occurred.

## SEVENTEENTH DEFENSE

Griffin is guilty of repudiation and renunciation.

### EIGHTEENTH DEFENSE

Colony pleads failure to mitigate damages.

### NINETEENTH DEFENSE

Griffin is not entitled to the costs incurred in this action.

### TWENTIETH DEFENSE

Griffin's counterclaim has not stated any cause of action for which punitive damages are available; accordingly, Colony reserves the right to assert affirmative defenses against punitive damages at such time as Griffin has pleaded and sought punitive damages.

### TWENTY-FIRST DEFENSE

Colony affirmatively states that any alleged damages of which Griffin complains were caused by a subsequent intervening factor and were not proximately caused by any act or omission of Colony.

### TWENTY-SECOND DEFENSE

Colony is not liable or responsible for the criminal acts of third parties.

### TWENTY-THIRD DEFENSE

Colony hereby affirmatively plead all defenses contained and/or arising from the express language of any contracts and/or warranties between any Defendant(s) and Colony, whether entered into directly and/or assumed by Colony.

### TWENTY-FOURTH DEFENSE

Colony reserves the right to add additional affirmative defenses as discovery proceeds in this matter.

Respectfully submitted this the 28th day of November, 2006.

/s/ JASON J. BAIRD
**ALGERT S. AGRICOLA** (ALA. ID AGR001)
**JASON J. BAIRD** (ALA. ID BAI035)
**ATTORNEYS FOR PLAINTIFF/**
**COUNTERCLAIM DEFENDANT**
**COLONY INSURANCE COMPANY**

**OF COUNSEL:**
**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:06cv00555-MEF |
| | ) |
| RONSHABUS GRIFFIN; SOUL INN, INC.; | ) |
| and HPC ENTERTAINMENT GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice upon the following CM-ECF system participants:

John I. Cottle, Esq.
Bowles & Cottle
P.O. Box 780397
Tallassee, AL 36078
BowlesandCottle@aol.com
*Counsel for Ronshabus Griffin*

Albert Bulls, Esq.
P.O. Box 1233
Tuskegee, AL 36087
acbulls@charter.net
*Counsel for HPC Entertainment Group, Inc.*

Respectfully submitted,

/s/ Jason J. Baird
Algert S. Agricola, Jr. (Ala. ID AGR001)
Jason J. Baird (Ala. ID BAI035)

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\CounterclaimAnswer.wpd