**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff** ) | **CASE NO. 3:06 cv 555-VPM** |
| ) | |
| v. ) | |
| ) | |
| **RONSHABUS GRIFFIN; SOUL INN,** ) | |
| **INC.; and HPC ENTERTAINMENT** ) | |
| **GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSE OF HPC ENTERTAINMENT GROUP, INC. TO COLONY
INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES AND FIRST
SET OF REQUESTS FOR PRODUCTION**

COMES NOW HPC Entertainment Group, Inc. and in response to the Plaintiff's First Set of Interrogatories and First Set of Requests For Production says as follows:

**INTERROGATORIES**

1. Please identify yourself (include your correct legal name, address, and name and title of the corporate representative signing these responses if appropriate).

**RESPONSE: I, Howard P. Carter III, am the president of HPC Entertainment Group, Inc., an Alabama Corporation.**

2. Are there any other persons, not named as a defendant herein, whom you contend has a legal or equitable interest in the outcome of this declaratory action, or whom you contend should otherwise be added as a defendant herein? If yes, please identify the person, including his/its name, mailing address, telephone number, registered agent for service of process, and the nature of that person's interest in the subject matter of this declaratory action.

1

PDF created with pdfFactory trial version www.pdffactory.com

**RESPONSE: No.**

3. Please give the name, telephone number, mailing address, and social security number of each and every person, including corporate and governmental entities, with any knowledge pertaining to the events which form the basis of this declaratory action, the causes therefore, or the injuries resulting therefrom; and the events which form the basis of the underlying lawsuit, the causes therefore, or the injuries resulting therefrom. For each person so listed, please attach a short narrative statement of the facts known or believed to be known by each person so listed. The information sought in this interrogatory is cumulative to the information to be exchanged by F.R.C.P. 26(a)(1)(A).

**RESPONSE: In response to this Interrogatory, please see the list of witnesses and documents provided to the Plaintiff in this Defendant's Initial Disclosures.**

4. If you or your attorney have retained any expert witness for use at trial, whether said expert witness is a medical witness or other, please answer the following:

- (a) Give the name, address and telephone number of each such expert witness;
- (b) Give the date each such expert was retained and, for each expert, answer the following:
- (c) Identify all cases in which the expert has testified in the preceding five years;
- (d) State what studies have been performed by the experts and what reports, if any, have been rendered by any such experts; and
- (e) State the full text of any anticipated testimony from each such expert including:

  - (i) the subject matter on which the expert is expected to testify;
  - (ii) the substance of the facts and opinions as to which the expert is expected to testify; and
  - (iii) a summary of the grounds for each opinion.

- (f) If any such expert has rendered a report of any type, please attach a copy of the reports to your answer to these Interrogatories.

**RESPONSE: HPC Entertainment Group, Inc., does not, at this time, expect to use any expert witnesses.**

2

PDF created with pdfFactory trial version www.pdffactory.com

5. Do you contend that Colony policy no. MP3418338 requires Colony to defend and/or indemnify HPC Entertainment Group, Inc. (d/b/a Soul Inn nightclub) for all counts brought against it in the underlying lawsuit? If yes, please state the reasons therefore, and the factual and/or legal reasons why the acts alleged in the underlying lawsuit fall within the Colony policy's coverage, and why the exclusions in the Colony's policy are inapplicable. Be specific.

**RESPONSE:**

**(a)   As to Count I – Assault and Battery – Defendant HPC admits that the Plaintiff is neither obligated to provide a defense or indemnify HPC Entertainment Group, Inc., for these claims.**

**(b)   As to Count II – Negligent/Premises Liability – Defendant HPC contends that the Plaintiff is obligated to provide a defense and indemnify HPC Entertainment Group, Inc., for these claims to the extent set forth hereinbelow. The subject insurance policy provides in Section I, Coverage A, Paragraph 1, that the Plaintiff will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'… to which this insurance applies."**

**Section I, Coverage A, (1)B provides that the insurance applies to "'bodily injury'… caused by an 'occurrence' that takes place in 'coverage territory.'" An "occurrence" is defined as "an accident." The "coverage territory" means… "The United States of America (including its territories and possessions), Puerto Rico and Canada." Therefore, the policy plainly covers HPC Entertainment Group, Inc., for any negligent act which results in the Plaintiff being shot by a third party.**

**Plaintiff seeks to rely upon an endorsement to the policy containing an assault and battery exclusion. Defendant Griffin concedes that this exclusion would apply if the injury sustained by Griffin were the result of an assault and battery. Under Alabama law, however, an assault and battery requires an intent on the part of the assaulting party to offend or be rude. If the firearm which injured Griffin was discharged accidentally, negligently or wantonly, and without an intent to offend or be rude, the discharge would not be an assault and battery and would not fall within the exclusion. Likewise, if the party wielding the weapon fired it intentionally into the air in a "reckless or celebratory"**

3

PDF created with pdfFactory trial version www.pdffactory.com

> **fashion and Griffin was injured, such an act would not be an assault and battery under Alabama law and Griffin claim's against HPC Entertainment Group, Inc., for allowing the same to occur would be covered by the policy.**
>
> **Finally, Coverage C (Medical Payments) under Section I of the policy provides that the Plaintiff will pay "medical expenses as described below for 'bodily injury' caused by an accident… because of your operations." The policy provides that the exclusions which apply to Coverage A (Bodily Injury and Property Damage Liability) also apply to Coverage C. The exclusions listed under Coverage A in the policy itself do not specifically mention an exclusion for assault and battery. The exclusion for assault and battery was added to the policy by endorsement. The Assault and Battery Exclusion Endorsement specifically says that the endorsement applies to Coverage A (Bodily Injury and Property Damage Liability) and Coverage B (Personal and Advertising Injury Liability). The endorsement specifically _DOES NOT_ mention Coverage C (Medical Payments). Therefore, coverage for Griffin's medical payments is provided under Coverage C of the policy, regardless of whether Griffin's injuries were caused by an assault and battery or a negligent, wanton, or reckless act.**

    **(c)    Count III – Negligent and Wanton Acts of Certain Defendants. For the reasons set forth in paragraph (b) above, the policy in question provides coverage, provided the fictitious defendants qualify as named insureds under the policy.**

    **(d)    Count IV – Negligence/Vicarious Liability. Defendant HPC contends that the claims asserted in Count IV are covered by the policy for the reasons set forth in paragraph (b) above.**

    **(e)    Count V – Negligent Hiring, Training and Supervision. Defendant HPC contends that the claims asserted in Count V are covered by the policy for the reasons set forth in paragraph (b) above.**

6.    Do you contend that some or all of the claims made in the underlying lawsuit are not "assault and battery" claims, or are otherwise not founded upon "assault and battery" claims? If your answer is "yes," then for each count or claim made in the underlying lawsuit which you contend is not an "assault and battery" claim, please

4

PDF created with pdfFactory trial version www.pdffactory.com

identify the specific count(s), and for each count so listed, provide the factual and legal basis for your contention. Be specific.

> **RESPONSE: See response to paragraph 5 above.**

7. Do you contend that some or all of the claims in the underlying lawsuit stem from an alleged "negligent failure of the business proprietor to prevent this Defendant from being injured"? (Document 11, ¶15). If "yes," then please identify the count(s) which stem from said negligent failure of the business proprietor to prevent you from being injured, and explain the factual and legal basis for your contention that this claim falls outside the Colony policy's Assault and Battery exclusion, form U0006 (7-02) (attached to Colony's Complaint for Declaratory Relief). Be specific.

> **RESPONSE: Yes. Counts II, III, IV, and V would, as pled, support a recovery on the part of Griffin against HPC Entertainment Group, Inc., and its employees or subcontractors for negligent failure to prevent Griffin's injuries. If Griffin's injuries were caused by the assault and battery of some third person, there would be no coverage under the policy, except to the extent of Griffin's medical bills as explained in paragraph 5 (b) above. If, however, the Defendant's injuries were not the result of an assault and battery committed by a third person, there would be coverage under the policy.**

8. If you contend that you negligently faild to prevent Griffin from being injured with respect to the events made the basis of the underlying lawsuit, then please describe what duty HPC Entertainment Group, Inc. owed Griffin and how you breached said duty. Be specific.

> **RESPONSE: HPC does not admit to any liability in connection with the claims in Griffin's Complaint. HPC only contends that Colony Insurance Company has a duty, under HPC insurance policy with Colony, to defend HPC in the Circuit Court of Macon County, Alabama in the Case of Griffin vs. Soul Inn, Inc., et als, Case No. CV 2006-77.**

PDF created with pdfFactory trial version www.pdffactory.com

9.      Do you contend that some or all of the claims in the underlying lawsuit stem from an alleged "negligent discharge of a firearm by another patron"? (Document 11, ¶15).  If "yes," then please identify the count(s) which stem from said negligent discharge of a firearm by another patron, and explain the factual and legal basis for your contention that this claim falls outside the Colony's Assault and Battery exclusion, form U0006 (7-02) (attached to Colony's Complaint for Declaratory Relief).  Be Specific.

**RESPONSE:  Yes.  See response to paragraph 5 above.**

10.     If you contend that some or all of the claims in the underlying lawsuit stem from an alleged "negligent discharge of a firearm by another patron," then please describe why the policyholder is liable to you for the actions of a third party, regardless of whether said third party's actions are criminal or negligent.  Be specific.

**RESPONSE:  See responses to paragraph 5 and 8 above.**

11.     Do you contend that some or all of the claims in the underlying lawsuit are not "excluded from coverage under the cited portion of HPC's insurance policy with Plaintiff"? (Document 15, ¶15).  If "yes," then please identify the count(s) which are not excluded from coverage under the Colony policy, and list every factual and legal contention supporting your contention.  Be specific.

**RESPONSE:  To the extent that the Defendant was injured as the result of an assault and battery, the claims would not be covered under the policy, except that any claim for medical expenses would be covered, regardless of whether the medical expenses were incurred as the result of an assault and battery. See response to paragraph 5 above.**

12.     Do you contend that Colony policy no. MP3418338's Assault and Battery exclusion, form U0006 (7-02), which states:

6

**Assault and Battery**

This insurance policy does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

1. Assault and Battery committed by any person;

2. The failure to suppress or prevent assault and battery by any person;

3. The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

4. The negligent hiring, supervision, or training of any person;

5. The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

is otherwise applicable to some or all of the claims made in the underlying lawsuit? If yes, then for each claim(s) to which this exclusion does not apply, identify the claim and the every factual and legal contention supporting your position that the exclusion does not apply. Be specific.

**RESPONSE: See response to paragraph 5 above.**

13. If you contend that Colony owes HPC Entertainment Group, Inc., defense and/or indemnification in the underlying lawsuit, please state, in detail, the reasons supporting your contention that Colony owes said defense and indemnification, including but not limited to a rebuttal of each assertion made in Colony's Complaint for Declaratory Relief which has not been addressed in your previous interrogatory responses.

**RESPONSE: See response to paragraph 5 above.**

7

PDF created with pdfFactory trial version www.pdffactory.com

14. Please state, with specificity and exact detail, each and every fact upon which you are intending to rely at trial in this case, or in any dispositive motion in this case.

**RESPONSE: See response to paragraph 5 above.**

15. Have you raised any affirmative defenses in your Answer to this declaratory complaint, or made any "quasi-affirmative" defenses? If yes, then for each affirmative defense or quasi-affirmative defense raised herein, please state the factual and legal grounds for said defense. Be specific. For the purposes of this interrogatory, a "quasi-affirmative defense" is defined as any legal or factual assertions which, assuming the allegations of the complaint to be true, constitute a whole or partial defense thereto.

**RESPONSE: HPC objects to the term "quasi-affirmative defenses" as said term is not mentioned in the Federal Rules of Civil Procedure and has no recognized legal meaning. In addition, HPC does not admit to any liability in connection with the claims in Griffin's Complaint. HPC only contends that Colony Insurance Company has a duty, under HPC insurance policy with Colony, to defend HPC in the Circuit Court of Macon County, Alabama in the Case of Griffin vs. Soul Inn, Inc., et als, Case No. CV 2006-77.**

16. If you have failed to produce any document or refused to respond to any interrogatory because of a claimed privilege, please identify the document(s) not produced, the date said document was created or generated, the person creating or generating said document, the person to whom said document was intended (if applicable), the subject-matter of the document, the type of privilege which is claimed as pertains to said document, and any external or objectively-verifiable basis for claiming said privilege. If you have failed to respond to any interrogatory because of a claimed privilege, please identify the interrogatory not responded to, the subject-matter of the interrogatory's response, any person(s) who would have knowledge of the subject-matter

8

PDF created with pdfFactory trial version www.pdffactory.com

of the interrogatory's response, the type of privilege which is claimed as pertains to said document, and any external or objectively-verifiable basis for claiming said privilege.

**RESPONSE: None.**

### REQUEST FOR PRODUCTION

1. Please produce a copy of every document upon which you may or will offer into evidence at trial or in support of or opposition to any dispositive motion. The information sought in this interrogatory is cumulative to the information required to be exchanged by F.R.C.P. 26(a)(1)(B).

**RESPONSE: None other than those documents produced in connection with this Defendant's Initial Disclosures.**

2. If you have retained an expert witness, please produce a copy of any report or opinion generated by said expert witness, including any materials relied upon the expert in formulating his opinions.

**RESPONSE: None.**

3. Please attach a copy of each document which will be used or may be used to refresh the recollection of any witness at trial; whether an expert witness or not, and whether or not said document will be introduced as evidence at trial.

**RESPONSE: Defendant objects to this request for production on the grounds that it is impossible to determine at this point what documents may be necessary to refresh the recollection of any potential witness at trial. Defendant contends that this request for production is beyond the scope of what is allowable in discovery. Without waiving this objection, Defendant says that he knows of no such documents at this time.**

9

PDF created with pdfFactory trial version www.pdffactory.com

4.  Please produce a copy of any police reports or other investigative reports generated as a result of the incidents which are alleged as the basis for this lawsuit, the causes therefore, or the damages therefrom.

> **RESPONSE: The requested documents were produced in connection with this Defendant's Initial Disclosures.**

.

5.  Please produce every document in your possession or control supporting or evidencing any of your contentions that Colony is required to provide a defense and/or indemnification in the underlying lawsuit.

> **RESPONSE: None other than the insurance policy which was attached to the Complaint in this case.**

6.  Please produce every document in your possession or control which controvert any of your contentions that Colony is required to provide a defense and/or indemnification in the underlying lawsuit.

> **RESPONSE: None.**

7.  Please attach a copy of any statements taken by you from any persons concerning this lawsuit, the events comprising the basis of this lawsuit, the causes thereof, or the damages resulting therefrom.

> **RESPONSE: Defendant objects to this request for production on the grounds that would require him to produce privileged work product. Notwithstanding this objection, this Defendant has taken no such statements at this time.**

8.  Please attach a copy of any statements given by you (except statements to your attorneys) to any person concerning this lawsuit, the events comprising the basis of this lawsuit, the causes thereof, or the damages resulting therefrom.

> **RESPONSE: None.**

10

PDF created with pdfFactory trial version www.pdffactory.com

9.  Please produce a copy of each document which is referenced, directly or indirectly, in any of Colony's propounded discovery (Interrogatories and Request for Admissions) to you or your responses thereto.

**RESPONSE: All such documents are either attached hereto or were produced in connection with this Defendant's Initial Disclosures.**

10.  Please produce a copy of any documents which are not specifically requested elsewhere, but which pertain, relate, or are associated in any manner with this complaint for declaratory relief.

**RESPONSE: All such documents were produced by this Defendant in his Initial Disclosures.**

11.  Please produce any document, not heretofore requested, which pertains to the subject matter of this lawsuit (including the underlying lawsuit), the causes therefore, or the damages therefrom.

**RESPONSE: All such documents were produced by this Defendant in his Initial Disclosures.**

12.  Please produce a privilege log for this action.

**RESPONSE: None.**

                HPC ENTERTAINMENT GROUP, INC.

                BY:  /s/ Howard P. Carter III
                HOWARD P. CARTER III, ITS
                PRESIDENT

STATE OF ALABAMA    )
                           )
COUNTY OF MACON    )

SWORN TO AND SUBSCRIBED before me this __18TH__ day of December, 2006.

                /s/ Albert C. Bulls III
                NOTARY PUBLIC
                My Commission Expires: 5/2/10

PDF created with pdfFactory trial version www.pdffactory.com

/s/Albert C. Bulls III
ALBERT C. BULLS  III (BUL009)
Attorney for Defendant HPC Entertainment Group, Inc.

P. O. Box 1233
Tuskegee, AL  36087
Telephone: 334.727.1074
Fax: 334.727.1639
Email: acbulls@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by mailing a copy thereof, postage prepaid, to them at their proper mailing address on this the __18th__ day of December 2006.

Algert S. Agricola, Esq.
Jason J. Baird, Esq.
 SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

John I. Cottle III
Attorney at Law
P. O. Box 780397
Tallassee, Alabama  36078

/s/ Albert C. Bulls III
ALBERT C. BULLS III

12

PDF created with pdfFactory trial version www.pdffactory.com