# EXHIBIT 3

IN THE CIRCUIT COURT OF
MACON COUNTY, ALABAMA
AT WETUMPKA, ALABAMA

| | |
|---|---|
| RONSHABUS GRIFFIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUL INN, INCORPORATED, ) <br> a Domestic Corporation; A, B & C ) <br> being the person or persons, ) <br> whether plural or singular, who, on or ) <br> about November 6, 2005, discharged a firearm ) <br> inside the premises owned by the Soul Inn, Inc. ) <br> and who caused a bullet to strike the Plaintiff ) <br> Ronshabus Griffin; D, E & F, whether plural ) <br> or singular, being those persons, firms or ) <br> corporations, their successors and/or assigns ) <br> who, on or about November 6, 2005, were ) <br> hired to maintain security and who were ) <br> responsible for security at and within the ) <br> premises of the Soul Inn, Inc.; and H, I & J ) <br> whether plural or singular, being those persons, ) <br> firms or corporations, their successors and/or ) <br> assigns who on or about November 6, 2005 ) <br> were managing the entire premises where ) <br> the Plaintiff was shot. ) <br> ) <br> Defendants. ) <br> ) | Case No. 06-77 |

## COMPLAINT

### The Parties

1.   Plaintiff Ronshabus Griffin is over the age of nineteen years and at all times mentioned in this complaint was a resident of Tallassee, Elmore County, Alabama.

2.   Defendant Soul Inn, Incorporated, is and at all times mentioned in this complaint was incorporated in the State of Alabama with its principal place of business in Tuskegee, Macon County, Alabama.

**EXHIBIT 3-1**

3. Fictitious Defendants A, B & C are the person or persons, whether plural or singular, who, on or about November 6, 2005, discharged a firearm inside the premises owned by the Defendant Soul Inn, Inc. and who caused a bullet to strike the Plaintiff Ronshabus Griffin, whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

4. Fictitious Defendants D, E & F, whether plural or singular, are those persons, firms or corporations, their successors and/or assigns who, on or about November 6, 2005, were hired to maintain security and who were responsible for security at and within the premises of the Defendant Soul Inn, Inc., whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

5. Fictitious Defendants H, I & J, whether plural or singular, are those persons, firms or corporations, their successors and/or assigns who, on or about November 6, 2005, were managing the business activities on the premises owned and operated by the Defendant Soul Inn, Inc., in Macon County, Alabama.

### Count I - Assault and Battery

6. On or about November 6, 2005, Plaintiff Ronshabus Griffin was an invitee at the Defendant Soul Inn, Inc.'s premises in Macon County, Alabama.

7. In order to enter Defendant Soul Inn, Inc.'s premises Plaintiff Ronshabus Griffin was "patted down" by Defendants D, E & F, who were responsible for and were hired to maintain security on Defendant Soul Inn, Inc.'s premises.

8. On the aforesaid evening, Defendants A, B & C wrongfully, intentionally, and with a wanton disregard for the rights of the public, discharged a firearm into a

**EXHIBIT 3-2**

crowd of people that included Plaintiff Ronshabus Griffin, who was at that time on and inside the premises owned by the Defendant Soul Inn, Inc.

9. The bullet fired from Defendants A, B & C's gun struck the Plaintiff Ronshabus Griffin's intestines and eventually lodged in the Plaintiff's lung, causing serious injuries and damages described hereinbelow.

## Count II - Negligence/Premises Liability

10. Plaintiff Ronshabus Griffin reavers and incorporates the allegations of paragraphs 1-9 above.

11. Defendant Soul Inn, Inc. invited the general public, including the Plaintiff Ronshabus Griffin, to become patrons and invitees of the Defendant Soul Inn, Inc.'s night club.

12. Defendant Soul Inn, Inc. was aware of frequent past shootings and criminal acts of third parties on its premises and had undertaken to provide security for the premises in order to protect its invitees from criminal acts of third parties.

13. On or about November 6, 2005, Defendant Soul Inn, Inc. breached its duty owed to the Plaintiff Ronshabus Griffin, when the Defendant Soul Inn, Inc. negligently and/or wantonly allowed Defendants A, B and C to enter its premises with a loaded firearm and to discharge that firearm into a crowd of patrons of the Soul Inn.

14. As a proximate result of Defendant Soul Inn, Inc.'s negligent and wanton conduct, a bullet struck the Plaintiff Ronshabus Griffin causing serious injuries and damages described hereinbelow.

**EXHIBIT 3-3**

## Count III - Negligent and Wanton Acts of Defendants D, E, F, H, I & J

15. Plaintiff Ronshabus Griffin reavers and incorporates the allegations of paragraphs 1-14 above.

16. On or about November 6, 2005, Defendants D, E, F, H, I & J negligently and wantonly allowed Defendants A, B & C to enter the premises owned by Defendant Soul Inn, Inc. with a deadly firearm.

17. Furthermore, on or about November 6, 2005, Defendants D, E, F, H, I & J negligently and wantonly allowed Defendants A, B & C to discharge a deadly firearm on the premises owned by Defendant Soul Inn, Inc.

18. As a proximate result of Defendants D, E, F, H, I & J's negligent and wanton conduct, a bullet struck the Plaintiff Ronshabus Griffin causing serious injuries and damages described hereinbelow.

## Count IV - Negligence/Vicarious Liability

19. Plaintiff Ronshabus Griffin reavers and incorporates the allegations of paragraphs 1-18 above.

20. At the time the Plaintiff Ronshabus Griffin was struck by a bullet fired by Defendant A, B, & C on the premises of Defendant Soul Inn, Inc., Defendants D, E, F, H, I & J were agents and/or employees of Defendant Soul Inn, Inc., under the direct control and supervision of Defendant Soul Inn, Inc.

21. Defendant Soul Inn, Inc. is therefore liable for the injuries and damages caused, when a bullet struck Plaintiff Ronshabus Griffin, due to the negligent and wanton acts of Defendants D, E, F, H, I & J, who were and are agents and/or employees of Defendant Soul Inn, Inc.

**EXHIBIT 3-4**

## Count V - Negligent Hiring, Training, & Supervision

22. Plaintiff Ronshabus Griffin reavers and incorporates the allegations of paragraphs 1-21 above.

23. Defendant Soul Inn, Inc. hired, trained, employed, contracted with, and/or supervised Defendants D, E, F, H, I & J.

24. Defendant Soul Inn, Inc. negligently hired, trained, and supervised its employees Defendants D, E, F, H, I & J.

25. As a proximate result of Defendant Soul Inn, Inc.'s negligent hiring, training, and supervision of Defendants D, E, F, H, I & J, a bullet struck Plaintiff Ronshabus Griffin causing serious injuries and damages described hereinbelow.

## Damages

26. Plaintiff Ronshabus Griffin reavers and incorporates the allegations of paragraphs 1-25 above.

27. As a result of the wanton and negligent acts alleged in paragraphs 1-25, Plaintiff Ronshabus Griffin has suffered medical expenses, loss of earnings, impairment of his ability to earn, physical pain and suffering, mental anguish, permanent injuries and disabilities and disfigurement. Further, Plaintiff will incur future medical expenses and will suffer pain and mental anguish in the future as a result of his injuries.

WHEREFORE, the Plaintiff Ronshabus Griffin, demands judgment against the all of the Defendants for compensatory damages, punitive damages, and any other appropriate damages in an amount to be determined by the jury, plus costs.

*[signature]*
John I. Cottle III (COT004)
Attorney for Plaintiff

OF COUNSEL:
Bowles & Cottle
Attorneys at Law
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
Phone: (334) 283-6548
Fax: (334) 283-5366
Email: BowlesandCottle@aol.com

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues.

*[signature]*
Attorney for Plaintiff

*Note:* *Interrogatories and Requests for Production should have been served together with this Complaint. If you did not receive these discovery requests, please contact Plaintiff's Attorney.*

**EXHIBIT 3-6**