## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:06cv00555-MEF** |
| | ) | |
| **RONSHABUS GRIFFIN; SOUL INN, INC.;** | ) | |
| **and HPC ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COLONY INSURANCE COMPANY'S
### OPPOSITION TO RONSHABUS GRIFFIN'S
### MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Colony Insurance Company (hereinafter "Colony"), by and through counsel, and pursuant to this Court's Order of April 27, 2007 (Document no. 30) submits this Opposition to Ronshabus Griffin's Motion for Summary Judgment (Document no. 26), and would state that Griffin's Motion for Summary Judgment is not well taken and is due to be denied. In further support therefore,[1] Colony would show unto this Court as follows:

### A.     STATEMENT OF UNCONTESTED MATERIAL FACTS

Colony adopts the Statement of Uncontested Material facts as contained in Colony's Motion for Summary Judgment (Document no. 31, pp. 4-6) as if fully set forth herein.

Additionally, Colony disputes that portion of Griffin's "Facts" which states that the identity of the shooter is not known with certainty, that no arrests have been made and no

---

[1] Colony adopts the arguments and exhibits attached to its own Motion for Summary Judgment (Document no. 31) as if fully incorporated herein.

charges issued by any law enforcement agency (Document no. 27-1, p.3, lines 24-26); and that there appear to be no leads about the shooting and no charges or arrests are imminent or pending. (Document no. 27-1, p.4, lines 5-7).

John Brown and Travis McCullough have been indicted for their roles in the shooting at the Soul Inn nightclub, and charged with  violations of Ala. Code 1975, §13A-6-20 (first-degree assault) and §13A-6-24 (reckless endangerment) (Exhibits13 and 14, Macon County indictments in cases CC-06-118 and CC-06-141).[2]


**B.    STANDARD OF REVIEW**

F.R.C.P. 56 summary judgment is appropriate if this court finds that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. F.R.C.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Turnes v. AmSouth Bank, N.A.,* 36 F.3d 1057, 1061 (11th Cir. 1994). A dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "material" if it might affect the outcome of the case under governing law. *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996).

---

[2] Exhibits 1-12 are attached to Colony's motion for summary judgment (Document no. 31).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of the case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" To avoid summary judgment, the moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant's response consists of nothing more than conclusory allegations, the Court must enter summary judgment for the movant. *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989).

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Mize v. Jefferson City Board of Education*, 93 F.3d 739, 742 (11th Cir. 1996).

3

## C.    LEGAL ARGUMENT

Griffin's Motion for Summary Judgment is due to be denied for two separate, albeit related, reasons: (1) Griffin has failed to present any evidence, apart from conjecture, that the Soul Inn assailants were discharging their firearms in an "accidental" or "celebratory" manner; and (2) Macon County (Ala.) police statements and court documents affirmatively demonstrate that the Soul Inn assailants intended to discharge their weapons. Hence, the "assault and battery" exclusion in the Colony policy bars coverage for the events made the basis of the underlying lawsuit.[3]

Colony's Assault and Battery exclusion, form U0006 (7-02),states in pertinent part:

**Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)**    Assault and Battery committed by any person;

**(2)**    The failure to suppress or prevent assault and battery by any person;

**(3)**    The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

**(4)**    The negligent hiring, supervision, or training of any person;

---

[3] Griffin's motion for summary judgment concedes that there is no coverage under the Colony policy for Counts 1 and 5 of the underlying lawsuit (Document 27-1, p.7, line 5); hence, this Court need only decide whether there is coverage for Counts 2-4.

(5)     The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

(Exhibit 2).

### 1.     Griffin has not met his initial burden of demonstrating that the shooting was accidental.

Initially, Colony notes that Griffin has failed to proffer any evidence that the shootings at the Soul Inn nightclub were accidental or celebratory.

Griffin's Motion for Summary Judgment begins with the premise that "assault and battery" requires an intent to touch another in a hurtful or offensive manner, and thus Colony must prove that the assailants intended to shoot some persons present at the Soul Inn nightclub the evening of November 6, 2005. (Document no. 27-1, p.6). From there, Griffin speculates:

It is possible that the gun could have been discharged accidentally. It is also possible that the gun could have been discharged intentionally, but not under circumstances which would constitute an assault and battery. If, for example, the shooter intentionally discharged the firearm in a celebratory fashion (by firing it indiscriminately into the air, for example) then the discharge of the firearm, though amounting to wanton and reckless conduct, would not have constituted an assault and battery. Thus, the exclusion of Colony's policy would not apply.

(Document 27-1, p.7, lines 11-17). This is the gravamen of Griffin's motion for summary judgment.

However, Griffin provides absolutely no evidence that the assailants at the Soul Inn nightclub discharged their firearms accidentally, or in a celebratory manner. This failure to produce any evidence supporting his thesis is fatal to Griffin's motion for summary judgment.

5

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Unless the summary judgment movant meets his burden under Rule 56, the obligations of the opposing party do not arise even if no opposing evidentiary material is presented by the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). This is the rule regardless of which party would bear the burden of proof at trial. *Adickes*, 398 U.S. at 157. The Eleventh Circuit has long adhered to this rule:

> To summarize, the *Adickes* rule remains the general rule. The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

See, e.g., *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Because Griffin has not met his initial burden of demonstrating that the Soul Inn assailants discharged their firearms "accidentally" or in a "celebratory" fashion, Colony need not present evidence that there is a material issue of fact which precludes summary judgment.

Griffin's argument that Counts 2-4 of the underlying lawsuit are predicated upon the Soul Inn's negligence and not the Soul Inn assailants' assault and battery (Document no. 27-1, p. 7, lines 18-21 – p. 8, lines 1-7) does not change this analysis. The above-quoted exclusions clearly bar coverage for every claim in the underlying lawsuit, whether styled as "assault and

6

battery" or "negligence." Further, as Griffin's motion for summary judgment admits, "Colony may avoid coverage under the policy if it can prove that Griffin was, in fact, injured as the result of an assault and battery." (Document 2701, p.9, lines 5-6). Colony has proven that Griffin was injured as a result of the intentional acts of Brown and McCullough.

Last, Griffin argues that *Acceptance Insurance Co. v. Brown*, 832 So.2d 1 (Ala. 2001) mandates summary judgment on his behalf. Colony distinguished *Brown* from the instant case in its Motion for Summary Judgment (Document no. 31, pages 16-17) and adopts the same herein by reference.

### 2.    The Soul Inn Assailants Acted Intentionally.

Because Griffin's has failed to present any evidence that the Soul Inn assailants fired their weapons in an "accidental" or "celebratory" manner, the burden has not shifted to Colony to present evidence of a material issue of fact pertaining to the shooters' intent in order to defeat Griffin's motion for summary judgment. However, Colony will do so. As detailed in Colony's Motion for Summary Judgment, witness statements to the Tuskegee Police Department supply the requisite intent:

> On Saturday Nov 05, 2005 me and two of my friends went to the Soul Inn night club for Homecoming, while inside of the club John Brown walked by me and shook my hand and pull his shirt up about the same time to show me that he had a gun. John Brown walked to a table where Travis McCullough and about four other guys were standing. Then they walked over to where I was, trying to be funny I guess, then Travis looked at me real hard. Then walked off I thought that they had left the club but they went to the bathroom instead. I went to the bathroom to use it that's when I saw the same guys in the bathroom, while on my way out my friend Johnny walked into the bathroom, I remember Travis saying when I walked into the bathroom that the 380 was not big enough and he needed a 45. After Travis came out of the bathroom and made the statement to Johnny

7

don't be [ expletive deleted ] walking behind me. Travis then pulled a gun out and cocked it, one of the rounds hit the floor, Johnny stated to Travis you might need that one later on. Travis grabbed me and I snatched away from him, my friend Johnny ran and John Brown behind him started shooting. Travis started shooting inside the club that's when I ran.

/s/ Jessie Ferrell
11/7/05

(Exhibit 9). Ronshabus Griffin's own statement reflected that

Sometime on November 6, 2005 me and my friends went to the Soul Inn Night Club. I remember that it was after 2 oclock in the morning. My friend went the bar and bought a six pack of beer and after that someone started shooting on the inside of the club back towards the bar everybody got down on the floor. Once people started getting back up the shooting started again. I got hit the first time the shooting started. My friends took me to the hospital in Tallassee Ala. That's all I remember about this incident.

(Exhibit 10). A third witness gave the following statement:

Nov 5 2005 at the soul inn club John Brown and some of his friends brought guns into the club we warn security bot there wasn't [ portions deleted ] another search done. Later that night we walks into the bathroom John Brown and Friend walks in pistol cocked and aiming. Me and my partner turn to run John Brown and friends open up fire as I ran for safety. I can recognize John Brown and Friends if necsseary. (In of statement)

/s/ Johnnie Whitfield

(Exhibit 11). These statements demonstrate that Brown and McCullough acted intentionally in bringing loaded firearms into the Soul Inn nightclub, in brandishing the firearms, in using the firearms to intimidate patrons, and in discharging the firearms. Even if Brown and McCullough claim they did not "intend" to shoot their weapons, their actions are comfortably within the definition of "intentional" acts. See *Robinson v. Alabama*, 441 So.2d 1045, 1047 (Ala. Cr. App. 1983) ("One who intentionally draws a gun in response to or in anticipation of a

8

confrontation with another is certainly aware of the risk that the gun might discharge;

therefore, he cannot be guilty of mere criminal negligence. Appellant is guilty of either

murder or manslaughter or he was guilty of nothing at all.").

The indictments in Macon County (Ala.) CC-06-118, CC-06-141 are also

demonstrative of Brown's and McCullough's conduct on the night in question:

**THE STATE OF ALABAMA, MACON COUNTY**
**Circuit Court, Fall Term, 2006**

1.   The Grand Jury of Said County charges that before the finding of this
     Indictment John Brown, alias, whose name is otherwise unknown to the
     Grand Jury, did recklessly engage in conduct, by, to-wit: shooting inside
     the Soul Inn at Jesse Ferrell, which created a substantial risk of serious
     physical injury to, to-wit: Jesse Ferrell and others inside the nightclub,
     in violation of Section 13A-6-24 of the Code of Alabama, against the
     peace and dignity of the State of Alabama.

2.   The Grand Jury of Said County further charges that before the finding of
     this Indictment John Brown, alias, whose name is otherwise unknown to
     the Grand Jury, did with intent to cause serious physical injury to another
     person, cause serious physical injury to another person, to-wit,
     Ronshabus Griffin, by means of a deadly weapon or dangerous
     instrument, to-wit: a shotgun, pistol or rifle, a better description of
     which is otherwise unknown to the Grand Jury, in violation of Section
     13A-6-20 of the Code of Alabama, against the peace and dignity of the
     State of Alabama.

(Exhibit 13).[4] Ala. Code 1975, §13A-6-20 (first-degree assault) carries an explicit intent

element. Ala. Code 1975, §13A-6-14 (reckless endangerment) does not have an explicit intent

element. However, "intent ... being a state or condition of the mind, is rarely, if ever,

---

[4] Travis McCullough's indictment in CC-06-141, Exhibit 14, is substantially the
same.

susceptible of direct or positive proof, and must usually be inferred from the facts testified to by the witnesses and the circumstances as developed by the evidence." *C.G. v. State*, 841 So.2d 292, 301 (Ala. 2002), quoting *Pumphrey v. State*, 156 Ala. 103, 106, 47 So. 156, 157 (1908). The witness statements and, more tellingly, its inclusion of the reckless-endangerment charge alongside the first-degree assault charge in the indictment, demonstrates that Brown and McCullough's reckless-endangerment charge is predicated upon an intentional act.

The undisputed record evidence reflects that John Brown and Travis McCullough acted intentionally in brandishing their weapons; therefore, there is no coverage under the Assault and Battery exclusion of the Colony policy.

### 3.    Griffin is not entitled to summary judgment on his counterclaim.

Last, Griffin's motion for summary judgment on his counterclaim for medical payments under the Colony policy is due to be denied. The Colony medical-payments provision states, in pertinent part:

### COVERAGE C MEDICAL PAYMENTS

1.    **Insuring Agreement**

    a.    We will pay medical expenses as described below for "bodily injury" caused by an accident:
        **(1)**    On premises you own or rent;

...

### 2.    Exclusions

We will not pay expenses for "bodily injury":

...

#### g.    Coverage A Exclusions

Excluded under Coverage A.

(Exhibit 12, p.12-7, Coverage C, ¶¶1(a), (g)).

Griffin does not qualify for the $5,000 medical payment because he was not an intended beneficiary of the insurance contract between HPC and Colony, and because he is otherwise excluded under Coverage A.

To recover under a third-party beneficiary theory, the complainant must show: (1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) that the complainant was the intended beneficiary of the contract; and (3) that the contract was breached. *The Collins Co. v. City of Decatur*, 533 So.2d 1127, 1132 (Ala. 1988), citing *Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So.2d 99, 101-02 (Ala. 1987). The party claiming standing to sue as a third-party beneficiary of a contract bears the burden of establishing that the contracting parties intended to bestow a benefit upon it. *Weathers Auto Glass v. Alfa*, 619 So.2d 1328, 1329 (Ala. 1993).[5] Griffin has failed to meet this burden.

---

[5] Colony's Motion for Summary Judgment (Document no. 31, pp.22-24) contains a more thorough discussion of this issue.

The intent of the contracting parties, as expressed in the contract, determines whether a nonsignatory is a third-party beneficiary. *Ex parte Stamey*, 776 So.2d 85, 92 (Ala. 2000). In this case, Griffin has offered no evidence that Colony and HPC intended to bestow a benefit upon him when Colony issued the Colony policy to HPC. Further, any benefit bestowed to Griffin under the Colony policy would be incidental, rather than direct. *Weathers Auto Glass v. Alfa*, 619 So.2d 1328, 1329 (Ala. 1993); *Watson v. Water Works Board*, 480 So.2d 1190, 1193 (Ala. 1985).

Further, even if Colony and HPC had intended to confer a direct benefit upon Griffin at the time the Colony policy was issued, the Assault and Battery exclusion would preclude Griffin from being entitled to the medical-payment coverage under Coverage C. Exclusion (g) to Coverage C states that there is no medical payments for any persons "excluded under Coverage A." (Exhibit 12, p.12-7, Coverage C, ¶1(g)).

Coverage A is the bodily injury and property damage agreement between Colony and HPC. (Exhibit 12, p.12-1, Coverage A). However, Coverage A is modified by the Assault and Battery exclusion, which states, in pertinent part:

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** is amended and the following added:

**Assault and Battery**

This insurance does not apply to ...

12

(Exhibit 2). The Colony policy's Assault and Battery exclusion modified the Exclusions section of the Colony policy's Coverage A to preclude coverage for Griffin. Accordingly, for the same reasons why there is no coverage to HPC for Griffin's claims in the underlying lawsuit, Griffin is not entitled to claim third-party status to obtain $5,000 in medical payments under the Colony policy.

## D.    CONCLUSION

WHEREFORE, for the above-stated reasons and citations to authority, plus the arguments and citations to authority contained in its own Motion for Summary Judgment (Document no. 31) and incorporated herein by reference, Plaintiff Colony Insurance Company prays that this Court will enter an order denying Ronshabus Griffin's Motion for Summary Judgment in the above-styled case. Colony additionally prays that this Court will grant such further, other, or different relief to which it may be equitably entitled, whether specifically prayed herein or not.

Respectfully submitted this 9th day of May, 2007.

/s  JASON J. BAIRD
**ALGERT S. AGRICOLA** (ASB 0364-R79A, AGR001)
**JASON J. BAIRD** (ASB BAI035, 9955- D67J)

13

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter-Loeb Building, Suite 101
105 Tallapoosa Street
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:06cv00555-MEF** |
| | ) | |
| **RONSHABUS GRIFFIN; SOUL INN, INC.;** | ) | |
| **and HPC ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send copies to the following attorneys of record:

John I. Cottle, Esq.
Bowles & Cottle
P.O. Box 780397
Tallassee, AL 36078
BowlesandCottle@aol.com
*Counsel for Ronshabus Griffin*

Albert Bulls, Esq.
P.O. Box 1233
Tuskegee, AL 36087
acbulls@charter.net
*Counsel for HPC Entertainment Group, Inc.*


/s/ Jason J. Baird
OF COUNSEL

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\OppositionGriffinMSJ.wpd

15

# EXHIBIT 13

## THE STATE OF ALABAMA

Circuit Court, _____ COUNTY

_____ Term, 20 ____

**To the Sheriff of said County:**

I hereby certify that this is a true and complete copy of the Indictment presented to the Court by the Grand Jury of said County against

John Lee Brown

charged with Reckless Endangerment Assault 1st together with all endorsements on said Indictment, and that the trial is set for Sept 25, 2006

or his counsel.

Witness my hand, this _____ 20 ____

_____ Clerk

I hereby certify that I have received above stated copy of Indictment from the Circuit Court Clerk of said County and served same on

John Brown

at 9:20 o'clock A.M. Sept. 7 2006

David M. Warren

_____ .Sheriff

_____ .D.S.

---

No. CC-06-118 Court

## THE STATE OF ALABAMA

MACON COUNTY

### CIRCUIT COURT

FALL _____ Term, 20 06

John Brown

THE STATE vs.

### INDICTMENT

Reckless Endangerment

Assault First Degree

WITNESSES:

James Nelms

No Prosecutor

---

Grand Jury No. 60, 209

A TRUE BILL: ---

_____ Foreman Grand Jur

Filed in open Court on the 25th day of
August _____ 20 06
in the presence of the Grand Jury.

Eddie W. Wallace Clerk

Presented to the presiding Judge in open Court by the Foreman of the Grand Jury, in the presence of

No other

Grand Jurors, and filed by order of the Court this 25th day of August 20 06

Eddie W. Wallace Clerk

Bail fixed at $ 25,000 TOTAL

this 25th day of August 20

Ray Martin Judge Presiding

NEW Bond

INDICTMENT

# THE STATE OF ALABAMA, MACON COUNTY

## Circuit Court, Fall Term, 2006

1. The Grand Jury of Said County charges that before the finding of this Indictment John Brown, alias, whose name is otherwise unknown to the Grand Jury, did recklessly engage in conduct, by, to-wit: shooting inside the Soul Inn at Jesse Ferrell, which created a substantial risk of serious physical injury to, to-wit: Jesse Ferrell and others inside the nightclub, in violation of Section 13A-6-24 of the Code of Alabama, against the peace and dignity of the State of Alabama.

2. The Grand Jury of Said County further charges that before the finding of this Indictment John Brown, alias, whose name is otherwise unknown to the Grand Jury, did with intent to cause serious physical injury to another person, cause serious physical injury to another person, to-wit: Ronshabus Griffin, by means of a deadly weapon or dangerous instrument, to-wit: a shotgun, pistol or rifle, a better description of which is otherwise unknown to the Grand Jury, in violation of Section 13A-6-20 of the Code of Alabama, against the peace and dignity of the State of Alabama.

I, David R. Love, Jr., Clerk of Macon County Circuit Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appears of record in said Court. Witness my hand this 2ᴺᴰ day of Nov, 2007

David R. Love, Jr.
Clerk, Macon County Circuit Court

District Attorney of the Fifth Judicial Circuit

# EXHIBIT 14

# THE STATE OF ALABAMA

_____ COUNTY

Circuit Court, _____ Term, 20 ___

**the Sheriff of said County:**

I hereby certify that this is a true and complete copy of the Indictment presented to the Court by the Grand Jury of said County against

_Travis McCullough_

charged with

together with all endorsements on said Indictment, and that the trial is set for ___ Oct. 16 ___ 20 06

9:00 A.m.

_____ as counsel.

Witness my hand, this _____ 20 ____

_____ Clerk

I hereby certify that I have received above stated copy of Indictment from the Circuit Court Clerk of said County and served same on

_Travis McCollough_

9:55 o'clock A. M., Oct. 11, 2006

_David M Warren_

SB Mild Warren, Sheriff

_____ D.S.

---

No. CC-06-141 ___ Court

# THE STATE OF ALABAMA

MACON _____ COUNTY

## CIRCUIT COURT

FALL _____ Term, 20 06

THE STATE
vs.
Travis McCollough

### INDICTMENT

Reckless Endangerment

Assault First Degree

**WITNESSES:**

James Nelms

No Prosecutor

---

Grand Jury No. 59, 208

A TRUE BILL: —

_Mild Doy_

Foreman Grand Jury

Filed in open Court on the ___25th___ day of _____ 20 06

in the presence of the Grand Jury.

_Eddie W. Wallud_ Clerk

Presented to the presiding Judge in open Court by the Foreman of the Grand Jury, in the presence of

14 _____ other

Grand Jurors, and filed by order of the Court this

___25th___ day of ___August___ 20 06

_Eddie W. Wallud_ Clerk

Bail fixed at $ 25, 000. 00 TOTAL

this ___25th___ day of ___August___, 20 06.

_Ray Martin_

Judge Presiding

NEW Bond

NEW Bond

INDICTMENT

# THE STATE OF ALABAMA, MACON COUNTY

## Circuit Court, Fall Term, 2006

1. The Grand Jury of Said County charges that before the finding of this Indictment Travis McCollough, alias, whose name is otherwise unknown to the Grand Jury, did recklessly engage in conduct, by, to-wit: shooting inside the Soul Inn at Jesse Ferrell, which created a substantial risk of serious physical injury to, to-wit: Jesse Ferrell and others inside the nightclub, in violation of Section 13A-6-24 of the Code of Alabama, against the peace and dignity of the State of Alabama.

2. The Grand Jury of Said County further charges that before the finding of this Indictment Travis McCollough, alias, whose name is otherwise unknown to the Grand Jury, did with intent to cause serious physical injury to another person, cause serious physical injury to another person, to-wit: Ronshabus Griffin, by means of a deadly weapon or dangerous instrument, to-wit: a shotgun, pistol or rifle, a better description of which is otherwise unknown to the Grand Jury, in violation of Section 13A-6-20 of the Code of Alabama, against the peace and dignity of the State of Alabama.

I, David R. Love, Jr., Clerk of Macon County Circuit Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appears of record in said Court. Witness my hand this ___ day of _____ , 20__

David R. Love, Jr.
Clerk, Macon County Circuit Court

District Attorney of the Fifth Judicial Circuit