IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:06 cv 555-VPM |
| | ) | |
| v. | ) | |
| | ) | |
| RONSHABUS GRIFFIN and HPC | ) | |
| ENTERTAINMENT GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STRIKE SUBMISSIONS**

Comes now the Defendant, Ronshabus Griffin, and moves the Court to strike the following submissions of Plaintiff in connection with Plaintiff's Motion for Summary Judgment, as well as in connection with Plaintiff's Opposition to Defendant Ronshabus Griffin's Motion for Summary Judgment:

1. Exhibit "4," pages 11, 12 and 16;

2. Exhibit "9," pages 1 and 2;

3. Exhibit "11."

As grounds for this Motion, Defendant contends that the above designated exhibits constitute inadmissible hearsay and are due to be stricken from Colony's submissions and not considered by the Court. "Inadmissible hearsay cannot be considered on a motion for summary judgment." *Doe v. Lee,* 220 F.Supp. 2d 1307, 1311 (M.D. Ala. 2002). *See also*, *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir. 1999) (recognizing the general rule that inadmissible hearsay cannot be considered on a motion for summary judgment). The exhibits to which Defendant Griffin objects are statements

1

of two witnesses contained within City of Tuskegee police reports. The statements recount the events that occurred at the Soul Inn leading up to the time when Defendant Griffin was shot. Exhibit "4" page 11 and 12 is a handwritten statement signed by Jessie Ferrell describing the events, as Ferrell saw them, that occurred on the night of the shooting. Likewise, Exhibit "4" page 16 is the written statement of Johnie Whitfield which also describes the events surrounding the shooting. Exhibit "9" pages 1 and 2 is a duplicate of Ferrell's statement, and Exhibit "11" is a duplicate of Whitfield's statement.

All of the above statements were made out of court and the declarants were not subject to cross-examination. Plainly, the statements are hearsay. Hearsay is inadmissible except as otherwise provided by the Federal Rules of Evidence. Fed. R. Evid. 802. The police report itself is an out of court declaration and it is not clear from the context of its submission to the Court that it comes within any exception to the hearsay rule. Assuming arguendo that the police report itself falls within a hearsay exception, the specific statements objected to are nevertheless still excluded by Fed. R. Evid. 802. The 11th Circuit held exactly that when squarely faced with the issue of whether a witness's statement in a police report was admissible over a hearsay objection. The Court stated as follows:

> Statements in police reports made by individuals other than the reporting officer…. constitute hearsay upon hearsay, and are therefore inadmissible. *United States v. Walthour,* 202 Fed.Appx. 367 (11th Cir. 2006)[1] (citing *In re Boshears*, 110 Fed.3rd 1538, 1542, n.4 (11th Cir. 1997).

The 11th Circuit has, from time to time, suggested that in limited situations, hearsay may be used to oppose a summary judgment motion if the hearsay can be

---

[1] Although *Walthour* is an unpublished opinion and not considered binding precedent, it is entitled to be granted persuasive authority under 11th Cir. R. 36-2. *Boshears*, on the other hand, is a published opinion and is binding precedent.

2

"reduced to admissible evidence at trial." *Macuba v. Deboer,* 193 Fed.3d 1316, 1323 (11th Cir. 1999). *Macuba* interprets this language to mean that "the out of court statement made to the witness (the Rule 56(c) affiant or the deposition deponent) must be admissible at trial for some purpose." *Id.* 1323. In this case, the out of court statements consist of the written statements of two persons who supposedly witnessed the events occurring at the Soul Inn on the night of the shooting. There is absolutely no purpose whatsoever for which these statements might be admitted at the trial of either this case or the underlying State case in which Griffin is suing HPC. They are not admissible for any non-hearsay purpose, and they do not fall under any recognized exception to the hearsay rule. The only proper way to get this information into evidence is to call as witnesses, the individuals who gave the statements and examine them under oath. Plaintiff could have circumvented the problem it now faces by contacting these persons and obtaining affidavits from them. Plaintiff has not done this. The statements contained in the police report are clearly hearsay within hearsay, do not come within any recognized exception to the hearsay rule, and are due to be stricken from the Plaintiff's submissions.

/s/John I. Cottle, III
JOHN I. COTTLE III (COT004)
Attorney for Defendant Ronshabus Griffin

OF COUNSEL:
Bowles & Cottle
P.O. Box 780397
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) BowlesandCottle@aol.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 16, 2007, I electronically filed the forgoing with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following:

Algert S. Agricola, Esq.
Jason J. Baird, Esq.
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

Albert C. Bulls III
Attorney at Law
P. O. Box 1233
Tuskegee Institute, Alabama  36087

                                            /s/John I. Cottle III_____
                                            Of Counsel