**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:06 cv 555-VPM** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RONSHABUS GRIFFIN and HPC** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT RONSHABUS GRIFFIN'S BRIEF IN OPPOSITION TO COLONY**
**INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendant, Ronshabus Griffin, and submits this Brief in

opposition to the Motion for Summary Judgment filed herein by Plaintiff, Colony

Insurance Company (hereinafter, "Colony").  Defendant Griffin also adopts the

arguments made herein in reply to Colony's Opposition to Ronshabus Griffin's Motion

for Summary Judgment.

## SUBMISSIONS

Griffin adopts and incorporates herein the submissions previously tendered to the

Court in connection with Griffin's own Motion for Summary Judgment.

## FACTS

The facts of this case are thoroughly set out in the briefs heretofore filed with the

Court.  Griffin will not restate the facts, but will incorporate herein the factual allegations

contained in his brief filed in support of his Motion for Summary Judgment against

Colony, with the following exceptions.   Griffin acknowledges that his previous

statement of the facts contained errors which he was unaware of at the time the initial

brief was filed.  Griffin has now learned that, in fact, two arrests have been made in connection with the shooting in the Soul Inn and that John Brown and Travis McCullough have been charged with reckless endangerment and first degree assault in connection with their alleged roles in the shooting.  Otherwise, Defendant Griffin adopts his prior statement of the facts as being accurate.

## ARGUMENT

I.    **Griffin has established with uncontroverted evidence that HPC Entertainment Group is entitled to coverage under the Colony policy and that no policy exclusion can be established by Colony to preclude coverage.**

Griffin has come forward with uncontradicted evidence that establishes the following:

1.    Colony issued a general liability insurance policy to HPC Entertainment Group (hereinafter "HPC") which indemnifies HPC against claims related to "bodily injury" or "property damage" which HPC becomes legally obligated to pay.

2.    On November 6, 2005, Defendant Griffin sustained bodily injury when he was hit by gunfire while a patron at the Soul Inn, a club in Macon County, Alabama, owned and operated by HPC.

3.    The aforesaid general liability policy was in effect on the date Griffin sustained bodily injury.

4.    Griffin has made a claim against HPC for the bodily injuries he sustained on November 6, 2005.

Griffin has thus made out a prima facie case for coverage under the policy in question.  Colony argues, however, that Griffin has the burden of showing that an assault and battery exclusion which was added to the policy by endorsement, is inapplicable to

the present case by affirmatively proving that Griffin was not injured by an assault and battery. Colony relies on *Adickes v. S.H. Cress & Company* 398 U.S. 144 (1970) in support of this contention. Colony's argument mischaracterizes the holding of *Adickes*. *Adickes* merely holds that the proponent of a summary judgment motion has the burden of demonstrating the absence of a genuine issue or material fact as to every element of the cause of action. Griffin's burden, in the context of these cross-motions for summary judgment, is to put forward a prima facie case that HPC is entitled to coverage under the Colony policy and that no exclusion applies. Griffin has done this. It is not necessary for Griffin to prove that an assault and battery did not occur in order to establish that the assault and battery exclusion is inapplicable. It is sufficient that Griffin merely prove that Colony will not be able to establish facts sufficient to support an assault and battery. Stated differently, if Griffin can prove there is coverage but for the exclusion, and if Griffin can further prove that there are insufficient facts available to establish the exclusion, Griffin is entitled to summary judgment. Griffin does not have to prove that an assault and battery did not occur. Griffin merely has to prove that there is no evidence available by which Colony can prove that an assault and battery did occur.

Plainly, the burden of proof to establish the applicability of an exclusion rests solely with Colony. *Fleming v. Ala. Farm Bureau Mut. Cas. Ins. Co.,* 293 Ala. 719, 310 So.2d 200 (1975) *and Acceptance Ins. Co. v. Brown,* 832 So.2d 1 (Ala. 2001) The fact that the issues now before the Court have been raised by cross-motions for summary judgment does not alter or reverse the burden of proof imposed upon Colony to establish the applicability of the policy exclusions. The cases cited by Colony do not support its argument in this regard.

Colony argues, in its own motion for summary judgment, that it has come forward with sufficient evidence to establish that Griffin was injured as the result of a battery.[1] In furtherance of this argument, Colony would have the Court adopt a definition of battery that encompasses negligence. Colony cites two cases, *Franklin v. Huntsville,* 670 So.2d 848 (Ala. 1995) and *Birmingham v. Thompson,* 404 So.2d 589 (Ala. 1981), that, it contends, hold that a battery can be committed through negligence. By urging this Court to adopt this position, Colony hopes to avoid the burden of producing evidence that the Soul Inn assailants acted with intent that someone should be struck with a bullet – a burden that Colony plainly cannot meet. A close reading of *Franklin* and *Thompson*, however, will reveal that neither case abrogates the element of intent as an essential element of battery.

In the case of *City of Birmingham v. Thompson,* the Alabama Supreme Court was faced with a claimant who alleged he was unjustifiably beaten by police officers while in the Birmingham jail. Plaintiff alleged at trial that certain police officers were guilty of negligence in connection with these injuries.[2] The City moved for a directed verdict on the grounds that the evidence failed to establish negligence on the part of any municipal employee. The Court, in holding that the evidence was sufficient to allow a finding of negligence, focused on the allegation that the police officers used excessive force in

---

[1] Assault and battery are actually two distinct and separate torts or crimes, as the case may be. Assault consists of threatening conduct which places another party in apprehension of immediate danger. Assault may or may not involve physical contact. Battery, on the other hand, necessarily involves some type of physical touching. It seems evident from the wording of the assault and battery exclusion that the term "assault and battery" is intended to be synonymous with the traditional understanding of the term battery. Defendant Griffin will use the term battery as if it were synonymous with the term "assault and battery" as used by the policy endorsement.

[2] It was essential in *Thompson* for Plaintiff to establish that the injury occurred through negligence in order to recover. A code section in effect at the time (§11-47-190, Code of Alabama 1975) provided immunity to municipalities for personal injuries unless the injury was caused by "neglect, carelessness or unskillfullness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty."

subduing the Plaintiff. The Court noted that the officers were justified in using reasonable force against the Plaintiff to control his conduct. The Court held, that under the facts of the case, it was possible for the police officers to have negligently used more force than was reasonable to subdue the Plaintiff. If a jury so found, the finding could be construed as an act of negligence. This holding, while arguably a strange construction of the law, in no way alters or amends the well-established definition of a battery which has repeatedly been held to include an intentional touching of the Plaintiff conducted in a harmful or offensive manner. *Ex parte Atmore Cmty. Hosp.,* 719 So.2d 1190 (Ala. 1998) and *Harper v. Winston County,* 892 So.2d 346 (Ala. 2004). Simply put, there cannot be a battery when the initial touching or striking was unintended. In this case, there cannot be a battery unless the Soul Inn assailants intended their gunfire to strike someone.

Colony next argues that the police report submitted to the Court, and the written statements of witnesses it contains, presents a sufficient basis for the Court to conclude that the Plaintiff's injuries were the result of a battery. The police report, however, as well as the statements of the witnesses contained in the report, constitute hearsay. The witnesses' statements, coming as they do within the police report itself, are hearsay within hearsay. Griffin has filed a motion to strike these portions of Colony's submissions. Even, however, if the Court accepts the hearsay within hearsay statements submitted by Colony, the record still does not establish that Griffin's injuries were the result of a battery. The fact that John Brown and Travis McCullough have been indicted in connection with the shooting does not establish that they committed a battery. They have not yet been convicted of any crime. Furthermore, there is nothing in the statements that establishes that those persons firing weapons inside the Soul Inn intended to hit

anyone with their shots.  Again, the intent to touch or strike is an essential element of

battery.  The firing of a weapon under circumstances such that the shooter does not intend

to hit another with his gunfire does not constitute a battery, even if the firing was done

recklessly and a bystander was injured as a result.  It is the intent to strike or touch

another (or in this case, to hit another with a bullet) rather than the intent to pull the

trigger that differentiates battery from reckless endangerment.[3]  Were the Court to

overrule Griffin's motion to strike the witnesses' statements, the Court would have before

it evidence suggesting that the assailants deliberately fired weapons in the Soul Inn on the

evening of November 6, 2005.  The Court **would not,** however, have evidence

establishing that the assailants intended that those bullets strike anyone.  Without proof of

such intent, Colony cannot establish that a battery occurred.  As it is Colony's burden to

establish its exclusion, Colony's motion for summary judgment is due to be denied.

Conversely, Griffin's motion is due to be granted.

## II.    Griffin is entitled to recover reimbursement under Coverage C of the Colony policy.

Coverage C of the Colony policy obligates Colony to pay the medical expenses of

persons injured on the insured's premises.  Coverage C **does not** provide for

indemnification to the insured if a claim is made against the insured for medical

expenses.  Rather, coverage C simply states that Colony will pay the medical expenses of

any person suffering bodily injury on the insured's premises, subject to certain

exclusions.

Colony argues that Griffin has no standing to make a claim under coverage C

because, as Colony disingenuously puts it, neither Colony not HPC "intended to bestow a

---

[3] Reckless endangerment is defined in §13A-6-24, Code of Alabama 1975, as "recklessly [engaging] in conduct which creates a substantial risk of serious physical injury to another person."

direct benefit upon him under the insurance contract." (Colony's Brief in Support of Motion for Summary Judgment, p. 23)  If the language of Coverage C does not reflect an intent to bestow a direct benefit upon persons injured on the premises of HPC, it is difficult to imagine what would.  The argument of Colony, in this regard, borders on frivolous.  Colony's position begs the question, if an injured patron of HPC cannot make a claim under Coverage C, then who in the wide world could?  If Colony's argument that Griffin has no standing to make this claim is accepted, then Coverage C becomes absolutely meaningless.  Colony is arguing that notwithstanding the plain language of Coverage C, it can pay the medical expenses of HPC's injured patrons or not, as it sees fit, and that if it determines not to pay those expenses, no one has standing to challenge its decision.  In effect, there would be no remedy if Colony ignored those obligations of its policy.  With all due respect, that position is absurd.  Coverage C of this policy provides a classic example of a third party beneficiary contract.  The coverage in question expressly intends to provide a direct benefit to any patron of the Soul Inn injured on the premises.  Griffin was such a patron, was injured, was intended to be benefited by Coverage C of the policy, and is entitled to recover benefits.

        Colony goes on to argue that even if Griffin has standing to bring this action, Griffin is not entitled to recover because the assault and battery exclusion bars recovery. It takes a magnificent amount of mental gymnastics to reach such a conclusion.  The assault and battery exclusion provides unequivocally on its face that it applies only to Coverage A and B of the policy.  Coverage C is mentioned nowhere in the endorsement. The language of Coverage C itself states that the exclusions of Coverage A also apply to Coverage C, however, the exclusions listed in Coverage A, within the policy itself, do not

contain the assault and battery exclusion.  The assault and battery exclusion was added to

Coverage A and B by endorsement.  No credible construction of the policy language

leads to the conclusion that the assault and battery exclusion is applicable to Griffin's

claim under Coverage C.  The plain language of the endorsement limits its application to

Coverages A and B.  Further, it is a well established principle that ambiguities in

insurance contracts are construed liberally in favor of the insured and strictly against the

insurer.  *National Union Fire Ins. Co. v. Leeds,* 530 So.2d 205 (Ala. 1988) and *St. Paul*

*Fire and Marine Ins. Co. v. Edge Memorial Hosp.,* 584 So.2d 1316 (Ala. 1991).  There is

little ambiguity here – the assault and battery exclusion is clearly not intended to apply to

coverage C.  To the extent, however, that the Court might find some degree of ambiguity

in this policy, that ambiguity must be resolved against Colony.  Griffin is entitled to

summary judgment on his claim under Coverage C of the policy.


                                                    /s/John I. Cottle, III
                                                    JOHN I. COTTLE III (COT004)
                                                    Attorney for Defendant Ronshabus Griffin

OF COUNSEL:
Bowles & Cottle
P.O. Box 780397
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) BowlesandCottle@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2007, I electronically filed the forgoing with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following:

Algert S. Agricola, Esq.
Jason J. Baird, Esq.
 SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

Albert C. Bulls III
Attorney at Law
P. O. Box 1233
Tuskegee Institute, Alabama  36087

/s/John I. Cottle III_____
Of Counsel