IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:06cv00555-MEF |
| ) | |
| RONSHABUS GRIFFIN; SOUL INN, INC.; ) | |
| and HPC ENTERTAINMENT GROUP, INC.,) | |
| ) | |
| Defendants. ) | |

**COLONY INSURANCE COMPANY'S
RESPONSE TO RONSHABUS GRIFFIN'S OPPOSITION
TO COLONY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Colony Insurance Company (hereinafter "Colony"), by and through counsel, and pursuant to this Court's Order of May 7, 2007 (Document no. 32) submits this Response to Ronshabus Griffin's Opposition to Colony's Motion for Summary Judgment (Document no. 37) (hereinafter "Griffin's Opposition"), and would state that Griffin's Opposition is not well taken and is due to be overruled and denied. In further support therefore, Colony would show unto this Court as follows:

Colony adopts the arguments and evidentiary exhibits attached to its Motion for Summary Judgment (Document no. 31) and Opposition to Griffin's Motion for Summary Judgment (Document no. 33) as if fully set forth herein.

**1.    Colony Is Entitled to Summary Judgment As To Its Declaratory Action.**

Griffin first claims that he has "made out a prima facie case for coverage" under the Colony policy, and that Colony now argues that "Griffin has the burden of showing that an

assault and battery exclusion which was added to the policy by endorsement, is inapplicable to the present case by affirmatively proving that Griffin was not injured by an assault and battery." Griffin further claims that Colony "mischaracterizes" the holding in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). (Document no. 37, p. 2, lines 18-20 – p. 3, lines 1-3). Griffin is incorrect. As demonstrated in Colony's prior pleadings addressed to this issue, Griffin has not and cannot make a prima facie case for coverage under the Colony policy. With respect to the summary judgment movant's burden of proof, Griffin is conflating Colony's Opposition to Griffin's cross-Motion for Summary Judgment (Document no. 33) with Colony's own Motion for Summary Judgment (Document no. 31). Colony's Opposition to Griffin's cross-Motion for Summary Judgment noted that Griffin offered absolutely <u>no</u> evidence supporting his speculation that the assailants at the Soul Inn nightclub discharged their firearms accidentally, or in a celebratory manner, and thus Griffin's cross-Motion for Summary Judgment was due to be denied on that basis alone, citing *Adickes*, 398 U.S. at 160; and *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). (Document no. 33, p. 5, lines 22-25 – p. 6, lines 1-19).

Griffin next attempts to distinguish *Franklin v. Huntsville*, 670 So.2d 848 (Ala. 1995) and *Birmingham v. Thompson*, 404 So.2d 589 (Ala. 1981) from the instant case because in *Thompson* the plaintiff could not recover damages from the municipal defendant unless the assault and battery were deemed to be unintentional. (Document no. 37, p.4, n.2). That is a distinction without a difference. *Franklin*'s and *Thompson*'s relevance to the instant case lies in their recognition of negligent assault and battery; i.e., "an assault and battery committed

2

under either circumstance, because 'unskilled,' would be a negligent assault and battery ..." *Thompson*, 404 So.2d at 592. Thus, Griffin's core premise in opposing the relief sought in Colony's complaint for declaratory relief, that assault and battery always requires an intentional act, is incorrect. Griffin additionally claims that by advancing the "negligent assault and battery" argument in its Motion for Summary Judgment, "Colony hopes to avoid the burden of producing evidence that the Soul Inn assailants acted with intent that someone should be struck with a bullet – a burden that Colony plainly cannot meet." (Document no. 37, p. 4, lines 7-9). This claim is patently meritless. A cursory review of Colony's Motion for Summary Judgment, including the evidentiary submissions, reveals that Colony's "negligent assault and battery" argument (Document no. 31, p.12, lines 19-24) was supererogatory to the other arguments raised in Colony's Motion for Summary Judgment.

Griffin next asserts that the City of Tuskegee Police Department witness statements attached to Colony's Motion for Summary Judgment are due to be struck as "hearsay within hearsay." (Document no. 37, p. 5, lines 15-17). That assertion is incorrect. Colony is filing, contemporaneously with this Response, a Response to Griffin's Revised Motion to Strike Colony's evidentiary submissions, which conclusively rebuts Griffin's arguments with respect to the admissibility of the police report's witness statements. Colony last notes that even if the witness statements were due to be struck as hearsay (and they are not) the remaining exhibits appended to Colony's pleadings conclusively demonstrate that the Soul Inn assailants acted intentionally on the night in question. In particular, the Tuskegee Police Department investigated this as a case of first-degree assault from the very beginning (Exhibit 4-2, boxes

3

30, 31, and 33); John Brown was named in the criminal complaint for firing two separate handguns, a 9-millimeter and .380-caliber handgun (Exhibit 4-5); Brown was charged with witness intimidation (Exhibit 4-8); Travis McCullough was charged in the criminal complaint for firing two separate handguns, a 9-millimeter and .380-caliber handgun (Exhibit 4-18); and McCullough was charged with "shooting inside the Soul Inn at Jessie Ferrell" (Exhibit 4-22). Even in the absence of the witness statements, the Tuskegee Police Department records demonstrate the intentional nature of the Soul Inn shooting.

Perhaps in recognition of the weakness of his Revised Motion to Strike Colony's evidentiary submissions, Griffin next claims that even when the Tuskegee Police Department's witness statements are considered, "there is nothing in the statements that establishes that those persons firing the weapons inside the Soul Inn intended to hit anyone with their shots." (Document no. 37, p. 5, lines 22-23 – p. 6, line 1). Griffin offers absolutely no legal authority or evidence to bolster his newly-minted claim[1] that even though the Soul Inn assailants deliberately fired their weapons on the night in question, they did not intend to hit anyone. Griffin's unsupported speculation falls far short of meeting his burden in responding to Colony's Motion for Summary Judgment. See, e.g., *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989) (if the non-movant's response

---

[1] Griffin's factual assertions and legal arguments appear to evolve as the evidence develops.

4

consists of nothing more than conclusory allegations, the Court must enter summary judgment for the movant). Additionally, Griffin's conjecture that Brown and McCullough may have intended to fire their weapons without intending that the bullets strike anyone is flatly impossible as a matter of law. See, e.g., *Robinson v. Alabama*, 441 So.2d 1045, 1047 (Ala. Cr. App. 1983) ("One who intentionally draws a gun in response to or in anticipation of a confrontation with another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence"), cited in Colony's Motion for Summary Judgment.

Colony's Motion for Summary Judgment and Opposition to Griffin's cross-Motion for Summary Judgment conclusively demonstrate that John Brown and Travis McCullough acted intentionally on the night in question, and committed assault and battery at the Soul Inn nightclub on the night in question. Griffin's Opposition has failed to present any evidence demonstrating a genuine issue of material fact requiring this case to proceed to trial. Colony is entitled to summary judgment.

2. **Colony Is Entitled to Summary Judgment As To Griffin's Counterclaim For Medical Payments.**

Griffin first broadly asserts that he has standing to sue for medical payments because, he claims, Colony and HPC Entertainment Group, Inc. (HPC) intended to bestow a direct benefit upon him at the time HPC purchased the Colony policy. (Document no. 37, p.7, lines 2-16). As noted in Colony's Motion for Summary Judgment (Document 31, pp. 23-24), a

plaintiff who is claiming standing to sue as a third-party beneficiary under a contract must establish that the parties intended, upon execution of the contract, to bestow a direct benefit, as opposed to an incidental benefit, upon the third party. *Weathers Auto Glass v. Alfa*, 619 So.2d 1328, 1329 (Ala. 1993); *The Collins Co. v. City of Decatur*, 533 So.2d 1127, 1132 (Ala. 1988). Griffin presumably cannot speak for Colony's or HPC's intentions at the time the Colony policy was issued to HPC. Colony also notes that despite the apparent cooperation between Griffin and HPC in this declaratory action, as evidenced by the similarities in Griffin's and HPC's responses to Colony's interrogatories and requests for production (Exhibits 7 and 8), and HPC's Howard P. Carter's April 12, 2007 affidavit in support of Griffin's Motion for Summary Judgment (Document no. 26), Howard P. Carter has not submitted an affidavit attesting that he intended at the time of contracting with Colony to bestow a direct benefit upon Ronshabus Griffin or any nightclub patron. Griffin is not a third-party beneficiary of the Colony policy issued to HPC, and is not entitled to medical benefits thereupon.

Last, Griffin asserts that the Colony policy's Assault and Battery exclusion does not bar him from recovering medical payment benefits, because "[t]he assault and battery exclusion provides unequivocally on its face that it applies only to Coverage A and B of the policy. Coverage C is mentioned nowhere in the endorsement." (Document no. 37, p. 7, lines 19-21). Griffin's assertion is incorrect.

Griffin seeks medical payments under the Colony policy's Coverage C. Coverage C, exclusion (g), specifically excludes persons excluded under Coverage A from receiving

medical payments under Coverage C. (Exhibit 12, p.12-7, Coverage C, ¶1(g)).[2] Thus, if Griffin is excluded from Coverage A, then he is excluded from Coverage C's medical payments provision. The Assault and Battery exclusion specifically states that "Coverage A Bodily Injury and Property Damage Liability ... is amended" pursuant to the assault and battery exclusion thereto. (Exhibit 2). Thus, the Assault and Battery exclusion amended Coverage A so as to exclude any coverage arising from assault and battery – that is, to exclude any medical payment coverage to Griffin.

Griffin appears to make a related argument that the Colony policy's Coverage A cannot be modified by endorsement. (Document no. 37, p. 8, lines 1-4). Griffin offers no authority for that argument, nor can he. Ala. Code 1975, §27-14-17 states, "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended or modified by any rider, endorsement, or application which is a part of the policy." Simply put, any endorsement to an insurance policy modifies that policy, a fact reflected on the face of the Assault and Battery exclusion: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (Document no. 31, Exhibit 2, line 1).

Last, Griffin makes a cursory allegation that the Colony policy is ambiguous and should be construed against Colony. (Document no. 37, p. 8, lines 5-12). Griffin's passing claim that

---

[2] Exhibits 1- 12 are attached to Colony's Motion for Summary Judgment, Exhibits 13 - 14 are attached to Colony's Opposition to Griffin's cross-Motion for Summary Judgment.

the Colony policy is ambiguous is an affirmative defense, which Griffin has waived. See F.R.C.P. 8(c). Neither Griffin's Answer to Colony's complaint for declaratory relief (Document no. 11) or his counterclaim (Document no. 20-1) raise the alleged ambiguity of the Colony policy as an affirmative defense.

Further, the Colony policy's Coverage C is plainly not ambiguous. If an insurance policy is clear and unambiguous in its terms, then there is no question of interpretation or construction. *American & Foreign Insurance Co. v. Tee Jays Manufacturing Co.*, 699 So.2d 1226 (Ala. 1997). The fact that the parties interpret the contract differently does not make the insurance policy ambiguous. *Tate v. AllState Insurance Co.*, 692 So.2d 822 (Ala. 1997). While any ambiguities in a contract should be resolved against the insurer, ambiguities are not to be inserted by strained or twisted reasoning. *Kelley v. Royal Globe Insurance Co.*, 349 So.2d 561 (Ala. 1977). Where the parties disagree on whether the language in an insurance contract is ambiguous, a court should construe the language according to the meaning that a person of ordinary intelligence would reasonably give it. *Western World Insurance Co. v. City of Tuscumbia*, 612 So.2d 1159 (Ala. 1992). There is no ambiguity here.

The Colony policy's Assault and Battery exclusion modified the Exclusions section of the Colony policy's Coverage A to exclude coverage for Griffin. Accordingly, for the same reasons why there is no coverage to HPC for Griffin's claims in the underlying lawsuit, Griffin is not entitled to claim third-party status to obtain $5,000 in medical payments under the Colony policy.

### 3. Conclusion

WHEREFORE, for the above-stated reasons and citations to authority, plus the arguments and citations to authority contained in its Motion for Summary Judgment (Document no. 31) and Opposition to Griffin's cross-Motion for Summary Judgment (Document no. 33) and incorporated herein by reference, Plaintiff Colony Insurance Company prays that this Court will enter an order granting it summary judgment in the above-styled case. Colony additionally prays that this Court will grant such further, other, or different relief to which it may be equitably entitled, whether specifically prayed herein or not.

Respectfully submitted this 23rd day of May, 2007.

/s/ JASON J. BAIRD
**ALGERT S. AGRICOLA** (ASB 0364-R79A, AGR001)
**JASON J. BAIRD** (ASB BAI035, 9955- D67J)

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter-Loeb Building, Suite 101
105 Tallapoosa Street
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:06cv00555-MEF |
| ) | |
| RONSHABUS GRIFFIN; SOUL INN, INC.; ) | |
| and HPC ENTERTAINMENT GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23rd, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send copies to the following attorneys of record:

John I. Cottle, Esq.
Bowles & Cottle
P.O. Box 780397
Tallassee, AL 36078
BowlesandCottle@aol.com
*Counsel for Ronshabus Griffin*

Albert Bulls, Esq.
P.O. Box 1233
Tuskegee, AL 36087
acbulls@charter.net
*Counsel for HPC Entertainment Group, Inc.*

/s/ Jason J. Baird
OF COUNSEL

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\ResponseGriffinOppositionMSJ.wpd