IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:06cv00555-MEF |
| ) | |
| RONSHABUS GRIFFIN; SOUL INN, INC.; ) | |
| and HPC ENTERTAINMENT GROUP, INC.,) | |
| ) | |
| Defendants. ) | |

### COLONY INSURANCE COMPANY'S
### RESPONSE TO RONSHABUS GRIFFIN'S
### REVISED MOTION TO STRIKE SUBMISSIONS

COMES NOW Plaintiff Colony Insurance Company (hereinafter "Colony"), by and through counsel, and pursuant to this Court's Order of May 17, 2007 (Document no. 38) submits this Response to Ronshabus Griffin's Revised Motion to Strike Submissions (Document no. 36), and would state that Griffin's Revised Motion to Strike Submissions ("Motion to Strike") is without merit and is due to be denied. In further support therefore, Colony would show unto this Court as follows:

Griffin seeks to strike portions of Exhibits 4, 9, and 11 to Colony's Motion for Summary Judgment (Document no. 31), specifically, the police statements of Jessie Ferrell and Johni Whitfield (two witnesses to the shooting at the Soul Inn nightclub). Griffin contends that they are hearsay and "hearsay within hearsay," and thus are inadmissible. (Document no. 36, pp.2-3, lines 2, 12). Griffin is incorrect. The two cases relied upon by Griffin – *In re: Boshears*, 110 F.3d 1538 (11th Cir. 1997) and *United States v. Walthour*, 202 Fed. Appx. 367

(11th Cir. 2006) are criminal cases. FRE 803(8)(C) allows admission of this evidence in civil cases, but not criminal cases.

Colony initially notes that the Tuskegee (Ala.) Police Department records, of which the two witness statements are a part, were properly authenticated as documents maintained by the City of Tuskegee Police Department records division. (Document no. 31, Exhibit 4-1). Each witness statement was signed by the witness, thereby authenticating them. *Ex parte Pate*, 415 So.2d 1140, 1143 (Ala. 1981). Thus, the documents are not hearsay.

FRE 803(8)(C) states, in pertinent part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

...

**(8)** **Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The Advisory Committee notes to FRE 803(8)(C) state that the Rule "assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present."[1] FRE 803(8)(C) does not exclude "factually based conclusions or opinions" from evidence. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 109 S.Ct. 439,

---

[1] Griffin has not alleged the existence of any factors negatively affecting the trustworthiness of the police witness statements. Additionally, police reports "contain inherent indicia of trust-worthiness," and are presumed admissible. *Clark v. Clabaugh*, 20 F.3d 1290, 1294 (3rd Cir. 1994).

2

102 L.Ed.2d 445 (1988). However, the Eleventh Circuit has held that FRE 803(8)(C) does not provide for the admissibility of legal conclusions contained within an otherwise admissible public report. *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989).

There is no dispute that FRE 803(8)(C) applies to the City of Tuskegee Police Department's records; the Tuskegee Police Department is a public agency. Federal courts have allowed reports of police officers conducting criminal investigations in civil proceedings. See, e.g., *Urbanique Production v. City of Montgomery*, 428 F.Supp.2d 1193, 1220 n.22 (M.D. Ala. 2006) (a Montgomery Police Department offense report was admissible under FRE 803(8)(C)) and the cases cited therein; *Combs v. Wilkinson*, 315 F.3d 548, 555-56 (6th Cir. 2002) (admitting an investigative report under FRE 803(8) and rejecting an argument that the information was not within the author's personal knowledge because reports "embody result of investigation and accordingly are often not the product of the declarant's firsthand knowledge); *Clark v. Clabaugh*, 20 F.3d at 1294 (police report, "which was authored by officers charged with a legal duty and authorized to conduct the investigation, is presumed admissible under Rule 803(8)(C)"); *Foster v. General Motors Corp.*, 20 F.3d 838, 839 (8th Cir. 1994) (admitting police report of investigating officer in civil suit concerning traffic accident); *United States v. Warren*, 42 F.3d 647, 657 (D.C. Cir. 1994) ("803(8)(C) appears to provide for admission of police officers' statements in public records even in the absence of a demonstration that the statements reflected the officers' personal knowledge").

Thus, the police statements of Jessie Ferrell and Johni Whitfield are admissible pursuant to FRE 803(8)(C).

Moreover, even if the police statements were not admissible under FRE 803(8)(C) (and they are), they would be admissible because the evidence would be otherwise admissible at the upcoming criminal trials of John Brown and Travis McCullough. Macon County (Ala.) Circuit Court case nos. CC-06-118, CC-06-141.

In *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999), the Eleventh Circuit Court of Appeals observed that a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement "could be reduced to admissible evidence at trial" or "reduced to admissible form." *Macuba*, 193 F.3d at 1323. *Macuba* explained:

> We believe that the courts have used the phrases "reduced to admissible evidence at trial" and "reduced to admissible form" to explain that the out-of-court statements made to the witness (the Rule 56(c) affiant or the deposition deponent) must be admissible at trial for some purpose. For example, the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all (because it is not offered to prove the truth of the matter asserted) or is used solely for impeachment purposes (and not as substantive evidence).

*Macuba*, 193 F.3d at 1323-24 (internal footnotes omitted).

Griffin presumably does not contend that the witness statements of Jessie Ferrell and Johni Whitfield would not be admissible in order to cross-examine and possibly impeach their testimony in Macon County (Ala.) Circuit Court case nos. CC-06-118, CC-06-141. The evidence proffered by Jessie Ferrell and Johni Whitfield is within their personal knowledge and observation, and would be otherwise admissible at trial.

Additionally, Ferrell's and Whitfield's police statements are admissible pursuant to FRE 803(1) (present sense impression); FRE 803(6) (records of regularly conducted activity),

and FRE 807's residual hearsay exception. However, in light of the discussion of FRE 803(8)(C) and the *Macuba* doctrine above, Colony need not engage in an extensive discussion of those alternative means of admissibility.

The witness statements of Jessie Ferrell and Johni Whitfield are admissible under FRE 803(1), FRE 803(6), FRE 803(8)(C), FRE 807, and under the *Macuba* doctrine. Griffin's Revised Motion to Strike those witness statements from the records is due to be denied.

**D.  CONCLUSION**

WHEREFORE, for the above-stated reasons and citations to authority, Plaintiff Colony Insurance Company prays that this Court will enter an order denying Ronshabus Griffin's Revised Motion to Strike the witness statements of Jessie Ferrell and Johni Whitfield in the above-styled case. Colony additionally prays that this Court will grant such further, other, or different relief to which it may be equitably entitled, whether specifically prayed herein or not.

Respectfully submitted this 23rd day of May, 2007.

/s/  JASON J. BAIRD
**ALGERT S. AGRICOLA** (ASB 0364-R79A, AGR001)
**JASON J. BAIRD** (ASB BAI035, 9955- D67J)

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter-Loeb Building, Suite 101
105 Tallapoosa Street
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONSHABUS GRIFFIN; SOUL INN, INC.; )<br>and HPC ENTERTAINMENT GROUP, INC.,)<br>)<br>Defendants. ) | Case No.: 3:06cv00555-MEF |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23rd, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send copies to the following attorneys of record:

John I. Cottle, Esq.
Bowles & Cottle
P.O. Box 780397
Tallassee, AL 36078
BowlesandCottle@aol.com
*Counsel for Ronshabus Griffin*

Albert Bulls, Esq.
P.O. Box 1233
Tuskegee, AL 36087
acbulls@charter.net
*Counsel for HPC Entertainment Group, Inc.*

/s/ Jason J. Baird
OF COUNSEL

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\ResponseMotionStrike.wpd