**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO. 3:06 cv 555-VPM** |
| ) | |
| **v.** ) | |
| ) | |
| **RONSHABUS GRIFFIN and HPC** ) | |
| **ENTERTAINMENT GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**GRIFFIN'S REPLY TO COLONY'S RESPONSE
TO MOTION TO STRIKE SUBMISSIONS**

Griffin's motion to strike the submissions filed by Colony in connection with the now pending cross motions for summary judgment is due to be granted. The material objected to by Griffin – unsworn declarations of third party witnesses made to police officers - is manifestly hearsay and does not fall within any recognized exception to the hearsay rule. The material Griffin objects to would not be admissible in court for any reason and is therefore not admissible in connection with a summary judgment motion. The cases of *United States v. Walthour,* 202 Fed. Appx. 367 (11th Cir. 2006) and *In re Boshears*, 110 F.3d 1538 (11th Cir. 1997) unequivocally hold that third party statements contained in police reports are inadmissible hearsay. As such, Colony's submissions are due to be stricken.

Colony argues that the submissions are admissible in under Fed. R. Evid. 803 (8)(C), Public Reports and Records. That rule provides for a hearsay exception with respect to "***factual findings*** resulting from an investigation made pursuant to authority granted by law . . ." The statements Griffin objects to plainly do not constitute "factual

PDF created with pdfFactory trial version www.pdffactory.com

findings". The statements Colony seeks to place before the Court are unsworn declarations by third parties. They do not constitute "factual findings" of the Tuskegee Police Department, or of any other governmental agency. Certain aspects of the police report itself may come in under 803 (8)(C), but the statements Griffin objects to are the purest sort of hearsay and 803 (8)(C) does not except them from the operation of the hearsay rule. None of the authorities cited by Colony hold that a hearsay statement within a police report is admissible under 803 (8)(C).

Colony also suggests that the statements objected to are admissible under Fed. R. Evid. 803(1) as a present sense impression. Fed. R. Evid. 803(1) excepts from the operation of the hearsay rule, a statement of present sensory impression made "while the declarent was perceiving the event or condition, or immediately thereafter." The statement of the first declarant, Jessie Ferrell, indicates that it was made on November 7, 2005, some two days after the incident it recounted. Likewise, the statement of the second declarant, Johni Whitfield, was taken two days after the incident. Because of this two day gap, these statements do not satisfy the immediacy requirement of Fed. R. Evid. 803(1). These statements do not constitute a present sense impression.

Colony also argues that the records are admissible under Fed. R. Evid. 803(6) as records of a regularly conducted activity. Colony is incorrect that these statements qualify as an exception to hearsay under Fed. R. Evid. 803(6). This rule makes admissible, entries made in records by persons recording events they themselves observed. It does not render admissible an obvious hearsay declaration simply because the declaration happens to be in the file. Statements of third party witnesses taken by police officers do not qualify as regularly kept records. It is not within the regular

- 2 -

PDF created with pdfFactory trial version www.pdffactory.com

activities of Jessie Ferrell or Johni Whitfield to make statements to police officers concerning alleged crimes. The hearsay declarations of Ferrell and Whitfield cannot ride into evidence on the back of an otherwise admissible police report. The statements of Ferrell and Whitfield are due to be stricken.

Colony also argues that the case of *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999) provides a loophole through which Colony may place these statements before the Court. In seeking invoke the ruling of *Macuba*, Colony argues that the statements would be admissible at trial in order to cross examine and possibly impeach the declarants. This is simply not the case. These statements cannot be admitted into evidence in order to prove their content. Any party desiring to elicit the facts contained in these statements *must* call Ferrell and Whitfield in person to the witness stand. If Ferrell or Whitfield give inconsistent testimony on the stand, the prior written statements may be used to impeach them, however, even then, the statements are not admissible as substentive evidence. In fact, extrinsic evidence of a prior inconsistent statement of a witness is not admissible at all, at least until the witness is afforded an opportunity to explain or deny the statement. Fed. R. Evid. 613(b).

The statements of Ferrell and Whitfield are due to be stricken. Had Colony wanted to place the contents of these statements before the Court, Colony should have obtained sworn statements from the two declarants and tendered them to the Court in conjunction with its other submissions. As it is, the statements Griffin objects to are unsworn hearsay declarations, not subject to any exception to the hearsay rule, and as such, they should not be considered by the Court in connection with the cross-motions for summary judgment.

PDF created with pdfFactory trial version www.pdffactory.com

/s/John I. Cottle, III
JOHN I. COTTLE III (COT004)
Attorney for Defendant Ronshabus Griffin

OF COUNSEL:
Bowles & Cottle
Attorneys at Law
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) BowlesandCottle@aol.com

## CERTIFICATE OF SERVICE

　　　I hereby certify that on May, 30, 2007, I electronically filed the forgoing with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following:

Albert S. Agricola, Esq.
Jason J. Baird, Esq.
 SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

Albert C. Bulls III
Attorney at Law
P. O. Box 1233
Tuskegee Institute, Alabama  36087

　　　　　　　　　　　　　　　　/s/John I. Cottle III_____
　　　　　　　　　　　　　　　　Of Counsel

- 4 -

PDF created with pdfFactory trial version www.pdffactory.com