IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 3:06 cv 555-VPM |
| ) | |
| v. ) | |
| ) | |
| RONSHABUS GRIFFIN and HPC ) | |
| ENTERTAINMENT GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**MOTION OF DEFENDANT GRIFFIN TO STAY PROCEEDINGS PENDING OUTCOME OF STATE ACTION**

Comes now the Defendant, Ronshabus Griffin, and moves the Court to stay any further proceedings in this case until the outcome of the case of *Griffin v. HPC Entertainment Group, Inc., et al.* which is currently pending in the Circuit Court of Macon County Alabama. In support of this motion, Griffin submits the following:

**FACTS**

On March 31, 2006, Griffin filed suit against HPC Entertainment Group, Inc. (hereinafter "HPC") in the Circuit Court of Macon County Alabama. Griffin asserted claims for damages he sustained when hit by a bullet while a patron of the Soul Inn in Tuskegee, Alabama, a club operated by HPC. In his complaint, Griffin asserts claims against HPC and several fictitious defendants for assault and battery, negligence in the providing of security for the club, negligent or wanton discharge of a firearm inside the club, and negligence in the hiring and training of security personnel. At the time of Griffin's injury, HPC was insured under a general liability policy underwritten by Colony Insurance Company. Colony's policy contains an endorsement excluding coverage for claims arising out of assault and battery, the failure to prevent an assault

and battery, the failure to provide an environment safe from assault and battery, the negligent hiring, supervision or training of employees, and the use of force to protect persons or property committed by or at the direction of the insured.

Colony filed a complaint for declaratory relief in this Court on June 21, 2006, seeking a declaration that it was neither obligated to defend or indemnify HPC for the claims made by Griffin. The parties have filed cross motions for summary judgment, and the issues of coverage have been briefed in connection therewith. Meanwhile, Colony has filed a motion to intervene in the Macon County case and has asked the state court to stay its proceedings pending the outcome of this case. (Copies of Colony's motions are attached hereto.) It is Griffin's position that Colony is attempting to "put the cart before the horse" by asking that the state action be stayed, and that the more appropriate method of proceeding is for this Court to stay the declaratory relief action pending the outcome of the underlying tort suit.

## ARGUMENT

Colony attempts to characterize all of Griffin's claims as arising out of an assault and battery, thereby triggering the assault and battery exclusion and negating coverage under the policy. As Griffin has argued in his summary judgment motion and in response to Colony's summary judgment motion, some of the claims in the Macon County case are based upon HPC's negligently allowing persons armed with firearms to enter the premises. That being the case, if the firearm which injured Griffin was discharged under circumstances that did not amount to an assault or battery, the assault and battery exclusion would not apply and Colony would be bound to both provide a defense to HPC and to indemnify HPC, if Griffin prevails.

The question, then, is one of whether the firearm was discharged in the course of an assault and battery. Griffin submits that this question is most properly resolved in the trial of the

Macon County case. The trier of fact in the underlying tort action is plainly in the best position to make judgments about how and under what circumstances the firearm was discharged. Alabama law allows Colony to intervene in the state case and submit special interrogatories to the jury for the purpose of obtaining a factual finding which would govern the question of coverage. *Universal Underwriters Insurance Company v. East Central Alabama Ford Mercury, Inc.*, 574 So. 2d 716 (Ala. 1991). Given that Colony has an adequate remedy in the state court, principles of judicial economy constitute a compelling reason for this Court to stay this proceeding pending the outcome of the Macon County case. It is, Griffin suggests, a completely backward approach to try the declaratory judgment action before the trier of fact in the tort case has determined: (1) whether any liability exists at all and (2) if so, what the basis of that liability is.

Griffin's position in this regard is strongly supported by Eleventh Circuit case law. In *American Fidelity and Casualty Co. v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co.*, 280 F 2d 453 (5th Cir. 1960) the court was asked by an insurer to render a declaratory judgment as to which of two liability policies provided primary coverage. At the time of the filing of the declaratory judgment action, the underlying liability of the tortfeasor had yet to be determined. The court characterized the dispute as an "asserted controversy [which] may never be," and held that it was "not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Id.* 461.

A subsequent Fifth Circuit case, *Allstate Insurance Company v. Employers Liability Assurance Corporation*, 445 F 2d 1278 (5th Cir. 1971) went so far as to hold that "no action for declaratory relief will lie to establish an insurer's liability in a policy clause contract ... *until a*

*judgment has been rendered against the insured* since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Id.* 1281. (Emphasis added)

The holding of *American Fidelity* was modified somewhat by the case of *Edwards v. Sharkey*, 747 F 2d 684 (11th Cir. 1994) which recognized that under some circumstances, it might be appropriate for a court to entertain a declaratory judgment action on the question of liability insurance coverage before the underlying tort claim was resolved. Edwards recognizes, however, that the exercise of jurisdiction in such cases should be limited and not undertaken without good cause.

> The Fifth Circuit Court of Appeals has cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of the apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured. See *American Fidelity and Casualty Co. v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co.*, 280 F. 2d. 453 (5th Cir. 1960). This caution, however, is predicated on the traditional discretion of federal courts exercising jurisdiction over declaratory actions. *Edwards v. Starkey*, 747 F. 2d. 684, 686 (11th Cir. 1984).

The above line of cases has been interpreted by the district courts of Alabama as requiring a compelling reason to support federal court intervention in such cases via a declaratory judgment action. The case of *Employers Mutual Casualty Co. v. All Seasons Door & Window Manuf. Inc.*, 387 F. Supp. 2d. 1205 (SD Ala. 2005) recognized that while a federal district court was not absolutely barred from considering a declaratory judgment suit prior to resolution of the underlying tort claim, federal courts should generally decline to hear these cases in ordinary circumstances. Judge Steele, writing in *Employers Mutual Casualty Company*, said as follows:

> What was said in *American Fidelity* and echoed and amplified in the cited lower court opinions applies in full measure here. It is

4

> simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability to the movents. *Id.* 1211-1212.

A similar approach to this issue was taken by Judge Propst in *Employers Mutual Casualty Company v. Evans*, 76 F. Supp. 2d 1257 (ND Ala. 1999). Even though Judge Propst refused to dismiss the insurer's declaratory judgment action, he recognized the distinction between the duty to defend and the duty to indemnify, and observed that if the court found a duty to defend, "it may well be appropriate not to then reach the further issue of duty to indemnify." *Id.* 1262. Griffin suggests that such an approach is warranted in this case.

The case of *Allstate Indemnity Company v. Lewis*, 985 F. Supp. 1341 (MD Ala. 1997) lends further support to Griffin's position. There, Judge Thompson, in denying in part Allstate's request for declaratory relief, wrote as follows:

> Although the existence of a duty to defend may be established by the allegations in the insured party's complaint, the insurer's liability to the insured *is ultimately established by what is developed at trial.* Therefore, a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue. *Id.* 1349. (Emphasis added)

Griffin submits that, as in *Allstate Indemnity Company v. Lewis*, Colony's duty to indemnify cannot be fully assessed at this point in the proceedings. In accordance with all of the authorities cited above, this Court should stay these proceedings until the resolution of Griffin's Macon County case. The resolution of the underlying tort case may make these current proceedings moot. Alternatively, the resolution of the Macon County case may result in a finding of fact which would greatly simplify this Court's task in determining the issue of

coverage. There is simply no sound reason for this Court to proceed with a trial on the declaratory judgment issue until the Macon County case is resolved. Griffin's motion for stay is due to be granted.

## CONCLUSION

Griffin first contends that he entitled to summary judgment for all of the reasons set out in his previously filed summary judgment motion and the brief associated therewith. If, however, the Court does not see fit to grant the summary judgment motion, Griffin urges the Court to stay these proceedings until Griffin is able to resolve his state court claims against the appropriate defendants. Once those claims have been resolved, this case may be moot. If not, this Court's task may well be simplified by virtue of having findings of fact before it, in the form of a jury's special interrogatory answers, which might conclusively resolve the question of what claims the jury predicated liability upon. Therefore, Griffin urges this court to either: (a) grant his motion for summary judgment for the reasons heretofore argued, or (b) stay these proceedings until resolution of the state court action.

/s/John I. Cottle, III
JOHN I. COTTLE III (COT004)
Attorney for Defendant Ronshabus Griffin

OF COUNSEL:

Becker & Poliakoff, P.A.
Attorneys at Law
348 Miracle Strip Parkway SW
Suite 7
Fort Walton Beach, FL 32548
Tallassee, Alabama 36078
(850) 664-2229
Fax: (850) 664-7882
(Email) jcottle@becker-poliakoff.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June, _____, 2007, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Albert S. Agricola, Esq.
Jason J. Baird, Esq.
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

Albert C. Bulls III, Esq.
Attorney at Law
P. O. Box 1233
Tuskegee Institute, Alabama 36087

James R. Bowles, Esq.
Attorney at Law
P.O. Box 780397
Tallassee, AL 36078

/s/John I. Cottle III
Of Counsel

FWB_DB: 36771_1

ELECTRONICALLY FILED
5/18/2007 11:28 AM
CV-2006-000077.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| RONSHABUS GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: CV-06-77 |
| SOUL INN, INC., | ) |
| Defendants. | ) |

## MOTION TO STAY CASE
## PENDING RESOLUTION OF DECLARATORY ACTION

COMES NOW Movant/Intervenor Colony Insurance Company (hereinafter "Colony"), by and through the undersigned counsel, and moves this Court to stay proceedings in the above-styled case pending resolution of a related declaratory action, and as grounds therefore, would show unto this Court as follows:

1. Colony insures Alabama Heat Exchangers under a Commercial General Liability (CGL) policy. Colony has defended Alabama Heat Exchangers in the above-styled action thus far under a reservation of rights.

2. Colony has filed a declaratory action pursuant to 28 U.S.C. §2201 *et seq.*, seeking to have the federal court rule that Colony is not required to defend or indemnify HPC in the above-styled case. *Colony Insurance Co. v. Ronshabus Griffin, et al.*, United States District Court for the Middle District of Alabama, Eastern Division, case no. 3:06cv00555-MEF.

3. Colony will be substantially harmed if this case is not stayed, in that Colony will incur substantial ongoing costs which, Colony contends, it is not contractually obligated to incur, for defending

this action.

4.  Further, the availability or unavailability of insurance for HPC could materially affect the parties' litigation strategy and tactics herein; and as such all parties herein would benefit from having a court of competent jurisdiction make a final determination as to Colony's insurance obligations prior to this case's progressing any further.

5.  This case is due to be stayed.

WHEREFORE, for the above-stated reasons and citations to authority, Movant/Intervenor Colony Insurance Company moves this Court to stay proceedings in the above-styled case pending resolution of the related declaratory action.

Respectfully submitted this the 18th day of May, 2007.

/s/ JASON J. BAIRD
ALGERT S. AGRICOLA (Ala. ID AGR001)
JASON J. BAIRD (Ala. ID BAI035)
ATTORNEYS FOR MOVANT
COLONY INSURANCE COMPANY

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 18th, 2007 I have filed this pleading with the Clerk of the Court using the Ala-File electronic filing system, which will serve a copy upon the following parties:

John I. Cottle, Esq.
Bowles & Cottle
P.O. Box 780397
Tallassee, AL 36078
BowlesandCottle@aol.com
*Counsel for Ronshabus Griffin*

Robert Austin Huffaker, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
rah2@rsjg.com
*Counsel for HPC Entertainment Group, Inc.*

/s/ Jason J. Baird
OF COUNSEL

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\StayMaconCounty.wpd

ELECTRONICALLY FILED
5/18/2007 11:28 AM
CV-2006-000077.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| RONSHABUS GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: CV-06-77 |
| SOUL INN, INC., | ) |
| Defendants. | ) |

## MOTION TO INTERVENE
## FOR THE LIMITED PURPOSE OF SEEKING STAY

COMES NOW Movant/Intervenor Colony Insurance Company (hereinafter "Colony"), by and through the undersigned counsel, and pursuant to A.R.C.P. 24(b) moves this Court for leave to intervene in the above-styled case for the limited purpose of seeking a stay of the above-styled case pending resolution of a related declaratory action,[1] and as grounds therefore, would show unto this Court as follows:

1. Colony insures HPC, Inc., d/b/a Soul Inn, Inc., under a Commercial General Liability (CGL) policy. Colony has defended HPC in the above-styled action under a reservation of rights.

2. Colony has filed a declaratory action pursuant to 28 U.S.C. §2201 *et seq.*, seeking to have the federal court rule that Colony is not required to defend or indemnify HPC in the above-styled case. *Colony Insurance Co. v. Ronshabus Griffin, et al.*, United States District Court for the Middle District of Alabama, Eastern Division, case no. 3:06cv00555-MEF

3. Colony thus has an interest in the above-styled case sufficient to justify permissive

---

[1] Colony reserves the right to intervene subsequently in order to propound special jury interrogatories or take similar actions; however, that would be premature at this time.

intervention pursuant to A.R.C.P. 24(b).

4. Colony's Motion to Stay the above-styled case pending resolution of the related declaratory action is filed contemporaneously with this motion.

WHEREFORE, for the above-stated reasons and citations to authority, Movant/Intervenor Colony Insurance Company moves this Court for leave to intervene in the above-styled action for the limited purpose of seeking a stay of the above-styled case pending resolution of the related declaratory action.

Respectfully submitted this the 18th day of May, 2007.

/s/ JASON J. BAIRD
ALGERT S. AGRICOLA (Ala. ID AGR001)
JASON J. BAIRD (Ala. ID BAI035)
ATTORNEYS FOR MOVANT
COLONY INSURANCE COMPANY

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18th, 2007 I have filed this pleading with the Clerk of the Court using the Ala-File electronic filing system, which will serve a copy upon the following parties:

John I. Cottle, Esq.
Bowles & Cottle
P.O. Box 780397
Tallassee, AL 36078
BowlesandCottle@aol.com
*Counsel for Ronshabus Griffin*

Robert Austin Huffaker, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
rah2@rsjg.com
*Counsel for HPC Entertainment Group, Inc.*

/s/ Jason J. Baird
OF COUNSEL

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\InterveneMaconCounty.wpd