IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONSHABUS GRIFFIN; and )<br>HPC ENTERTAINMENT GROUP, INC., )<br>)<br>Defendants. ) | Case No.: 3:06cv00555-MEF |

## COLONY INSURANCE COMPANY'S
## OPPOSITION TO RONSHABUS GRIFFIN'S
## MOTION TO STAY PROCEEDINGS

COMES NOW Plaintiff Colony Insurance Company (hereinafter "Colony"), by and through counsel, and herewith files its Opposition to Defendant Ronshabus Griffin's Motion to Stay Proceedings Pending Outcome of State Court Action (Doc. no. 44), and states that Griffin's motion is without factual basis or legal merit and is due to be denied. Alternatively, and without waiving the foregoing, Colony states that the issue of Colony's obligation to defend its insured in the underlying lawsuit is ripe for determination at this time, and this Court can, in its discretion, reserve ruling on the distinct issue of Colony's obligation to indemnify its insured until such time as the indemnification issue is ripe for determination. In further support therefore, Colony would show unto this Court as follows:

The instant lawsuit is a declaratory action, with Colony seeking to have this Court determine that Colony is not required to "defend and/or indemnify" HPC Entertainment Group, Inc., for the acts alleged in *Griffin v. Soul Inn, Inc.*, Macon County (Ala.) Circuit Court no.

CV-06-77 ("the underlying lawsuit"). (Doc. no. 1, p.8, lines 5-6). Colony's Motion for Summary Judgment specifically asked that this Court enter an Order finding that Colony had no duty to defend HPC Entertainment Group, Inc., in the underlying lawsuit. (Doc. no. 31, p.27, line 9). In short, Colony's declaratory action seeks a judicial determination as to its obligation both to defend and indemnify its insured in the underlying lawsuit. The parties have filed cross-motions for summary judgment (Doc. nos. 26, 31).

**A    This Action Should Not Be Stayed.**

Griffin belatedly argues that the question of whether the firearm which caused his injury was discharged in the course of an assault and battery should be resolved in the underlying lawsuit before this Court issues a ruling in this declaratory action. (Doc. 44, p.2, lines 22-23 – p.3, lines 1-2). Colony notes that Griffin has waited over one year, and after dispositive motions were filed, before moving to stay the instant action. Colony submits that Griffin seeks to stay this action at this juncture because the factual developments and controlling authorities are contrary to his position.

Griffin contends that his position "is strongly supported by Eleventh Circuit case law." (Doc. no. 44, p.3, line 12). Griffin is incorrect. The cases relied upon by Griffin are readily distinguishable, in that they pertain to indemnification only, and not to defense of the insured. Colony will address Griffin's authorities *infra*.

It is undisputed that this Court has the authority to issue a determination in this declaratory action now, without waiting for the underlying lawsuit to resolve itself. The United States Supreme Court has held that a "case or controversy" exists to support declaratory relief

2

between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1940). See also *Edwards v. Sharkey*, 747 F.2d 684, 686-87 (11th Cir. 1984) (same).

Yet a district court may, in its discretion, refuse to issue a declaratory judgment. *A.L. Mechling Barge Lines v. United States*, 368 U.S. 324, 331 (1961). Two questions should be asked when the court makes a prudential decision: (1) whether the judgment will "serve a useful purpose in clarifying the legal relations in issue"; or (2) whether the judgment will "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *White v. National Union Fire Insurance Co. of Pittsburgh, Pennsylvania*, 913 F.2d 165, 168 (4th Cir. 1990), quoting *National R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F.Supp. 424, 431 (D.D.C. 1987), citing in turn *President v. Vance*, 627 F.2d 353, 364 n.76 (D.C. Cir. 1980) and E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941).

In the instant case, this Court's speedy resolution of the issues presented in this declaratory action will terminate the controversy surrounding the availability of coverage for the damages claimed in the underlying lawsuit. Furthermore, it will serve a useful purpose in giving Griffin guidance as to how much (if any) insurance indemnification will be available to him if he prevails in the underlying lawsuit. It will also assist HPC Entertainment Group, Inc., by giving HPC accurate information impacting its defense strategy in the underlying lawsuit. Additionally, it is important to note that the instant declaratory action is not duplicative; the underlying lawsuit addresses only the tort claims against the defendants and does not touch

upon coverage issues. Thus, the concerns for judicial economy argue for, and not against, issuance of a declaratory judgment. Finally, resolving the declaratory judgment now will save Colony the considerable expense of defending HPC Entertainment Group, Inc., from this point forward in the underlying lawsuit.

Colony is defending HPC Entertainment Group, Inc., under a reservation of rights in the underlying lawsuit. (Exhibit 1, affidavit of Joan Poskey, ¶7). Colony's payment of defense costs, without more, demonstrates that Colony is suffering from an actual and concrete injury which makes this case ripe for immediate adjudication.

The controlling case is *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989). In *Holbrook*, a plaintiff filed suit against the defendant in state court. Cincinnati Insurance, the plaintiff's uninsured/underinsured (UIM) carrier, filed a declaratory action in the federal district court. The plaintiff filed a parallel declaratory action in state court. The federal court dismissed the federal declaratory action without prejudice, finding that Cincinnati Insurance should refile the declaratory action after the plaintiff obtained a judgment against the defendant. The Eleventh Circuit Court of Appeals reversed, holding that "Although the district court has an area of discretion in deciding whether to grant or deny declaratory relief, that discretion should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." *Holbrook*, 867 F.2d at 1333. The Court continued:

> To deny Cincinnati a declaration of its rights and obligations vis-a-vis Holbrook in relation to McWilliams would be to expose Cincinnati to a very substantial and perhaps a binding obligation for providing a defense to McWilliams without

> Cincinnati's knowing whether it owes such an obligation. In some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question, while a refusal to defend may create a "bad faith" tort claim.

*Holbrook*, 867 F.2d at 1333. See also *White*, 913 F.2d at 168 (same). Thus, when a declaratory action seeks a determination as to the insurer's obligation both to <u>defend</u> and <u>indemnify</u>, the Court should exercise its discretion in favor of determining the merits of the declaratory action. In this case, Colony seeks to have this Court determine both its duty to defend the insured in the underlying lawsuit as well as its duty to indemnify the insured in the event of a verdict adverse to its insured; thus, this Court can and should determine the issues involved without staying the case.

Additional support for this position is found in *American Casualty Co. of Reading, Pennsylvania v. Sanders Hyland Corp.*, no. CA-06-0813-C, 2007 U.S. Dist. Lexis 19390 (S.D. Ala. 2007). In *Sanders Hyland Corp.*, an insurer filed a declaratory action against its insured. The declaratory action stemmed from an underlying claim pertaining to allegedly defectively-constructed condominiums in Fort Morgan, Alabama. The insurer defended the insured under a reservation of rights. The insured moved to dismiss or stay the declaratory action, contending that there was no "case or controversy" because there had not been an award against the insured. The United States District Court for the Southern District of Alabama disagreed, finding that the insurer's complaint "directly place[d] in issue whether American Casualty owes Sanders Hyland a defense," and accordingly denied the motion to dismiss or stay the action. *Sanders Hyland Corp.*, at *16, citing *Holbrook*. The opinion further

distinguished the Supreme Court's abstention doctrine enunciated in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) from cases (such as the instant case) with no parallel state court action:

> While the Supreme Court has not delineated the outer boundaries of the discretion of a district court regarding the *Brillhart* abstention doctrine, it is clear from case law in thus circuit and elsewhere that where there are no parallel state court proceedings, as in the instant case, the *Brillhart* abstention doctrine is inapplicable and it is an abuse of discretion "to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000); see also *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (holding that a district court abused its discretion when it dismissed a declaratory judgment action after a related state court proceeding had been dismissed); [*Jefferson Insurance Co. of New York v. Lopez*, 2000 WL 33179290 (E.D. Cal. 2000)] (where no parallel state court proceedings exist, the *Brillhart* abstention doctrine is inapplicable).

*Sanders Hyland Corp.*, at *19.

Thus, because Colony seeks to have this Court determine that it owes no defense to HPC Entertainment Group, Inc., as well as no duty to indemnify any awards therefrom in the underlying lawsuit, the issues are ready for resolution by this Court, and Griffin's motion to stay is not well taken.

There are other compelling reasons why the motion to stay should be denied. First, as noted above, Griffin has waited over one year to seek this stay. It is relevant that Griffin did not seek a stay until the weight of evidence and authorities against his position were fully presented.

Second, this Court is not being asked to make any factual determinations which are more properly the province of the trier of fact in the underlying action. Griffin conclusorily

alleges, without more, that "the trier of fact in the underlying tort action is plainly in the best position to make judgments about how and under what circumstances the firearm was discharged." (Doc. no. 44, p.3, lines 1-2). However, Griffin is attempting to re-frame the coverage issues. Colony's Motion for Summary Judgment (Doc. no. 31) demonstrated that the Colony Assault and Battery exclusion vitiated this argument, because the policy exclusion bars coverage even under Griffin's newly-minted theory of HPC Entertainment Group, Inc. "negligently" allowing the assailants to discharge their firearms in a "celebratory" manner at the Soul Inn on the night in question. Moreover, the exhibits attached to Colony's Motion for Summary Judgment conclusively demonstrated the circumstances under which the firearms were discharged. Further, staying the proceedings until the underlying lawsuit is concluded will damage Colony, in that it will be forced to choose between paying defense costs which it does not owe, or be faced with a possible bad faith claim by its insured.

Third, and most importantly, Colony's complaint for declaratory relief is not dependent upon the factual resolution of any issues in the underlying lawsuit, or upon the determination of any claims against the insured in the underlying lawsuit. As relayed in Colony's Complaint for Declaratory Relief (Doc. no. 1) and Motion for Summary Judgment (Doc. no. 31), there are no factual developments in the underlying case which could possibly trigger coverage, and Colony is not required to defend or indemnify HPC Entertainment Group, Inc. as to any of the claims, singly or collectively, against it in the underlying lawsuit. That being the case, there is no good purpose to be served by waiting.

Fourth, Colony has already borne the expense of defending HPC Entertainment Group,

7

Inc., to date in the above-styled case. (Exhibit 1, ¶8). These defense costs will only increase as the underlying lawsuit proceeds through pretrial proceedings and trial.

Turning now to the legal authorities cited by Griffin in support of his Motion to Stay, each is readily distinguishable from the instant case. In *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmer's Mutual Casualty Insurance Co.*, 280 F.2d 453 (5th Cir. 1960), an insurer sued its insured and another insurer, seeking two declarations: (1) that the other insurer was required to defend the insured in a pending lawsuit, and (2) that the other insurer's coverage was primary. The Fifth Circuit, in somewhat florid language, described the plaintiff's request as seeking "a declaration on a matter which might never arise," and further stating, "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today might readily be imagined, but may never in fact come to pass." *American Fidelity*, 280 F.2d at 461. Although *American Fidelity* appears to stand for the proposition that no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest, subsequent decisions by the Eleventh Circuit Court of Appeals have properly limned *American Fidelity* as standing for the traditional rule that federal courts exercise discretion over declaratory actions. *Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984). More to the point, *American Fidelity* is distinguishable because: (1) the insurer did not dispute that the insured was entitled to defense in the underlying lawsuit, only that the other insurer should bear defense costs, *Id.*, at 459 ("Here there is no question that the claims asserted by the Damage Plaintiffs are ones within Coverage A of Part I American does not dispute this, nor could it after having undertaken the defense – the filing of Answers for Clay

through counsel furnished by American"); and (2) the trial court dismissed the action because there was a lack of diversity following realignment and because many of the underlying questions would be litigated in the Damage Plaintiffs' suits. *Id.*, at 457. None of those factors are present here.

Likewise, *Allstate Insurance Co. v. Employers Liability Assurance Corp.*, 445 F.2d 1278 (5th Cir. 1971), cited by Griffin, turned on the issue of three secondary insurers' liability for indemnification, not because defense was challenged. This case also was limned by *Edwards v. Sharkey, supra*.

*Employers Mutual Casualty Co. v. All Seasons Door & Window Manufacturing Co.*, 387 F.Fupp.2d 1205 (S.D. Ala. 2005), also relied upon by Griffin, is distinguishable in that it, too, did not turn upon the issue of defense. "As noted, the plaintiff has already assumed the duty to defend, and this lawsuit involves only the duty to indemnify." *Employers Mutual Casualty Co.*, 387 F.Supp.2d at 1207. Indeed, *Employers Mutual Casualty Co.* specifically distinguished itself from *Holbrook* on that basis, noting that in *Holbrook* "the insurer's suit involved defense (as to which an actual controversy unquestionably existed) as well as indemnity," *Employers Mutual Casualty Co.*, 387 F.Supp.2d at 1210, n.6.

Last, Griffin cites *Allstate Indemnity Co. v. Lewis*, 985 F.Supp. 1341 (M.D. Ala. 1997) for the proposition that this Court should stay the instant action until the underlying lawsuit is completed. However, the *Lewis* language cited by Griffin addressed Allstate's duty to <u>indemnify</u>, not <u>defend</u> the underlying lawsuit; indeed, the portion of the *Lewis* opinion reproduced by Griffin in his Motion to Stay is directly underneath the heading "III. DUTY TO

INDEMNIFY." See, e.g., *Lewis*, 987 F.Supp. at 1349. As with Griffin's other cases, *Lewis* does not support Griffin's argument.

The Declaratory Judgment Act confers a discretion on the courts rather than an absolute right upon the litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (a "parallel" declaratory action). The "propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.*, citing *Public Service Commission of Utah v. Wyckoff Co.*, 344 U.S. 237, 243 (1952). The Supreme Court has not delineated the "outer boundaries" of the district court's discretion in declaratory cases where there is no parallel state proceeding. *Wilton*, 515 U.S. at 290. In the absence of guidance from the Supreme Court, this Court should follow the Eleventh Circuit's holding and exercise its discretion "liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." *Holbrook*, 867 F.2d at 1333.

This case is not due to be stayed, in part or in *toto*. This Court can and should issue a ruling upon both defense and indemnification as sought in Colony's Complaint for Declaratory Relief and Motion for Summary Judgment.

**B.    The Defense Portion of This Declaratory Action Is Ready For Adjudication.**

As noted *supra*, Colony strongly contends that this action is not due to be stayed in whole or part. However, assuming *arguendo* that this Court is inclined to stay any portion of this action, Colony alternatively urges this Court make a determination as to the duty-to-defend

issue, and stay only that portion of Colony's declaratory action pertaining to indemnification.

The issue of Colony's duty to defend is ripe and ready for adjudication. It is possible that this Court may find that while the duty to defend HPC Entertainment Group, Inc., in the underlying lawsuit is ready for judicial determination, the duty to indemnify is not. See, e.g., *Employer's Mutual Casualty Co. v. Evans*, 76 F.Supp.2d 1257, 1260-61 (N.D. Ala. 1999). That is because the duty to defend is distinct and separate from the duty to indemnify after liability has been found. *Evans*, 76 F.Supp.2d at 1261.

Colony stresses that it believes that both the issues of its duties to defend and indemnify are ripe and are due to be adjudicated by this Court at this time; however, in an abundance of caution, Colony alternatively requests that if this Court elects to stay any portion of this action, that it stay only the indemnification issue. The issue of Colony's duty to defend is not due to be stayed under any circumstances. Pending its resolution of the duty to defend issue, this Court can, if necessary, stay further proceedings until the issue of Colony's obligation to indemnify its insured in the underlying lawsuit is established.

### C.     Conclusion

WHEREFORE, Colony Insurance Company prays that this Court will overrule and deny Ronshabus Griffin's Motion to Stay Proceedings Pending Outcome of the State Action in the above-styled case. Alternatively, and without waiving the foregoing, Colony prays that this Court will deny Griffin's Motion to Stay as pertains to Colony's duty to defend HPC Entertainment, Inc. in the underlying lawsuit, and in its discretion stay any determination on

the indemnification issue until said issue is ripe for adjudication. Colony further prays for such other, further, or different relief to which it may be equitably entitled, whether specifically prayed herein or not.

Respectfully submitted this 3rd day of July, 2007.

/s/ Jason J. Baird
ALGERT S. AGRICOLA (ASB 0364-R79A, AGR001)
JASON J. BAIRD (ASB BAI035, 9955-D67J)

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter-Loeb Building, Suite 101
105 Tallapoosa Street
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 396-8880 (F)
jbaird@slatenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:06cv00555-MEF |
| ) | |
| RONSHABUS GRIFFIN; SOUL INN, INC.; ) | |
| and HPC ENTERTAINMENT GROUP, INC.,) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and complete copy of the foregoing upon the following parties by first-class mail, postage prepaid, on this the ___3rd___ day of July, 2007:

John I. Cottle, Esq.
Becker & Poliakoff, P.A.
348 Miracle Strip Parkway SW
Suite 7
Fort Walton Beach, FL 32548
*Counsel for Ronshabus Griffin*

Albert Bulls, Esq.
P.O. Box 1233
Tuskegee, AL 36087
*Counsel for HPC Entertainment Group, Inc.*

James R. Bowles, Esq.
P.O. Box 780397
Tallassee, AL 36078
*Counsel for Ronshabus Griffin*

_____
OF COUNSEL

F:\Gen Litigation\Colony Group\Soul Inn\Pleading\OppositionStay2.wpd