IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROSHABUS GRIFFIN and HPC )<br>ENTERTAINMENT GROUP, INC., )<br>)<br>Defendants. )<br>_____) | CASE NO. 3:06 cv 555-MEF |

**DEFENDANT GRIFFIN'S REPLY TO COLONY INSURANCE COMPANY'S
OPPOSITION TO GRIFFIN'S MOTION TO STAY PROCEEDINGS**

This is a declaratory judgment action brought by Colony Insurance Company (hereinafter "Colony") seeking a ruling on whether Colony must defend and indemnify HPC Entertainment Group, Inc. (hereinafter "HPC") in connection with a tort claim for damages asserted by Griffin against HPC. Both Griffin and Colony have moved for summary judgment in this case. Without prejudice to Griffin's pending motion for summary judgment, Griffin has also moved the court, in the alternative, to stay these proceedings pending the resolution of Griffin's underlying state court tort action against HPC. Assuming the court does not grant Griffin's motion for summary judgment, Griffin urges the court to defer any ruling upon the question of Colony's obligation to defend and indemnify HPC in the state court case until that case has been concluded.

**I.   DUTY TO DEFEND**

Colony contends it owes HPC no duty to defend Griffin's lawsuit because of the assault and battery endorsement to its policy. Griffin has contended throughout these proceedings that the assault and battery exclusion does not relieve Colony of the obligation to defend or

indemnify its insured if the firearm which injured Griffin was discharged under circumstances that did not constitute an assault and battery. Colony audaciously asserts in its response to Griffin's motion for stay that it has "conclusively demonstrated the circumstances under which the firearms were discharged," and that such circumstances constitute an assault and battery. With all due respect to Colony's counsel, nothing of the sort has been demonstrated, let alone "conclusively demonstrated." The fact that two individuals (John Brown and Travis McCollough) have been charged with illegally discharging a firearm and reckless endangerment in connection with the events occurring around the Soul Inn at the time Griffin was shot does not conclusively prove anything. First, there has been no determination of the guilt of either of the alleged assailants. Second, it has not been shown that the bullet which struck Griffin was fired by either of these individuals. It has likewise not been shown how many different people in the Soul Inn at the time Griffin was shot were firing weapons. There is nothing to suggest that Brown and McCollough were the only two persons discharging firearms inside the Soul Inn that evening. At this point, it is anything but clear who fired the shot that hit Griffin, why such person fired the shot, or whether the shot was fired in a manner which constituted an assault and battery. Contrary to Colony's assertion, nothing about this shooting has been "conclusively demonstrated."

Colony, in a thinly veiled attempt to distract from the weakness of its legal position, refers to Griffin's "newly-minted theory of HPC Entertainment Group, Inc. 'negligently' allowing the assailants to discharge their firearms," as though this theory had only recently been advanced by Griffin. In response to this misleading statement, Griffin refers the court, as well as Colony's counsel, to Count II of the state court Complaint in which Griffin alleges that HPC "negligently and/or wantonly allowed [the shooters] to enter its premises with a loaded firearm

and to later discharge that firearm into a crowd of patrons," as well as to Counts III and IV which allege that fictitious persons for whose actions HPC was vicariously liable, "negligently" allowed the shooter to enter HPC's premises with a firearm. There is nothing "newly-minted" about the theory of recovery being asserted by Griffin. Griffin has relied upon this same theory from outset of the litigation. Furthermore, Griffin, in paragraph fifteen of his Answer in this very case, averred that his injury "could have occurred due to the negligent discharge of a firearm by another patron," thus taking it outside the assault and battery exclusion. The implication of Colony's counsel that Griffin has manufactured a new theory of liability at the last minute in order to avoid the effect of the assault and battery exclusion is both unfounded and disingenuous.[1]

The poverty of Colony's position in opposing this stay is underscored by the cases it seeks to elevate to the level of "controlling." Oddly, Colony asserts, without reservation, that the "controlling case is *Cincinnati Insurance Company v. Holbrook*, 867 F. 2d 1330 (11th Cir. 1989)." (Page 4 of Colony's Opposition to Griffin's Motion to Stay Proceedings) In *Holbrook*, a motorist, was injured in an automobile accident due to the alleged fault of an underinsured driver. Holbrook had underinsured motorist coverage through Cincinnati and filed suit on that claim in a Georgia state court. Cincinnati filed an action for declaratory relief in the Federal District Court for the Northern District of Georgia seeking a declaration that it had "no obligation to Holbrook for covering an underinsured motorist under the facts" stated in the complaint. *Id.* 1332. The district court dismissed Cincinnati's complaint because of a Georgia

---

[1] Colony's counsel also peppers his response with various remarks questioning the timing of Griffin's motion. Though Griffin does not consider his motion for stay to be dispositive and thus subject to the August 6, 2007 cut off for dispositive motions, the motion was, nevertheless, filed within the time allowed for dispositive motions and the timing of the motion is clearly appropriate. Furthermore, the motion was filed shortly after Colony's own motion in the state court seeking a stay of that action pending resolution of the federal declaratory judgment action. Now that Colony has intervened in the state court action, the case for this court's staying these proceedings pending resolution of the Macon County case becomes even more compelling.

law which prevented an insurance carrier from seeking declaratory relief on its obligation under an uninsured motorist policy unless and until the tort liability of the uninsured motorist had been adjudicated. The Eleventh Circuit reversed the district court, holding that "the principle of Georgia law upon which the district court opinion turned is procedural and not substantive. The mere fact, if it be a fact, that the doors of Georgia's courts are closed to Cincinnati unless and until the liability of [the tortfeasor] to Holbrook, if any, has been determined, does not mean that the doors of the Federal Courts are automatically closed to Cincinnati where the requisites for diversity jurisdiction exist." *Id*. 1332-1333.

Thus, the case upon which Colony principally relies in support of its opposition to the stay does not even remotely involve the question of the duty to defend and/or indemnify an alleged tortfeasor. *Holbrook* turned upon one narrow procedural point of law which has absolutely nothing to do with the legal principles at play in the current case. Plainly stated, the *Holbrook* case is totally inapposite.

Colony also cites the court to the case of *American Casualty Company of Reading Pennsylvania v. Sanders Hyland*, 2007 WL 841746 (SD Ala.). That case involved a declaratory judgment action by an insurer seeking a ruling that it was not obligated to defend a claim for defective workmanship in the construction of a condominium. Unlike the present case, in *Sanders Hyland*, there was no parallel state court proceeding ongoing. Therefore, *Sanders Hyland* is of no value as precedent to the case now before the court.

Colony, who bears the burden of establishing that the assault and battery exclusion negates coverage (*see, U.S. Fidelity and Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1138 (Ala. 1985)) has failed to demonstrate that Griffin cannot recover against HPC under a theory that does not involve proof of an assault and battery. Colony is not, at this time, entitled to a

declaration that it does not have to defend HPC. Accordingly, this court should either grant summary judgment to Griffin on the question of Colony's duty to defend or, in the alternative, stay any decision on that question pending further developments in the state court.

## II.     DUTY TO INDEMNIFY

Assuming the court either grants Griffin's motion for summary judgment as to Colony's duty to defend, or defers ruling on that issue pending outcome of the state court proceedings, the case for staying resolution of the duty to indemnify question becomes even more compelling. The three Eleventh and Fifth Circuit cases relied upon by Griffin in his motion for stay (*American Fidelity, Co. v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance, Co.*, 280 F. 2d 453 (5th Cir. 1960); *Allstate Insurance, Co. v. Employers Liability Assurance, Corp.*, 445 F. 2d 1278 (5th Cir. 1971); and *Edwards v. Sharkey*, 747 F. 2d 684 (11th Cir. 1994)) all caution heavily against a federal court's exercise of its discretion to entertain a declaratory judgment action seeking a declaration as to coverage under a liability insurance policy where the liability of the insured has not been established. Furthermore, as the Supreme Court stated in *Wilton v. Seven Falls, Co.*, 515 U.S. 277 (1995), the Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Id.* 287. In *Ameritas Variable Life Insurance Co.* v. Roach, 411 F. 3d 1328 (11th Cir. 2005) the Eleventh Circuit, in addressing the discretion of a federal district court to entertain a declaratory judgment action, provided a list of nine factors that a district court should consider, "in balancing state and federal interests." *Id.* 1331. The court listed the following factors:

>   (1)     the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
>   (2)     whether the judgment in the federal declaratory action would settle the controversy;

  (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

  (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" — that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

  (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

  (6) whether there is an alternative remedy that is better or more effective;

  (7) whether the underlying factual issues are important to an informed resolution of the case;

  (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

  (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* 1331. An analysis of the foregoing factors strongly argues against this court's making any decision about Colony's duty to indemnify prior to resolution of the state court proceeding. In this case, the state of Alabama clearly has an interest in determining, pursuant to its judicial procedures, the merits of Griffin's underlying complaint and the facts which support his claim. Until those facts are determined, the federal court should not take any action which would impede Griffin's ability to litigate his claim in Macon County. Obviously, this court may, if it sees fit, retain jurisdiction of this matter and act after a decision by the state court, without prejudice to anyone's rights. Griffin urges the court to take such an approach.

  It is also clear that the federal declaratory action will not settle all issues attending this controversy. The litigation between Griffin and HPC will continue regardless of the outcome of this action. Also, this action will not clarify any of the legal issues in the state tort case.

Furthermore, there exists the possibility that a ruling by this court could have a res judicata impact upon the state court proceeding. Griffin believes, and has vigorously asserted, that he has stated a valid cause of action against HPC which does not necessitate a finding that his injury was the result of an assault and battery. Whether Griffin is correct in this assertion is a question ultimately to be decided by the courts of Alabama, pursuant to Alabama law. Likewise, whether Griffin can prove facts that establish a claim against HPC for something other than assault and battery is a matter of proof which should be resolved in the state court, and not in this declaratory judgment action. The state court is clearly in a better position than this court (which does not have Griffin's tort claim before it) to evaluate Griffin's claim under Alabama law and to determine whether Griffin can prove facts sufficient to support that claim. Finally, it should be noted that Colony has an alternative remedy in the state court. As Griffin has argued, the case of *Universal Underwriters Insurance Co. v. East Central Alabama Ford Mercury, Inc.*, 574 So. 2d 716 (Ala. 1991) gives Colony the right to intervene in the Macon County action for the purpose of determining the issue of coverage. That court has authority to submit special interrogatories to the jury in order that it may determine what facts the jury might predicate any liability upon. Colony has, in fact, already filed a motion to intervene in that proceeding, and Griffin has responded by agreeing that Colony should be allowed to intervene. Given the current procedural posture of the state case, it is unnecessary for the federal court to take any further action in this matter at this time. This court should either decline to exercise its discretion to entertain this claim or, in the alternative, should stay the proceedings until the state court issues have been resolved.

### III.  CONCLUSION

For the foregoing reasons, Griffin urges the court, if it does not see fit to grant Griffin's

motion for summary judgment, to stay these proceedings pending the final outcome of the state court case.

/s/John I. Cottle, III
JOHN I. COTTLE III (COT004)
Attorney for Defendant Ronshabus Griffin

OF COUNSEL:
Becker & Poliakoff, P.A.
Attorneys at Law
348 Miracle Strip Parkway SW
Suite 7
Fort Walton Beach, FL 32548
Ph:  (850) 664-2229
Fax: (850) 664-7882
(Email) jcottle@becker-poliakoff.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July, _____, 2007, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Albert S. Agricola, Esq.
Jason J. Baird, Esq.
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

Albert C. Bulls III, Esq.
Attorney at Law
P. O. Box 1233
Tuskegee Institute, Alabama 36087

James R. Bowles, Esq.
Attorney at Law
P.O. Box 780397
Tallassee, AL 36078

/s/John I. Cottle III_____
Of Counsel