**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **COLONY INSURANCE COMPANY,**     ) | |
|        ) | |
|      **Plaintiff,**                ) | |
|        ) | |
| v.                                    ) | **Case No.: 3:06cv555-MEF** |
|        ) | |
| **RONSHABUS GRIFFIN; SOUL INN, INC.;** ) | |
| **and HPC ENTERTAINMENT GROUP,**    ) | |
| **INC.,**                               ) | |
|        ) | |
|      **Defendants.**             ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on November 1, 2007 wherein the following proceedings were held and actions taken:

     1.      PARTIES AND TRIAL COUNSEL:

Algert S. Agricola and Jason J. Baird for Colony Insurance Company

John Cottle and James R. Bowles for Ronshabus Griffin

Albert C. Bulls for HPC Entertainment Group, Inc.

         COUNSEL APPEARING AT PRETRIAL HEARING:

Algert S. Agricola and Jason J. Baird for Colony Insurance Company

John Cottle for Ronshabus Griffin

Albert C. Bulls for HPC Entertainment Group, Inc.

2. <u>JURISDICTION AND VENUE</u>:

The federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, confers jurisdiction. Diversity jurisdiction pursuant to 28 U.S.C. §1332 is satisfied, and the amount in controversy exceeds $75,000. Venue is appropriate in this Court as the underlying lawsuit arises from events in Macon County, Alabama.

3. <u>PLEADINGS</u>: The following pleadings and amendments were allowed:

   a. Colony's Complaint for Declaratory Relief (Doc. # 1).

   b. Ronshabus Griffin's Answer (Doc. # 11).

   c. HPC Entertainment Group's Answer (Doc. # 15).

   d. Ronshabus Griffin's Counterclaim (Doc. # 20-1).

   e. Colony's Answer to Ronshabus Griffin's Counterclaim (Doc. # 22).

4. <u>CONTENTIONS OF THE PARTIES</u>:

   (a) The plaintiff:

Colony Insurance Company ("Colony") contends that it issued commercial general liability ("CGL") policy no. MP3418338 ("the Colony policy") to "HPC Entertainment, Inc. d/b/a Soul Inn Social Club." The Colony policy also contained an Assault and Battery exclusion, form U0006 (7-02), which stated, in pertinent part:

**Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** Assault and Battery committed by any person;

**(2)** The failure to suppress or prevent assault and battery by any person;

**(3)** The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

**(4)** The negligent hiring, supervision, or training of any person;

**(5)** The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

On or about November 6, 2005 Ronshabus Griffin was injured when John Brown and Travis McCullough began firing weapons at the Soul Inn nightclub. Brown and McCullough were arrested and charged with, inter alia, first-degree assault. Griffin filed suit against the Soul Inn, Inc., on March 31, 2006. *Griffin v. Soul Inn, Inc.*, Macon County (Ala.) Circuit Court no. CV-06-77 ("the underlying lawsuit"). Griffin stated claims for: (1) Assault and Battery; (2) Negligence/Premises Liability; (3) Negligent and Wanton Acts of fictitious defendants D, E, F, H, I & J; (4) Negligence/Vicarious Liability; and (5) Negligent Hiring, Training, and Supervision. Colony is defending HPC Entertainment Group, Inc. under a reservation of rights in the underlying lawsuit.

Colony contends that each claim raised by Griffin in his complaint in the underlying lawsuit stems from Brown's and McCullough's assault and battery toward or against Griffin; and/or Soul Inn, Inc.'s alleged failure to suppress or prevent the assault and battery against Griffin; and/or Soul Inn, Inc's alleged failure to provide an environment safe from assault

3

and battery; and/or the Soul Inn, Inc.'s alleged breach of duty to properly hire, train and supervise its employees. Colony further contends that each claim raised by Griffin in the underlying lawsuit is excluded from coverage under the Colony policy.

Griffin has stated a Counterclaim against Colony for $5,000 medical payment benefits under Coverage C of the Colony policy. Colony contends that Griffin is not a third-party beneficiary to the insurance contract between Colony and HPC Entertainment Group Inc., as the parties did not intend to bestow a direct benefit upon Griffin at the time of contracting. Colony also contends that Exclusion (g) to the Coverage C's Medical Payments provision states that there is no medical payments for any persons "excluded under Coverage A," and because the Assault and Battery exclusion referenced above excludes Griffin from coverage under Coverage A of the Colony policy, Griffin is not entitled to medical benefits under Coverage C. Colony last contends that all or most of Griffin's medical bills were paid by Griffin's Blue Cross/Blue Shield health insurance, and as such Blue Cross/Blue Shield holds the subrogation rights as to the Colony medical benefits, and Griffin cannot state a claim thereto.

   (b) The defendants:

Defendant Ronshabus Griffin contends that he was injured by gunfire on the premises of the Soul Inn in Tuskegee, Alabama on or about the evening of November 6, 2005. The Soul Inn is a club owned and operated by HPC Entertainment, Inc. (HPC). Griffin has sued HPC for his injuries in the Circuit Court of Macon County. It is Griffin's position that the

Plaintiff is obligated to provide a defense and to indemnify HPC for the claims made in Griffin's state lawsuit under a general liability policy issued by Plaintiff to HPC. The subject insurance policy provides in Section I, Coverage A, Paragraph 1, that the Plaintiff will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' ... to which this insurance applies."

Section I, Coverage A, (1B) provides that the insurance applies to " 'bodily injury' ... caused by an 'occurrence' that takes place in 'coverage territory'." An "occurrence is defined as "an accident." The "coverage territory" means "The United States of America (including its territories and possessions), Puerto Rico and Canada." Therefore, the policy plainly covers HPC Entertainment Group for any negligent act which resulted in Griffin being shot by a third party.

The subject policy contains an assault and battery exclusion. Griffin concedes that this exclusion relieves Plaintiff of having to defend or indemnify HPC for the claims asserted in Counts I (Assault and Battery) and V (Negligent Hiring, Training and Supervision) of his state lawsuit. This exclusion does not, however, exempt coverage under Counts II (Negligence/Premises Liability), III (Negligent and Wanton Acts) or IV (Negligence/Vicarious Liability). Under Alabama law, an assault and battery requires an intent on the part of the assaulting party to offend or be rude. If the firearm which injured Griffin was discharged accidentally, negligently, or wantonly, and without an intent to offend or be rude, the discharge would not be an assault and battery and would not fall within the

5

exclusion. Likewise, if the party wielding the weapon fired it intentionally into the air in a reckless or celebratory fashion and Griffin was injured, such an act would not be an assault and battery under Alabama law and Griffin's claims against HPC would be covered by the policy. Under Alabama law, the burden lies with Plaintiff to prove that the exclusion applies. Griffin contends that Plaintiff cannot prove that Griffin's injury was the result of assault and battery.

Defendant Griffin has asserted a counterclaim against Plaintiff based on Coverage C (Medical Payments) under Section I of the policy. That provision provides that the Plaintiff will pay "medical expenses as described below for 'bodily injury' caused by an accident ... because of your operations." The policy provides that the exclusions which apply to Coverage A (Bodily Injury and Property Damage) also apply to Coverage C. The exclusions listed under Coverage A in the policy itself do not specifically mention an exclusion for assault and battery. The exclusion for assault and battery was added to the policy by endorsement. The assault and battery exclusion endorsement specifically says that the endorsement applies to Coverage A (Bodily Injury and Property Damage Liability) and Coverage B (Personal and Advertising Injury Liability). The endorsement specifically does not mention Coverage C (Medical Payments). Therefore, coverage for Griffin's medical payments is provided under Coverage C of the policy regardless of whether Griffin's injuries were caused by an assault and battery or a negligent, wanton, or reckless act. Griffin contends that his medical expenses far exceed the $5000 policy limits for Medical Payments

and that he is entitled to recover the sum of $5,000 from the Plaintiff in his Counterclaim.

Defendant HPC Entertainment Group, Inc.'s contentions are the same as Ronshabus Griffin, save for Griffin's contentions relating to his Counterclaim.

5.   STIPULATIONS BY AND BETWEEN THE PARTIES:

a.   The parties stipulate that the document attached to the complaint as "Exhibit 3" is a true, correct, and authentic copy of the general liability policy issued by the Plaintiff to Defendant HPC Entertainment Group, Inc. which was in full force and effect at the time of the injuries sustained by Griffin which are the subject of Griffin's state court case.

b.   The parties stipulate that the document attached to the complaint as "Exhibit 4" is a true and correct copy of the original complaint filed by Griffin in the Circuit Court of Macon County, Alabama making claims against HPC Entertainment Group, Inc. which are the subject of this action.

c.   The parties stipulate that HPC Entertainment Group, Inc. was incorrectly identified in the state court complaint as "Soul Inn, Inc." and that the parties to the state court case have stipulated to and corrected such misidentification.

d.   The parties stipulate that as a result of the injuries sustained by Griffin at the Soul Inn on or about November 6, 2005, Griffin incurred in excess of $5,000 for treatment of his bodily injuries.

e.   The parties stipulate that Ronshabus Griffin had Blue Cross/Blue Shield health insurance on or about November 6, 2005, and that Blue Cross/Blue Shield has paid

some of Griffin's medical bills for his injuries sustained at the Soul Inn nightclub.

It is ORDERED that:

(1)    The non-jury trial of this cause, which is to last one and one half days, is set for December 10, 2007, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

(2)    A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)    The plaintiff is required to file proposed findings of fact and conclusions of law by December 3, 2007. The defendants are required to file proposed findings of fact and conclusions of law by December 3, 2007. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to *propord_fuller@almd.uscourts.gov* in WordPerfect format by the dates specified above.

(4)    The parties in this case are required to file trial briefs by December 3, 2007.

(5)  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6)    All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #18) entered by the court on October 27, 2007;

(7)    All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 5th day of November, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE