IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:06-cv-555-MEF |
| | ) | (WO-Not Recommended for Publication) |
| RONSHABUS GRIFFIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Colony Insurance Company ("Colony") filed this action seeking a declaration that it is not contractually required to defend its insured, HPC Entertainment Group, Inc. ("HPC"), a social club operator, from a lawsuit filed by one of its patrons, Ronshabus Griffin ("Griffin") after the patron was shot while in the social club.[1]  Griffin, alleging that he was an intended third party beneficiary of the medical benefits coverage in the insurance contract between Colony and HPC, filed a counterclaim against Colony for breach of contract.  This cause is before the Court on four motions, including cross motions for summary judgment on both the claim and the counterclaim, a motion relating to the appropriateness of certain evidence before this Court, and a motion to stay this action pending the outcome of the underlying state court action that Griffin brought against HPC after being injury at the social

---

[1]  On March 31, 2006, Griffin filed a lawsuit in the Circuit Court for Macon County, Alabama against the Soul Inn, Inc. and a variety of fictitious defendants including those responsible for managing the Soul Inn, Inc. and those responsible for security on its premises. This suit is currently pending in the Circuit Court of Macon County, Alabama as CC-06-77. According to Griffin, HPC, which operates the Soul Inn was eventually substituted in as the defendant to that action.

club.  All motions are fully briefed, and the Court enters the following rulings thereon.

## JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332, based upon the parties' diversity of citizenship[2] and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The parties contest neither personal jurisdiction nor venue and the Court finds adequate grounds alleged to support both personal jurisdiction and venue.

## PROCEDURAL HISTORY

### A.  The Declaratory Judgment Action

On June 21, 2006, Colony commenced this declaratory judgment action against Griffin and HPC.[3]  (Doc. # 1).  In its Complaint, Colony requests that the Court, pursuant to the Federal Declaratory Judgment Act,  28 U.S.C.A. § 2201 *et seq.*, declare that it is not obligated by the insurance policy it issued to HPC to provide either a defense to or indemnification for claims brought in Griffin's state court lawsuit against HPC.  Colony alleges that while it did enter into a contract to provide insurance to HPC, the Assault and Battery Exclusion of the insurance policy between it and HPC precludes coverage.  Specifically, Colony contends that it is not contractually obligated to provide a defense to

---

[2]  Colony is a Virginia corporation with its principal place of business in Virginia. HPC is an Alabama corporation with its principal place of business in Alabama and Griffin is a resident of Alabama.  (Compl. at ¶¶ 1, 3, & 4).

[3]  Initially, Colony also named Soul Inn, Inc. as a defendant to this action, but Colony subsequently dismissed all claims against that entity.  *See* Doc. # 12 & Doc. # 14.

HPC in

Griffin's underlying action and that it is not contractually obligated to indemnify HPC should

Griffin obtain a judgment against HPC in the underlying action.

**B. Griffin's Counterclaim**

On November 20, 2006, Griffin filed a Counterclaim against Colony. In his

Counterclaim, Griffin alleges that he is a third party beneficiary to the contract of insurance

between Colony and HPC and that Colony has breached its obligation to pay certain benefits

to him under Coverage C of the policy, which provides for the payment of medical expenses

in certain circumstances.

**C. The Motions Pending**

On April 25, 2007, Griffin filed the Motion of Defendant Ronshabus Griffin for

Summary Judgment (Doc. # 26). By this motion, Griffin seeks summary judgment on

Colony's claims against him and HPC,[4] and he also seeks summary judgment in his favor on

his Counterclaim against Colony. Colony has opposed this motion on both grounds.

On May 1, 2007, Colony filed Colony Insurance Company's Motion for Summary

Judgment (Doc. # 31). By this motion, Colony seeks summary judgment in its favor arguing

that under the insurance policy it does not have a duty to defend or to indemnify HPC.

Additionally, Colony seeks summary judgment on the breach of contract claim asserted by

---

[4] It is not clear to the Court what authority, if any, Griffin has to ask for summary judgment on behalf of his co-defendant, HPC. HPC is represented by separate counsel. HPC has not filed a dispositive motion, nor has it joined in the motion of any other party.

Griffin in the Counterclaim.  Griffin has opposed Colony's motion, but HPC has not filed anything in opposition to Colony's motion.

Also pending before the Court are two additional motions filed on Griffin's behalf: the Motion of Defendant Griffin to Stay Proceedings Pending Outcome of State Action (Doc. # 44) filed on June 19, 2007 and the Revised Motion to Strike Submissions (Doc. # 36). Colony has opposed both motions.

## MOTION TO STAY LITIGATION

In his motion to stay (Doc. # 44), Griffin argues that all proceedings in this case should be stayed pending the outcome of Griffin's suit in the Circuit Court of Macon County, Alabama.  In the alternative, Griffin asks this Court to decline to exercise its discretion to entertain Colony's claim relating to its duty to indemnify HPC until after the underlying suit is resolved.  Griffin argues that judicial economy would be served by allowing the coverage issues to be resolved in the underlying state court action in which Colony could intervene for the purpose of propounding special interrogatories to the jury.  Griffin further contends that Colony's duty to indemnify HPC cannot be assessed at this point in the proceedings because his underlying state court action against HPC has not been tried.  Because the resolution of the underlying state court case could make Colony's declaratory judgment action moot or result in a clarification of the issues determinative of the duty to defend, Griffin asks for a stay of this case.  Colony opposes this motion.  It contends that it is entitled to a ruling, at a minimum on its duty to defend.  It also asks this Court to decide the duty to indemnify now

without waiting for the underlying action to be completed.

While the existence of a duty to defend may be established by the allegations made in the underlying state court complaint, the insurer's duty to indemnify cannot be determined at a preliminary stage in the proceedings. "[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995). *Accord, State Farm Fire & Cas. Co. v. Middleton*, 65 F. Supp. 2d 1240, 1248 (M.D. Ala. 1999); *State Auto Property & Cas. Ins. Co. v. Calhoun*, No. 2:05-cv-122-F, 2005 WL 2406055, at *6-*7 (M.D. Ala. Sept. 29, 2005); *Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349-50 (M.D. Ala. 1997); *Auto-Owners Ins. Co. v. Toole,* 947 F. Supp. 1557, 1565-66 (M.D. Ala. 1996); *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996). This is because the plaintiff in the underlying suit may still change the theory of liability and assert a claim that is covered by the policy at issue. *Ladner & Co. v. Southern Guar. Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977).

As this lawsuit has been brought in federal court under the Declaratory Judgment Act,[5]

_____

[5]  The Declaratory Judgment Act provides:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

the issue of ripeness must be decided in view of the Constitution's restriction of the exercise

of federal judicial power to "cases" and "controversies."  U.S. Const. art. III § 2.  The

Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has

regard to the constitutional provision."  *Auto-Owners Ins. Co.,* 947 F. Supp. at 1565 (citing

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  "[T]he question in each case

is whether the facts alleged, under all the circumstances, show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment."  *Id*. at 1566 (citing *Maryland Cas.*

*Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Additionally, the Declaratory Judgment Act states that a court "*may* declare the rights

and other legal relations of any interested party seeking this declaration."  28 U.S.C. § 2201

(emphasis added).  The Supreme Court has characterized the Declaratory Judgment Act as

conferring "a discretion on the courts rather than an absolute right upon the litigant."  *Wilton*

*v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

> There is . . . nothing automatic or obligatory about the assumption of
> "jurisdiction" by a federal court to hear a declaratory judgment action. . . . In
> the declaratory judgment context, the normal principle that federal courts
> should adjudicate claims within their jurisdiction yields to considerations of

---

interested party seeking such declaration, whether or not further relief is or
could be sought. Any such declaration shall have the force and effect of a final
judgment or decree and shall be reviewable as such.
(b) For limitations on actions brought with respect to drug patents see section
505 or 512 of the Federal Food, Drug, and Cosmetic Act.

28 U.S.C. § 2201.

practicality and wise judicial administration.

*Wilton*, 515 U.S. at 288 (quoting E. Borchard, Declaratory Judgments 313 (2d ed. 1941)). District courts are vested with such broad discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id*. at 289.

Here, if HPC were to prevail in the underlying state court action, the issue of whether Colony must indemnify HPC would be moot, thus the Court would never have to reach the issue. Moreover, the claims are not ripe because until Griffin's claims against HPC are resolved, it cannot be known on what grounds HPC was found to be liable to Griffin, and this impairs this Court's ability to determine whether Colony's duty to indemnify HPC under the policy has been triggered. Therefore, the Court holds that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy." Even if it were ripe, the Court would still, in its discretion, decline to provide declaratory relief at this time. Accordingly, the Court finds that the motion to stay is due to be GRANTED in part and DENIED in part. It is due to be GRANTED only to the extent that it argues that this Court should decline to exercise its discretion to entertain, at this time, Colony's declaratory judgment action to the extent that it seeks a declaration as to its duty to indemnify HPC.

## REVISED MOTION TO STRIKE SUBMISSIONS

As part of the evidentiary submissions in support of its motion for summary judgment, Colony has presented a certified copy of certain police records relating to the investigation

into the shooting at the Soul Inn in early November of 2005. *See* Ex. 4 to Doc. #31. Contained in these police records is a copy of Jessie Farrell's handwritten statement provided to police in an interview on November 7, 2005 (Ex. 4 to Doc. # 31 at pp. 11 & 12 & Ex. 9 to Doc. # 31). Also contained in the police records is a copy of an interview sheet signed by Johni Whitfield ("Whitfield") on November 7, 2005 (Ex. 4 to Doc. # 31 at p. 16 & Ex. 11 to Doc. # 31). The statements from Jessie Farrell ("Farrell") and from Whitfield are neither sworn, nor do they indicate that the statements are made under penalty of perjury. In these statements, Farrell and Whitfield describe what they witnessed at the Soul Inn on the night of November 5, 2005 or the early morning hours of November 6, 2005. Griffin has filed a motion to strike (Doc. # 36) the statements of Farrell and Whitfield from this Court's consideration in the course of deciding the motions for summary judgment. For the reasons set forth below, the Court finds that the Revised Motion to Strike Submissions (Doc. # 36) is due to be GRANTED.

As a claimant moving for summary judgment, Colony is required by the plain language of Federal Rule of Civil Procedure 56(a) & (e) to base that motion on proper evidentiary materials. Griffin contends that the statements of Farrell and Whitfield, which are not proper summary judgment affidavits, cannot be considered on the pending motions for summary judgment because they contain inadmissible hearsay. In *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999), the Eleventh Circuit reaffirmed the "general rule [ ] that inadmissible hearsay cannot be considered on a motion for summary judgment." *Id.* at 1322

(quotation and citation omitted). However, a district court may "consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1323 (quotations and citations omitted). In *Macuba*, the court rejected the offered testimony because it was (1) hearsay, (2) could not be admitted at trial under a hearsay exception, and (3) might possibly be used for impeachment at trial, but certainly could not be used as substantive evidence. *Id.* at 1325; *see also Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 783 (11th Cir. 2004).

The Court finds that both the police records or file on this incident and the witness statements of Ferrell and Whitfield constitute hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. These documents, which cannot be considered anything other than out of court statements, are being offered for the truth of the matters asserted in them. Specifically, Colony would have this Court rely on the statements of Ferrell and Whitfield to determine how Griffin was shot at the Soul Inn because this determination could affect the Court's conclusions as to the merits of the dispositive motions. Hearsay, such as the statements of Ferrell and Whitfield, is generally not admissible unless is falls under an exception to the hearsay rule. Fed. R. Evid. 802. Federal Rule of Evidence 805 states "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the

hearsay rule provided in these rules." *Id.* Put another way, the admissibility of the statements of Ferrell and Whitfield constitute a second layer of hearsay. Consequently, even if the police records themselves are admissible pursuant to an exception to the hearsay rule, the statements of Ferrell and Whitfield may only be considered admissible if they too are within an exception to that exclusionary rule.

Colony contends that the statements of Ferrell and Whitfield are admissible under the exception to the exclusion of hearsay set forth in Federal Rule of Evidence 803(8)(C). That rule provides that certain public records and reports is not excluded by the hearsay rule. Specifically, it states that:

> Records, reports, statements, or date compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, *factual findings resulting form an investigation* made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8)(C) (emphasis added). Where, as here, a plaintiff is not introducing the factual findings from an official investigation, but rather the evidence gathered by the investigating body on which to base its findings, the hearsay exception set forth in Rule 803(8)(C) does not apply. *See Bozeman v. Orum*, 199 F. Supp. 2d 1216, 1222-23 (M.D. Ala. 2002) (Thompson, J.). This is true even when the records of the investigation are submitted to the Court with a certificate from the investigative agency as to the authenticity of its investigative file or records. *Id.* Neither the plain language of Rule 803(8)(C), nor the cases which Colony cites establish that the statements of Ferrell and Whitfield are admissible

pursuant to that exception to the hearsay rule.

Having determined that the challenged evidence is not admissible under Federal Rule of Evidence 803(8)(C), the Court will address Colony's alternative bases for the admissibility of the statements.   First, Colony contends that the statements of Ferrell and Whitfield are admissible under Federal Rule of Evidence 803(1) as a present sense impression.  A present sense impression is a "statement describing or explaining an event or condition made *while* the declarant was perceiving the event or condition, or *immediately* thereafter." Fed. R. Evid. 803(1) (emphasis added).  The Court cannot find that the witness statements of Ferrell and Whitfield, which were made nearly two days after the incident that they describe fit within the limits established by Rule 803(1).  *See., e.g., Rock v. Huffco Gas & Oil Co., Inc.,* 922 F.2d 272, 280 (5th Cir. 1991) (holding that accident reports made two days after accident did not fit within the limits established by Rule 803(1)); *United States v. Lentz,* 282 F. Supp. 2d 399, 411 (E.D. Va. 2002) (a gap of several hours or days between event and description of event in a statement rendered statement inadmissible as a present sense impression under Rule 803(1)).  Second, Colony argues that the statements of Ferrell and Whitfield constitute records of regularly conducted activity and are admissible therefore under Federal Rule of Evidence 803(6).  Once again, the Court cannot agree.  The Court simply cannot find that the requirements for that exception to the rule excluding hearsay are met in this case.

While Colony attempts to make some other arguments in connection to the motion to strike, the Court finds none of them persuasive.   In the circumstances of this case, the Court

is compelled to find that the unsworn statements of Ferrell and Whitfield contained in the police records are simply not appropriate evidence for this Court to consider in conjunction with either of the pending motions for summary judgment. While Colony could have contacted Ferrell and Whitfield to obtain an affidavit or a declaration or subpoenaed them for deposition, it did not do so. Thus, their version of the events at the Soul Inn is not before this Court as it considers the motions for summary judgment.

## MOTIONS FOR SUMMARY JUDGMENT

### A. FACTS

When considering a motion for summary judgment, the Court carefully considers all deposition excerpts, discovery responses, and properly authenticated documents submitted in support of and in opposition to the motion. In viewing the submissions of the parties, the Court must consider the evidence in the light most favorable to the non-moving party. Because there are cross-motions for summary judgment in this case, the Court will have to consider the facts and reasonable inferences to be drawn from the facts in the light most favorable to the non-moving party as the Court considers each of the motions.

### 1. Events Giving Rise to Griffin's Suit Against HPC

HPC operates a club known as the Soul Inn in Macon County, Alabama. In the early hours of the morning of November 6, 2005, Griffin was shot while at the Soul Inn. Griffin did not see the firearm being discharged, nor did he see who discharged the firearm. Griffin admits he does not know why the firearm was discharged. His undisputed testimony is that

he was not involved in any altercation with any person at the Soul Inn on that evening. After he was shot, Griffin went to the emergency room for medical treatment. He required a significant amount of in-patient medical care. Consequently, his medical expenses exceeded $62,000.

After the shooting, the owner of HPC saw several bullet holes in the ceiling of the club.[6] The police investigated the shooting at the Soul Inn. On August 25, 2006, a Grand Jury for the State of Alabama, Macon County, returned indictments against John Brown ("Brown") and Travis McCullough ("McCullough") for Reckless Endangerment (Section 13A-6-24 of the Code of Alabama) and Assault First Degree (Section 13A-6-20 of the Code of Alabama). It is not clear from the evidentiary record provided to the Court whether the charges against Brown and McCullough have been adjudicated.

On March 31, 2006, Griffin filed a lawsuit in the Circuit Court for Macon County, Alabama against the Soul Inn, Inc. and a variety of fictitious defendants including those responsible for managing the Soul Inn and those responsible for security on its premises. Griffin has represented to this Court that he has subsequently substituted HPC as the proper

---

[6] Griffin submitted the affidavit of HPC's owner to the Court in support of his motion for summary judgment. It is undisputed that although he was nearby, HPC's owner was not in the club at the time the shots were fired. The affidavit of HPC's owner contains a description of certain statements made to HPC's owner by an unknown person about actions allegedly taken by the man who discharged the firearm in the Soul Inn. Because the statements to HPC's owner and recounted in his affidavit constitute inadmissible hearsay to the extent that they are offered to establish how the shooting happened, the Court cannot and will not consider the unsworn statements of the unknown person as it decides the motions for summary judgment. *See generally*, *Macuba*, 193 F.3d 1316.

named defendant in his state court action. In his state court action, Griffin alleges that he was struck by a bullet when a firearm was discharged inside the Soul Inn on November 6, 2005. At the time of the shooting, Griffin was a business invitee. Count I of Griffin's Complaint is brought against the fictitious defendants who fired the shots that hit Griffin; it seeks damages for assault and battery. Count II is brought against the Soul Inn, Inc. for negligently or wantonly allowing the person or persons who fired the shots that hit Griffin to enter the premises with a loaded firearm and to discharge it inside the Soul Inn. Count III is brought against the fictitious defendants described in the Complaint as being responsible for managing the property or providing security to the nightclub for negligently or wantonly allowing the person or persons who fired the shots that hit Griffin to enter the premises with a loaded firearm and to discharge it inside the Soul Inn. Count IV seeks to hold the Soul Inn, Inc. vicariously liable for the acts of those who managed or secured the Soul Inn and who negligently or wantonly allowed the person or persons who fired the shots that hit Griffin to enter the premises with a loaded firearm and to discharge it inside the Soul Inn. Count V is a claim for negligent hiring, training, and supervision of the employees who negligently or wantonly allowing the person or persons who fired the shots that hit Griffin to enter the premises with a loaded firearm and to discharge it inside the Soul Inn.

## 2. HPC'S INSURANCE POLICY

It is undisputed that Colony issued a commercial general liability insurance policy to HPC on October 13, 2005. This policy, number MP3418338, covered October 13, 2005 to

October 13, 2006.  The policy provides certain types of insurance coverage to HPC which the policy acknowledges does business as the "Soul Inn Social Club."

The commercial general liability coverage form used for this policy contains three types of coverages: Coverage A provides coverage for bodily injury and property damage liability; Coverage B provides coverage for personal and advertising injury liability; and Coverage C provides coverage for medical payments.  (Doc. # 31 at Ex. 1).

The Coverage A of the commercial general liability coverage provides that Colony will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  *Id*.  In addition to this duty to indemnify, the commercial general liability coverage also sets forth Colony's duty to defend HPC.  The policy states in pertinent part:

> We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Doc. # 31 at Ex. 1).  These general contractual duties are limited various terms in the policy not relevant to the issues presented in this action.  This suit turns on the interpretation of an exclusion to the coverage contained in an endorsement to the policy which, by its plain terms, adds an Assault and Battery exclusion to the listed exclusions from coverage under Coverage A - the bodily injury and property damage liability coverage.  The Assault and Battery Exclusion states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION 1 - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and SECTION 1 - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions is amended and the following added:**

**Assault and Battery**

This insurance does not apply to damage or expenses due to "bodily injury",

"property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** Assault and Battery committed by any person;

**(2)** The failure to suppress or prevent assault and battery by any person;

**(3)** The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

**(4)** The negligent hiring, supervision, or training of any person;

**(5)** The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Doc. # 31 at Ex. 2.

The Coverage C of the commercial general liability coverage provides that Colony

will:

pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)**  On premises [the insured] own[s] or rent[s];

**(2)** On ways next to premises [the insured] own[s] or rent[s]; or

**(3)** Because of [the insured's] operations; provided that:

**(1)** The accident takes place in the "coverage territory" and during the policy period;

**(2)** The expenses are incurred and reported to [Colony] within one year of the date of the accident; and

**(3)** The injured person submits to examination at [Colony's] expense, by physicians of [Colony's] choice as often as [Colony] reasonably require[s].

(Doc. # 31 at Ex. 1).  The coverage for medical payments set forth in Coverage C is subject to certain exclusions set forth in the policy.  Most of these exclusions are not relevant to the issues before this Court.  The pertinent exclusionary language for purposes of this suit is the language that states that Colony " will not pay expenses for 'bodily injury' ... **g. Coverage A Exclusions** Excluded under Coverage **A.**"  (Doc. # 31 at Ex. 1).

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue of fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.   An issue is material if it might affect the outcome of the case under the governing law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

17

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## DISCUSSION OF SUMMARY JUDGMENT MOTIONS

**A.    MOTIONS ON COLONY'S CLAIM FOR DECLARATORY RELIEF ON ITS DUTY TO DEFEND HPC**

Colony seeks summary judgment on its claim relating to its duty to defend HPC against Griffin's state court against HPC.  Interestingly, HPC has failed to file any opposition to Colony's summary judgment motion on this claim.[7]  Griffin has opposed this motion.  The issue before this Court is whether the insurance policy between HPC and Colony requires Colony to defend HPC against Griffin's state court action or whether Colony has no duty to defend because Griffin's claims are all claims to which the insurance does not apply because of the Assault and Battery Exclusion.

In general, under Alabama law,[8] the insured bears the burden of establishing coverage by showing that his or her claim falls within the policy, *see Colonial Life & Accident Ins. Co. v. Collins*, 194 So. 2d 532, 535 (Ala. 1967), while the insurer bears the burden of proving the applicability of any policy exclusion.  *See U.S. Fidelity & Guar. Co, v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985).  If a policy is ambiguous, it must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in

---

[7] Of course, the failure of a party to file a brief in opposition to a motion for summary judgment does not mean that the Court may automatically grant the motion.  The Court must still conduct an inquiry to whether the movant has made a showing entitling it to the relief it seeks.

[8] Because the court has jurisdiction in this case based on diversity of citizenship, the court must apply the substantive law of the forum state–in this instance, Alabama.  *See Gasperini v. Center of Humanities, Inc.*, 518 U.S. 415, 427 (1996).

order to provide maximum coverage to the insured. *Altiere v. Blue Cross & Blue Shield*, 551 So. 2d 290, 292 (Ala. 1989). The language in an exclusionary provision in a policy of insurance should be given the same meaning "that a person of ordinary intelligence would reasonably give it." *Western World Ins. Co. v. City of Tuscumbia,* 612 So. 2d 1159, 1161 (Ala. 1992). However, if the policy is not ambiguous, the insurance contract must be enforced as written; courts should not defeat express provisions of the contract, including exclusions from coverage, by making a new contract for the parties. *Id.*

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured." *Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala.1993); *Ladner & Co., Inc. v. Southern Guar. Ins. Co.*, 347 So. 2d 100, 102 (Ala.1977). "If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured." *Chandler v. Alabama Mun. Ins. Co.*, 585 So. 2d 1365, 1367 (Ala.1991) (internal citations omitted). Where the allegations of the complaint show no injury alleged is within the coverage of the policy or where the allegations are ambiguous, "the court is not limited to the bare allegations of the complaint . . but may also look to facts which may be proved by admissible evidence." *Id.*

The Court now turns to whether given the allegations of Griffin's state court action against HPC and the language contained in the Assault and Battery exclusion, Colony owes

HPC a duty to defend HPC against Griffin's claims.   As an initial matter, the Court notes that Griffin has conceded that "there is no coverage for Counts I and V."  *See* Doc. # 27 at p. 7.  In light of this concession, the Court assumes that Griffin does not dispute that Colony does not owe HPC a duty to defend it against Counts I and V of the underlying action.  As previously stated, HPC has failed to make any response to Colony's motion for summary judgment.   While the Court must nevertheless examine whether Colony has established that it is entitled to the relief it seeks as a matter of law on its claims against HPC, it is clear that HPC has failed to establish any genuine issue of material fact.

Colony owes no duty to HPC to defendant it against Count I of Griffin's underlying action against HPC because it is clearly predicated on events to which the Assault and Battery exclusion applies.  Count I of the underlying action is labeled as a count seeking damages for "Assault and Battery."  (Doc. # 31 at Ex. 3).  The allegations of Count I are as follows:

> 6. On or about November 6, 2005, Plaintiff Ronshabus Griffin was an invitee at the Defendant Soul Inn, Inc.'s premises in Macon County, Alabama.
>
> 7. In order to enter Defendant Soul Inn, Inc.'s premises Plaintiff Ronshabus Griffin was "patted down" by Defendants D, E & F, who were responsible for and were hired to maintain security on Defendant Soul Inn, Inc.'s premises.
>
> 8. On the aforesaid evening, Defendants A, B & C *wrongfully, intentionally, and with a wanton disregard* for the rights of the public, discharged a firearm into a crowd of people that included Plaintiff Ronshabus Griffin, who was at that time on and inside the premises owned by the Defendant Soul Inn, Inc.
>
> 9. The bullet fired from Defendants A, B & C's gun struck the Plaintiff Ronshabus Griffin's intestines and eventually lodged in the Plaintiff's lung, causing serious injuries and damages described hereinbelow.

21

(Doc. # 31 at Ex. 3). No argument is made that the allegations of Griffin's underlying lawsuit are somehow outside the coverage of the policy. Griffin seeks to hold HPC liable for bodily injury sustained at the insured business during the period of time when the insurance policy was in effect. The only issue in this case is whether the assault and battery exclusion takes Griffin's claims outside of the realm of claims for which Colony must provide a defense to HPC. The burden of proving the applicability of any policy exclusion is Colony's. With respect to Count I of Griffin's state court action against HPC, it is not difficult for this Court to find that Colony has met that burden. Griffin's claim for assault and battery seeks damages for bodily injury allegedly sustained when Griffin was *struck by a bullet* as a result of the wrongful, intention *and* wanton discharge of a firearm into a "crowd of people that included" Griffin. (Doc. # 31 at Ex. 3) (emphasis added). In this Court's view, a person of ordinary intelligence would reasonably and necessarily read the Assault and Battery exclusion to apply to the bodily injury alleged in Count I of Griffin's underlying action. The injury Griffin alleges in Count I of his underlying action arises out of or results from an assault and battery committed by Defendants A, B & C who are alleged by Griffin to have *wrongfully, intentionally, and with a wanton disregard* for the rights of the public, discharged a firearm into a crowd of people and caused him to be struck by a bullet. Because this Court is satisfied that there is no genuine issue as to any fact material to the Colony's claim relating to the duty to defend HPC against Count I of the underlying action and that Colony has shown that is entitled to judgment as a matter of law on this claim,

the Court will grant Colony's motion for summary judgment to the extent that it seeks a declaration that it has no duty to defend HPC against the claims set forth in Count I of Griffin's lawsuit against HPC.

The Court further finds that Colony owes no duty to HPC to defendant it against Counts II, III, IV, and V of Griffin's underlying action against HPC because the allegations of those counts are also clearly predicated on events to which the clear and unambiguous language of the Assault and Battery excludes from coverage.[9]  Counts II, III, IV, and V each allege that Griffin's injury was sustained when Griffin was *struck by a bullet* as a result of the wrongful, intentional *and* wanton discharge of a firearm into a "crowd of people that included" Griffin.  (Doc. # 31 at Ex. 3 at ¶¶ 10, 15, 19, & 22).[10]

---

[9]  Griffin and Colony both have submitted lengthy and complex arguments about whether the actual events out of which Griffin's lawsuit against HPC arises constitute assault and battery.  For purposes of determining the duty to defend, the Court finds that the question before it is to be determined by reference to the unambiguous allegations of Griffin's state court action against HPC and the language of the policy exclusion.  The Court finds that the allegations of the Complaint are clear and unambiguous.  Furthermore, to the extent that Griffin argues that the exclusion is not applicable because Griffin was not injured by an assault and battery but could have been injured by an accidental or celebratory discharge of a firearm in the club, Griffin's arguments are both completely incompatible with the allegations of his own lawsuit and unsupported by any admissible evidence.  The mere fact that some bullets pierced the ceiling of the social club does not, even when considered in the light most favorable to Griffin, constitute evidence from which a reasonable jury could find that the discharge of the weapon was celebratory or accidental.  Griffin simply has offered no evidence from which a reasonable jury could find that the discharge of the weapon was celebratory or accidental.

[10]  Counts II of the underlying action seeks damages for negligence/premises liability against HPC for negligently or wantonly allowing the persons who shot Griffin to enter the Soul Inn with a loaded firearm and to discharge the firearm into the crowd of patrons.  (Doc. # 31 at Ex. 3).  Count II specifically reavers and incorporates by reference the allegations of

In this Court's view, a person of ordinary intelligence would reasonably and necessarily read the Assault and Battery exclusion to apply to the bodily injury alleged in Counts II, III, IV, and V of Griffin's underlying action. The injury Griffin alleges in each of those Counts of his underlying action arises out of or results from an assault and battery committed by Defendants A, B & C who are alleged by Griffin to have *wrongfully, intentionally, and with a wanton disregard* for the rights of the public, discharged a firearm into a crowd of people and caused him to be struck by a bullet. The Court further finds that with respect to the claims in Counts II, III, IV, and V the policy of insurance between Colony

---

paragraphs 1-9 of Griffin's Complaint including paragraphs 6, 7, 8, and 9. (Doc. # 31 at Ex. 3 at ¶ 10). Count III of the underlying action seeks damages for Negligent and Wanton Acts of Defendants D, E, F, H, & J who maintained security at the Soul Inn or managed it with negligence or wantonness that allowed the persons who shot Griffin to enter the Soul Inn with a loaded fire arm and to discharge the firearm into the crowd of patrons. (Doc. # 31 at Ex. 3). Count III specifically reavers and incorporates by reference the allegations of paragraphs 1-14 of Griffin's Complaint including paragraphs 6, 7, 8, and 9. (Doc. # 31 at Ex. 3 at ¶ 10). Count IV of the underlying action seeks damages from HPC for negligence/vicarious liability for the way its agents maintained security or managed the Soul Inn because the negligence or wantonness of these agents allowed the persons who shot Griffin to enter the Soul Inn with a loaded fire arm and to discharge the firearm into the crowd of patrons. (Doc. # 31 at Ex. 3). Count IV specifically reavers and incorporates by reference the allegations of paragraphs 1-18 of Griffin's Complaint including paragraphs 6, 7, 8, and 9. (Doc. # 31 at Ex. 3 at ¶ 10). Finally, in Count V of the underlying Complaint, Griffin seeks to recover from HPC for its negligent hiring, training, and supervision of Defendants D, E, F, H, I & J which negligence allegedly allowed the persons who shot Griffin to enter the Soul Inn with a loaded fire arm and to discharge the firearm into the crowd of patrons. (Doc. # 31 at Ex. 3). Count V specifically reavers and incorporates by reference the allegations of paragraphs 1-21 of Griffin's Complaint including paragraphs 6, 7, 8, and 9. (Doc. # 31 at Ex. 3 at ¶ 10). Thus, each and every Count in the underlying Complaint includes the allegations of paragraphs 6, 7, 8, and 9 in which Griffin alleges he was harmed by the wrongful and intentional discharge of a firearm into a crowd which resulted in his being hit by a bullet.

and HPC unambiguously provides no duty to defend because these claims allege the failure to suppress or prevent assault and battery, the failure to provide an environment safe from assault and battery, or the negligent hiring, training, or supervision and all such claims are explicitly excluded from coverage by the unambiguous language of the Assault and Battery Exclusion. (Doc. # 31 at Ex. 2). Because this Court is satisfied that there is no genuine issue as to any fact material to the Colony's claim relating to the duty to defend HPC against Counts II, III, IV, and V of the underlying action and that Colony has shown that is entitled to judgment as a matter of law on these claims, the Court will grant Colony's motion for summary judgment to the extent that it seeks a declaration that it has no duty to defend HPC against the claims set forth in Count II, III, IV, and V of Griffin's lawsuit against HPC.

Additionally, to the extent that Griffin seeks summary judgment on Colony's claims that it owes no duty to defend HPC against Griffin's claims in the underlying action, that motion is due to be DENIED. Colony has shown that there is no genuine issues as to any material fact and that it is entitled to judgment as a matter of law on the duty to defend claims. Griffin has not done so.

Having decided all issues relating to Colony's requests for declaratory relief with respect to Colony's duty to defendant HPC, the Court reiterates that it will not decide the remaining issues raised by Colony's Complaint. Because the Court finds that the claims relating to Colony's duty to indemnify HPC for any liability it might incur as a result of Griffin's underlying action are not ripe and because the Court declines to address those

claims prior to the resolution of the underlying action, all motions for summary judgment on the claims relating to the duty to indemnify are due to be DENIED.

## B. CROSS MOTIONS FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM

As previously stated, Griffin has filed a breach of contract claim against Colony. For purposes of this counterclaim, Griffin is the plaintiff and as such he bears the burden of proving his breach of contract claim at trial which would include proving that he was an intended third-party beneficiary of the contract between HPC and Colony and that he is entitled to the payments under the terms of Coverage C in the policy.[11] For purposes of deciding this motion, the Court will assume *arguendo* that Griffin is a third-party beneficiary entitled to sue on the contractual provision set forth in Coverage C of the policy. Griffin has sought summary judgment as to this claim. Colony also seeks summary judgment on this claim because Colony contends that Griffin has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See* 477 U.S. at 322-23. To the extent that Griffin's Counterclaim is one for breach of contract he bears the burden of establishing, *inter alia*, that Colony breached the insurance contract by failing to perform a contractual obligation. To do so, Griffin argues that he is entitled to medical payments under Coverage C and Colony has failed to pay those benefits. Colony argues that it did not breach the contract because the language of the contract explicitly excludes performance of

---

[11] It is very plain that the Counterclaim only seeks payments under the policy of the benefits provided in Coverage C.

its obligations in the circumstances of this case.  Specifically, Colony points to the fact that Coverage C of the policy provides that the medical payments need not be made when any of the Coverage A exclusions apply.  The Coverage A exclusions specifically include the Assault and Battery Exclusion.[12]  The Court agrees that the policy unambiguously provides that the Assault and Battery Exclusion is applicable to Coverage C.  For this reason, in order to establish a breach of contract, it falls to Griffin to prove that the contract was breached because his bodily injury did not arise out of or result from an assault and battery.  Griffin has presented no evidence whatsoever from which a reasonable jury could find that his bodily injury arose out of or resulted from something other than an assault and battery.  Griffin knows that he was shot while in the Soul Inn, but it is undisputed that he did not see the people who shot him.  He cannot and has not testified that the actions of the shooters were either accidental or celebratory.  He has presented no other admissible evidence that would establish that the shooting arose out of something that was not an assault and battery.  Griffin has failed to establish on the basis of undisputed evidence that he is entitled to judgment as a matter of law.   His motion for summary judgment on his Counterclaim is due to be DENIED.   On the other hand, Colony has provided a satisfactory legal basis on which this Court can and should grant it summary judgment on Griffin's Counterclaim.   Colony's

---

[12]   The Schedule or Forms and Endorsements in the policy makes it plain that the Assault and Battery Exclusion is part of this policy.  (Doc. # 31 at Ex. 2).  Furthermore, the Assault and Battery Exclusion itself specifically states that the exclusions section under Coverage A is amended and the specific Assault and Battery exclusions enumerated at added to the Coverage A exclusions.  (Doc. # 31 at Ex. 2).  Thus, the policy unambiguously provides that the Assault and Battery Exclusion is one of the Coverage A Exclusions.

motion for summary judgment on the Counterclaim is due to be GRANTED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  The Motion of Defendant Griffin to Stay Proceedings Pending Outcome of State Action (Doc. # 44) is GRANTED in PART and DENIED in PART.  The motion is GRANTED only to the extent that it asks this Court to decline to exercise its discretion to entertain Colony's claim for declaratory relief relating to the its duty to indemnify HPC. Because this claim is not ripe for resolution at this time, the Court will deny all pending motions for summary judgment to the extent that they address that claim, with leave to later file motions on those issues after the resolution of the underlying action.  The portion of this case addressing Colony's duty to indemnify HPC is STAYED until further order of this Court.

2.  The Revised Motion to Strike Submissions (Doc. # 36) is GRANTED and this Court will not consider the following items of evidence in resolving the motions for summary judgment: Exhibit 4 at pp. 11, 12, and 16; Exhibit 9; and Exhibit 11.[13]

3.  The Motion of Defendant Ronshabus Griffin for Summary Judgment (Doc. # 26) is DENIED both as to the breach of contract claim in Griffin's Counterclaim and as to Colony's claims in the Complaint.

_____

[13]  Each of these exhibits are found in the record at Doc. # 31.

4.   Colony Insurance Company's Motion for Summary Judgment (Doc. # 31) is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent that it seeks summary judgment on Griffin's Counterclaim.  The motion is GRANTED to the extent that it seeks summary judgment on Colony's claims relating to the duty to defend.  An appropriate partial judgment on the duty to defend claim will be entered.  Colony's motion for summary judgment on its claims is DENIED in all other respects.

5.   Having found it appropriate to stay proceedings on some of the claims before this Court pending resolution of the underlying state court action, it is hereby ORDERED that the December 10, 2007 trial is CONTINUED GENERALLY until further order of this Court.

6.   The parties are hereby ORDERED to file a jointly prepared report on the status of the underlying case by Griffin against HPC.  The first such report shall be filed on **December 4, 2007**, and the parties shall thereafter file a jointly prepared report **on the first Tuesday of every month** until such time as the underlying action is resolved or this matter is settled. **The jointly prepared report shall indicate the current status of the underlying action *and* the expected date that action will be concluded or otherwise resolved.**

DONE this the 26th day of November, 2007.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE